UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS CO. )<br>and IBM CORP., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-11318-NMG |

### AFFIDAVIT MATHEW "SONU" ABRAHAM

I, Mathew "Sonu" Abraham, hereby depose and state as follows:

1.    I am currently the president of EchoMail. I have worked for EchoMail for approximately eight years. As president I am responsible for running many of the day-to-day operations of EchoMail, including customer service with respect to EchoMail's major customers such as AmEx. I have personal knowledge of the facts set forth in this affidavit.

2.    I was asked to review the defendants' submissions to the Court, including the Declarations of Reena Panikar and Greg Daniel. In her affidavit, Panikar states that she never stated that she was running the RFP process. I was on the telephone call referred to by Ms. Panikar in paragraph 3 of her declaration. Panikar did state that she was running the RFP process. In fact, Panikar stated that she "had every right to run the RFP." We were surprised that she stated this because she earlier denied any involvement in the RFP process. She finally admitted her involvement only after I confronted her with Daniel's statement that she was running the RFP and that Daniel had ceded all control over the RFP to her.

3.    In paragraph 2, Panikar states that she discussed the architectural review with me. This is also false. We never discussed the architectural review on that call. In fact, AmEx

always contended that the architectural review and the RFP process were not linked—one of their many misrepresentations. The purpose of the call was discuss the RFP process in view of the fact that Daniel had ceded responsibility for the process to Panikar.

4. Panikar states in her affidavit that RFP's are "standard business practice," and states that she told me that. Although Panikar said no such thing to us on the phone that day, Panikar would have this Court believe that this particular RFP was a standard business practice. It was not. We had already committed hundreds of man hours to responding to an AmEx RFP that lead to our 3 year contract for the years 2005 through 2007.

5. Panikar also states in paragraph 3 of her declaration that she never indicated that the relationship between AmEx and EchoMail was terminated. This is false. It was perfectly clear when Ms. Panikar hung up on us that the relationship was over. She said "you do what you have to do and we'll do what we have to do." This happened after the RFP was initiated, and after Daniel informed us that we had "failed" the architecture review. We were told that the process would continue without us. That necessarily meant we were being replaced and Panikar's statement finally terminated the relationship.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 29th DAY OF JUNE, 2005.

_____
Mathew "Sonu" Abraham

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 6.29.2005  Alan D. Rose