UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CO. and<br>IBM CORP.,<br><br>              Defendants. | CIVIL ACTION NO. 05-11318 (NMG) |

## DEFENDANT AMERICAN EXPRESS COMPANY'S
## ANSWER AND COUNTERCLAIM

Defendant American Express Company ("AXP"), by its attorneys, answers plaintiff EchoMail, Inc.'s ("Plaintiff" or "EchoMail") Complaint as follows:

1. AXP denies the allegations contained in paragraph 1.

2. AXP does not respond to the allegations contained in paragraph 2, as they constitute statements of law, and therefore, no response is required. To the extent a response is required, AXP denies the allegations.

### Parties And Jurisdiction

3. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. AXP admits the allegations contained in paragraph 4.

5. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

### Facts

6. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. AXP denies the allegations contained in paragraph 17.

18. AXP admits that it contacted Plaintiff to respond to a request for proposal ("RFP"), and otherwise denies the allegations contained in paragraph 18.

19. AXP admits that it entered into an agreement with Plaintiff, and otherwise denies the allegations contained in paragraph 19.

20. AXP denies the allegations contained in paragraph 20.

21. AXP denies the allegations contained in paragraph 21.

22. AXP admits that EchoMail participated in an RFP process with AXP, and otherwise denies the allegations contained in paragraph 22.

23. AXP denies the allegations contained in paragraph 23.

24. AXP denies the allegations contained in paragraph 24.

25. AXP denies the allegations contained in paragraph 25.

26. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

29. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. AXP denies the allegations contained in paragraph 31.

32. AXP denies the allegations contained in paragraph 32.

33. AXP denies the allegations contained in paragraph 33.

34. AXP denies the allegations contained in paragraph 34.

35.  AXP denies the allegations contained in paragraph 35.

36.  AXP denies the allegations contained in paragraph 36.

37.  AXP denies the allegations contained in paragraph 37.

38.  AXP denies the allegations contained in paragraph 38.

39.  AXP denies the allegations contained in paragraph 39.

40.  AXP denies the allegations contained in paragraph 40.

41.  AXP denies the allegations contained in paragraph 41.

42.  AXP denies the allegations contained in paragraph 42.

43.  AXP denies the allegations contained in paragraph 43.

44.  AXP denies the allegations contained in paragraph 44.

45.  AXP denies the allegations contained in paragraph 45.

46.  AXP denies the allegations contained in paragraph 46.

47.  AXP denies the allegations contained in paragraph 47.

48.  AXP denies the allegations contained in paragraph 48.

49.  AXP denies the allegations contained in paragraph 49.

50.  AXP denies the allegations contained in paragraph 50.

51.  AXP denies the allegations contained in paragraph 51.

52.  AXP denies the allegations contained in paragraph 52.

53.  AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.  AXP admits that it entered into an agreement with Plaintiff, the terms of which speak for itself, and otherwise denies the allegations contained in paragraph 54.

55. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. AXP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. AXP admits that it entered into an agreement with IBM, the terms of which speak for itself, and otherwise denies the allegations contained in paragraph 57.

58. AXP denies the allegations contained in paragraph 58.

59. AXP denies the allegations contained in paragraph 59.

## Claims

### Count I
### Misappropriation of Trade Secrets in Violation of Mass. G.L. c. 93, 42 and New York Law

60. AXP repeats and realleges its responses up to this paragraph 60.

61. AXP denies the allegations contained in paragraph 61.

62. AXP denies the allegations contained in paragraph 62.

63. AXP denies the allegations contained in paragraph 63.

64. AXP denies the allegations contained in paragraph 64.

65. AXP denies the allegations contained in paragraph 65.

66. AXP denies the allegations contained in paragraph 66.

### Count II
### Unfair Competition

67. AXP repeats and realleges its responses up to this paragraph 67.

68. AXP denies the allegations contained in paragraph 68.

69. AXP denies the allegations contained in paragraph 69.

## Count III
## Unfair and Deceptive Acts and Practices
## in Violation of G.L. c. 93A, 11

70. AXP repeats and realleges its responses up to this paragraph 70.

71. AXP denies the allegations contained in paragraph 71.

72. AXP denies the allegations contained in paragraph 72.

## Count IV
## Breach of Contract

73. AXP repeats and realleges its responses up to this paragraph 73.

74. AXP denies the allegations contained in paragraph 74.

75. AXP denies the allegations contained in paragraph 75.

## Count V
## Breach of the Covenant of
## Good Faith and Fair Dealing

76. AXP repeats and realleges its responses up to this paragraph 76.

77. AXP denies the allegations contained in paragraph 77.

78. AXP denies the allegations contained in paragraph 78.

## Count VI
## Interference with Contractual Relations

79. AXP repeats and realleges its responses up to this paragraph 79.

80. AXP denies the allegations contained in paragraph 80.

81. AXP denies the allegations contained in paragraph 81.

82. AXP denies the allegations contained in paragraph 82.

## **Prayer For Relief**

AXP denies that Plaintiff is entitled to any relief or remedy sought for in the Prayer For Relief set forth in the Complaint.

WHEREFORE, AXP requests that judgment be entered in its favor dismissing with prejudice all claims against AXP in the Complaint, and that AXP be awarded its attorney's fees, costs, and any such further relief as the Court deems just.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims fail because the information at issue is in the public domain.

### Third Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims fail because the information at issue is not of any competitive value.

### Fifth Affirmative Defense

Plaintiff's claims fail because Plaintiff did not take reasonable steps to keep the information secret.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

### Eighth Affirmative Defense

Plaintiff's claims are barred due to plaintiff's bad faith.

### Ninth Affirmative Defense

AXP owes no duty to plaintiff.

### Tenth Affirmative Defense

Plaintiff has suffered no damages.

### Eleventh Affirmative Defense

Plaintiff's claims fail because it breached and repudiated the contract between the parties.

### Twelfth Affirmative Defense

Plaintiff has sustained no injury.

### Thirteenth Affirmative Defense

Plaintiff's claims are subject to set off and recoupment.

### Fourteenth Affirmative Defense

Plaintiff failed to take reasonable, necessary, appropriate and feasible steps to mitigate its alleged damages.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, or otherwise limited, by the limitation of liability and limitation of remedies clauses in the agreement between the parties.

### Sixteenth Affirmative Defense

Plaintiff is not entitled to any equitable relief because it has an adequate remedy at law.

### Seventeenth Affirmative Defense

AXP hereby gives notice that it intends to rely on additional affirmative defenses which become available or apparent during discovery and thus reserves the right to amend this Answer to assert such additional defenses.

**COUNTERCLAIM**

American Express Company ("AXP"), by way of its counterclaim against EchoMail, Inc. ("EchoMail"), alleges as follows:

1.  AXP is a diversified global financial services company headquartered in New York, New York. Its businesses include a wide variety of credit card, travel, brokerage, financial advisor and insurance services.

2.  EchoMail is a company that provides e-mail related services.

3.  AXP entered into a Stand Alone Agreement for Consulting Services with General Interactive, Inc., a predecessor of EchoMail, effective July 9, 1999 (as amended and supplemented, "Agreement").

4.  Per an amendment to the Agreement executed in August 2004, the Agreement was to remain effective until December 31, 2005. The amendment further provided that the Agreement would automatically renew for two additional 12-month terms, unless AXP terminated by written notice at least 60 days prior to year end. Only AXP had the right to terminate. Thus, EchoMail was required to perform through the end of 2007, but AXP had the contractual right to end the relationship at the end of 2005 or 2006.

5.  Per the Agreement, EchoMail provided e-mail services to AXP. In general terms, EchoMail would receive, categorize, filter, store, analyze, and provide preliminary responses to e-mails from AXP customers.

6.  EchoMail at all times hosted the technology related to its product (including the related hardware and software) at its own facility located in Cambridge, Massachusetts.

7.  In connection with performing services for AXP, AXP provided EchoMail with certain equipment, including various servers and a network router (hereafter "AXP Property").

While the AXP Property was located at EchoMail's facility, it at all times remained property owned by AXP.

8. In connection with performing services for AXP, EchoMail collected and stored on its computer servers the e-mails from and to AXP customers. Those e-mails contain information addressing customers' identity, including their address, account numbers, and related information ("AXP Confidential Information").

9. In September 2004, EchoMail upgraded its e-mail response software to version 7.3.

10. Upon completion of the upgrade to 7.3, AXP experienced significant problems with the system. Among other things, the system was generating inappropriate responses to customers, could not be searched properly, and functioned extremely slowly.

11. Plaintiff failed to identify and address these problems proactively, and failed to respond to AXP's repeated requests to address these problems.

12. The problems became more severe over time, with the backlog of e-mails growing. The situation reached a critical point in February 2005 when the system effectively went down for two days. During that two-day period, AXP representatives were unable to access and respond to customer e-mails.

13. In light of these repeated failures, AXP was concerned that EchoMail did not have the resources to respond to its ongoing problems, forcing AXP to identify and elevate all of the issues that were surfacing.

14. On March 30, 2005, AXP and EchoMail met to discuss the numerous problems with the EchoMail system. At the meeting, EchoMail admitted that it was experiencing numerous problems with its system.

15. In light of the significant and uncorrected problems with the EchoMail system, on April 15, 2005, AXP released a Request for Information ("RFI") to four other vendors relating to the services performed by EchoMail at that time. AXP provided the RFI to EchoMail as well. On April 21, 2005, EchoMail provided AXP with formal notice that it would participate in the RFI. EchoMail responded to the RFI on May 12, 2005.

16. On May 4 and 5, 2005, AXP performed a Technical Due Care Review ("Review"), which related to the anticipated release by EchoMail of version 8.1 of its product. The Review revealed critical weaknesses in EchoMail's version 8.1 and raised significant questions regarding EchoMail's ability to deliver a robust platform to address AXP's requirements regarding availability, scalability, reliability, and security.

17. On or about May 24, 2005, AXP advised EchoMail that, based on the results of the Review, it would postpone the upgrade to version 8.1 and move forward with a Request for Proposal ("RFP").

18. EchoMail CEO V.A. Shiva Ayyadurai responded to AXP's proposed RFP in an angry and confrontational manner. In response, AXP agreed to hold off issuing the RFP until AXP personnel visited EchoMail at its facility on June 6, 2005 for an e-mail management meeting, and a technical exchange had occurred between EchoMail and AXP regarding the findings of the Review.

19. AXP had not made any decision regarding termination of the Agreement at the end of the year, and in no way indicated that it sought to terminate the Agreement immediately.

20. Despite that agreed course of action, in a letter dated May 26, 2005, EchoMail wrote to AXP's CEO and stated that EchoMail purported unilaterally to terminate the Agreement effective 5:00 p.m. the next day.

21. In a letter dated May 27, 2005, EchoMail stated that it would "stop accepting any further E-Mail from American Express to our mail servers for processing as of 5PM today, May 27, 2005. It is, once again unfortunate that EchoMail has been forced to terminate the relationship"

22. EchoMail's correspondence was addressed to AXP's CEO. EchoMail did not notify any AXP personnel responsible for AXP's information technology or the relationship with EchoMail about its purported unilateral termination of the Agreement and suspension of e-mail processing services. AXP's information technology staff only became aware of EchoMail's failure to perform because the system stopped functioning, not because EchoMail provided any notice.

23. In a letter dated May 31, 2005, AXP advised EchoMail that it considered EchoMail to be in breach of the Agreement. AXP had prepaid EchoMail for the services that AXP expected EchoMail to perform throughout the entirety of 2005. Thus, in its letter, AXP demanded the immediate payment of $487,335, for prepaid services that EchoMail refused to provide. AXP also demanded the immediate return of AXP Confidential Information and AXP Property.

24. To date, EchoMail has not responded to this letter and has not returned the requested pre-payments, the AXP Confidential Information, or the AXP Property.

25. Immediately following EchoMail's refusal to perform further services for AXP, as many as 12 separate AXP business units were unable to receive, process, or respond to customer e-mails. Many units are still unable to receive, process, or respond to customer e-mails.

26. EchoMail's breach of the Agreement has caused and continues to cause tremendous damage to AXP.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 above as if set forth fully herein.

28. AXP and EchoMail entered into the Agreement.

29. EchoMail's purported unilateral termination of the Agreement and refusal to perform constitutes a material breach of the Agreement.

30. EchoMail's failure and refusal to return the AXP Confidential Information and the AXP Property constitutes a material breach of the Agreement.

31. EchoMail's failure and refusal to return the monies that AXP prepaid EchoMail for services that EchoMail refused to perform constitutes a material breach of the Agreement.

32. EchoMail acted with malicious intent to damage AXP.

33. AXP performed all of its duties and obligations under the Agreement in a complete and timely fashion, and did not breach any term or condition.

34. As a consequence of EchoMail's breach of the Agreement, AXP has been and continues to be damaged.

WHEREFORE, AXP demands a judgment against EchoMail for compensatory, consequential and punitive damages plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

35. AXP hereby realleges and incorporates paragraphs 1 through 34 above as if set forth fully herein.

36. AXP and EchoMail entered into the Agreement.

37. AXP performed all of its duties and obligations under the Agreement in a complete and timely fashion.

38. EchoMail breached the covenant of good faith and fair dealing implied in every contract and deprived AXP of the benefits of the Agreement by, among other things, refusing and failing to return money due and owing AXP, refusing and failing to return the AXP Property and AXP Confidential Information, unilaterally purporting to terminate the Agreement and refusing to perform.

39. AXP is and continues to be damaged by EchoMail's aforementioned conduct.

WHEREFORE, AXP demands a judgment against EchoMail for compensatory, consequential, and punitive damages plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

## THIRD CAUSE OF ACTION
### (Replevin)

40. AXP hereby realleges and incorporates paragraphs 1 through 39 above as if set forth fully herein.

41. AXP owns the AXP Confidential Information and the AXP Property.

42. AXP has demanded that EchoMail return to AXP the AXP Confidential Information and the AXP Property.

43. EchoMail has failed, refused, and neglected to surrender possession of the AXP Confidential Information and the AXP Property.

44. AXP's rights to the AXP Confidential Information and AXP Property are superior to the rights of EchoMail, and AXP is entitled to immediate possession.

45. By virtue of the foregoing acts, conduct, and omissions of EchoMail, AXP is entitled to take immediate possession of the AXP Confidential Information and the AXP Property.

WHEREFORE, AXP demands judgment against EchoMail granting it immediate possession of the AXP Confidential Information and the AXP Property, issuance of a Writ of Replevin, and such other and further relief as the Court may deem as just and reasonable.

## FOURTH CAUSE OF ACTION
**(Conversion)**

46. AXP hereby realleges and incorporates paragraphs 1 through 45 above as if set forth fully herein.

47. AXP owns the AXP Confidential Information and the AXP Property.

48. EchoMail is currently exercising dominion and control over the AXP Confidential Information and the AXP Property.

49. EchoMail has converted the AXP Confidential Information and AXP Property by refusing to return those items to AXP.

50. As a result of EchoMail's failure or refusal to surrender possession of the AXP Confidential Information and the AXP Property, AXP has been and continues to be damaged.

WHEREFORE, AXP demands a judgment against EchoMail for compensatory damages plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

51.  AXP hereby realleges and incorporates paragraphs 1 through 50 above as if set forth fully herein.

52.  EchoMail accepted, and is presently in possession of, the AXP Confidential Information and the AXP Property.

53.  EchoMail has been prepaid by AXP for services that EchoMail refuses to perform.

54.  EchoMail has thus been unjustly enriched.

WHEREFORE, AXP demands a judgment against EchoMail for compensatory damages plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

## SIXTH CAUSE OF ACTION
### (Restitution)

55.  AXP hereby realleges and incorporates paragraphs 1 through 54 above as if set forth fully herein.

56.  EchoMail accepted, and is presently in possession of, the AXP Confidential Information and the AXP Property.

57.  EchoMail has been prepaid by AXP for services that EchoMail refuses to perform.

58.  EchoMail has thus been unjustly enriched.

WHEREFORE, AXP demands a judgment against EchoMail for compensatory damages plus interest, costs of suit, attorneys' fees, and for such other relief as the court deems just and proper.

## SEVENTH CAUSE OF ACTION
### (Breach of Confidential Duty)

59. AXP hereby realleges and incorporates paragraphs 1 through 58 above as if set forth fully herein.

60. AXP allowed EchoMail to collect, maintain, and access the AXP Confidential Information, which is nonpublic and of value to AXP.

61. EchoMail is under a duty to hold the AXP Confidential Information in confidence, to allow AXP access to it, and to return said information at AXP's direction.

62. EchoMail has refused to allow AXP access to the AXP Confidential Information or to return the AXP Confidential Information to AXP.

63. As a result, AXP has been and continues to be damaged.

WHEREFORE, AXP demands that EchoMail be enjoined from use or disclosure of the AXP Confidential Information, that said information be immediately returned to AXP, that EchoMail be compelled to destroy all copies and reproductions of such information, and that judgment be entered against EchoMail for compensatory damages plus interest, costs of suit, attorney's fees, and such other relief as the Court deems just and proper.

## EIGHTH CAUSE OF ACTION
### (Unfair and Deceptive Acts and Practices in Violation of G.L. c. 93A, § 11)

64. AXP hereby realleges and incorporates paragraphs 1 through 63 above as if set forth fully herein.

65. EchoMail is engaged in trade or commerce as defined by Massachusetts General Laws, Chapter 93A.

66. EchoMail's conduct as described herein constitutes unfair and/or deceptive acts and practices as prohibited by the terms of Chapter 93A.

67. The improper acts of EchoMail occurred primarily and substantially in the Commonwealth of Massachusetts.

68. The violations of Chapter 93A described herein were willful.

69. AXP has been damaged by EchoMail's knowing and willful violation of Chapter 93A.

WHEREFORE, AXP demands a judgment against EchoMail in an amount of not less than double nor more than treble their actual damages plus interest, attorneys' fees, costs, and all other damages recoverable under law and for such other relief as the court deems just and proper.

Respectfully submitted,
AMERICAN EXPRESS CO.
By its attorneys

/s/ John F. Farraher, Jr.
_____
John F. Farraher, Jr. (BBO#568194)
GREENBERG TRAURIG LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
(617) 310-6000

Louis Smith
Clark P. Russell
GREENBERG TRAURIG LLP
200 Campus Drive
Florham Park, New Jersey 07832
(973) 360-7900

Dated: July 11, 2005

### Certificate of Service

I hereby certify that a true and accurate copy of the above document was served upon all counsel of record this 11th day of July 2005 via first-class mail.

/s/ John F. Farraher, Jr.
_____
John F. Farraher, Jr.