UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS CO. and IBM CORP., <br><br> Defendants. | CIVIL ACTION NO. 05-11318 |

## DEFENDANT AMERICAN EXPRESS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO COUNT THREE OF ITS COUNTERCLAIM

American Express Company ("AXP") hereby submits this memorandum of law in support of its motion for summary judgment as to Count Three of its Counterclaim against plaintiff EchoMail, Inc. ("EchoMail") for replevin.

EchoMail currently is in possession of a database server and computer tapes that contain e-mails from AXP customers. These e-mails contain highly sensitive, confidential information, including the customer's account numbers and Social Security number. EchoMail is no longer providing any services for AXP, and has absolutely no legitimate reason to continue to hold this information. Despite demand having been made, EchoMail to date has failed to return to AXP these materials.

In light of the undisputed facts and the controlling principles of law, AXP is entitled to judgment on the replevin count of its Counterclaim requiring EchoMail to return to AXP this confidential information.

## STATEMENT OF FACTS

In July 1999, AXP hired EchoMail to process e-mails from AXP customers received through either AXP's web sites or directly from AXP customers' e-mail accounts. To that end, the parties entered into a Stand Alone Agreement for Consulting Services ("Stand Alone Agreement"). The Stand Alone Agreement, which includes an incorporated Schedule, selected provisions of a Statement of Work, and an amendment dated August 20, 2004, is attached to the Declaration of Angela Ramsammy ("Ramsammy Decl.") at Exhibit A.

In the typical scenario, a customer would visit an AXP web site and log on to his or her account using their unique user name and password. Additional security measures were also employed by AXP. Once secured on the site, a customer would send an e-mail to AXP through AXP's "Secure Message Center" (which previously had been known as "Secure Message Utility") or other secure AXP webforms. The customer's account numbers, Social Security number and other personal information would typically be included. EchoMail would receive, manage, categorize, filter, analyze, and ultimately suggest responses to the e-mail. Ramsammy Decl. at ¶ 3.

In order to enable EchoMail's capabilities, AXP paid for computer equipment for EchoMail, including a SUN E450 database server (the "AXP Database Server"). As provided for in the Stand Alone Agreement, the computer equipment was at all times the property of AXP. Ramsammy Decl. at ¶ 4; Exh. A (Statement of Work, Sec. 9.2.6). It was only provided to EchoMail to service AXP's account. *Ibid.*

EchoMail was required to copy and store all the AXP customer e-mail messages and the responding e-mails ("AXP's Confidential Information") on the AXP Database

2

Server.  EchoMail further was required to back up AXP's Confidential Information on computer tape archives.  The archive tapes include both "full back-ups" (i.e., complete copies of all the customer email, response and other confidential information) and "incremental back-ups" (i.e., only new information stored on the AXP Database Server from a prior incremental backup), dating back to July 1999.  Ramsammy Decl. at ¶¶ 5-6.

AXP is required to maintain a complete set of its customer e-mails and related responses and to keep that information secure.  However, AXP does not have in its possession a complete set of AXP's Confidential Information.  Only EchoMail currently has that information.  The Confidential Information is thus extremely valuable to AXP, and contains nonpublic, confidential information relating to AXP's customers.  Ramsammy Decl. at ¶¶ 7-9.

In a letter dated May 26, 2005, EchoMail informed AXP that it would be terminating its relationship with AXP effective the next day.  The next day, EchoMail reaffirmed this position and in fact stopped performing all services for AXP.  In a letter dated May 31, 2005, AXP demanded the return of, among other things, the AXP Database Server and AXP's Confidential Information.  To date, EchoMail has not returned the AXP Database Server or AXP's Confidential Information.  EchoMail is no longer performing any services for AXP and thus has no reason to continue to retain the AXP Database Server or AXP's Confidential Information.  Ramsammy Decl. at ¶¶ 10-14 and Exhibits B-D.

3

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *De-Jesus Adorno v. Browning Ferris Industries of Puerto Rico, Inc.*, 160 F.3d 839, 841 (1st Cir. 1998). "The burden is upon the moving party to show, based upon the pleadings, discovery on file and affidavits that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* "When the moving party has carried its burden . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The adverse party may not rest upon "mere allegations or denials," Fed. R. Civ. P. 56(e), but "must set forth specific facts showing that there is a genuine issue for trial." *Id.*

To defeat a properly supported motion for summary judgment, a factual issue must be both "genuine" and "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual issue is not "genuine" unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A factual issue is not "material" unless it "might affect the outcome of the suit under the governing law." *Id.* Moreover, the First Circuit has noted that "[a] genuine issue of material fact does not spring into being simply because a litigant claims that one exists. Neither wishful thinking nor 'mere promise[s] to produce admissible evidence at trial'. . . nor conclusory responses unsupported by evidence . . . will serve to defeat a properly focused Rule 56 motion." *Martinez v. New England Medical Center Hospitals, Inc.*, 307 F.Supp.2d 257, 264 (D. Mass. 2004) *citing Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st

4

Cir. 1990).

Even drawing all inferences in favor of plaintiff in this action, there is no genuine issue of material fact as to AXP's claim for replevin to return its computer equipment and confidential information and the Court should grant summary judgment in AXP's favor.

## ARGUMENT

### AXP IS ENTITLED TO JUDGMENT PROVIDING IT WITH IMMEDIATE POSSESSION OF ITS COMPUTER EQUIPMENT AND CONFIDENTIAL INFORMATION

Article 71 of New York's Civil Practice Law and Rules creates a cause of action "to try the right to possession of a chattel." NY CPLR § 7101.[1] Under New York, in an action for replevin, "the issue is strictly whether plaintiff or defendant has the superior possessory right." *Honeywell Information Systems, Inc. v. Demographic Systems, Inc.*, 396 F. Supp. 273, 275 (S.D.N.Y. 1975) (citing *Practice Commentary*, CPLR § 7101 (McKinney 1963) ("Under the CPLR, the sole issue is the relative possessory rights of plaintiff and defendant.").

Where preliminary possession was lawful, some courts applying New York law require a claimant to show a demand for the return of the chattel and refusal of the demand. *See Martha Graham School and Dance Foundation, Inc. v. Martha Graham*, 224 F.Supp.2d 567, 603 (S.D.N.Y. 2002), *vacated on other grounds*, 380 F.3d 624 (2d Cir. 2004).

The elements of a replevin action under Massachusetts law are largely the same. Under Massachusetts law, "[i]f goods exceeding twenty dollars in value are unlawfully taken or detained from the owner or person entitled to possession, . . . the owner or such

---

[1] The Stand Alone Agreement provides that it "shall be construed and enforced under the substantive laws of the State of New York." Ramsammy Decl. at Exhibit A, p. 9.

other person may cause them to be replevied." Mass.Gen.L. ch. 247 § 7. *See also Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 806 F. Supp. 291, 295 (D. Mass. 1992) ("The elements of replevin are: (1) the goods in question have a value greater than twenty dollars; (2) the goods are unlawfully taken or detained; and (3) the owner or person entitled to possession is deprived of the goods."), *vacated on other grounds,* 4 F.3d 90 (1st Cir. 1993).

Computer-related equipment and electronic information have been held to be the type of property subject to a replevin action. *See, e.g., Honeywell,* 396 F. Supp. at 277 (finding that computer equipment was recoverable through replevin action); *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.,* 275 F.Supp.2d 543, 576 (D.N.J. 2003) (finding "videotape masters" recoverable through replevin action); *Institutional Management Corp. v. Translation Systems, Inc.,* 456 F. Supp. 661 (D. Md. 1978) (granting replevin of all materials, equipment, and documentation relating to or part of computerized system for reading and translating stenotype tapes); *F.&M. Schaefer Corp. v. Electronic Data Systems Corp.,* 430 F. Supp. 988, 992 (S.D.N.Y. 1977) (granting replevin of data processing system and noting that party resisting replevin "offered no case under New York law or any law which holds that a data processing system . . . cannot be made the subject of replevin"); *Bendat v. Premier Broadcast Group, Inc.,* 572 N.Y.S.2d 796, 797-98 (App. Div. 1991) (finding that "computerized information" and "data" were recoverable through replevin action); *Bentley v. Textile Banking Co.,* 271 N.Y.S.2d 417, 418-19 (App. Div. 1966) (recognizing that "tapes" are recoverable through replevin action); *Mai Basic Four, Inc. v. Generic Business Solutions, Inc.,* 1990 WL 3665 (Del. Ch.) (holding that "documents or other physical objects containing confidential

information, as well as computer disks or tapes containing software are tangible and thus able to be replevied").

AXP has clearly satisfied the elements of its replevin claim. EchoMail came in possession of AXP's Database Server and AXP's Confidential Information solely as a result of the services it was providing on behalf of AXP. Statement of Facts ("SOF"), p. 2. The AXP Database Server was paid for by AXP and at all times remained the property of AXP as provided for in the Stand Alone Agreement. *Ibid.* The AXP Confidential Information consists of e-mail messages from AXP's customers to AXP that EchoMail only received in connection with services that it was performing on behalf of AXP. *Id.*, p. 3. EchoMail no longer is performing any services for AXP. *Ibid.* EchoMail has no right or legitimate reason to continue to maintain possession of the AXP Database Server and the AXP Confidential Information, which are the property of AXP. *Ibid.* The AXP Database Server and the AXP Confidential Information are extremely valuable and beyond question have a value in excess of $20. Despite AXP's demand of the immediate return of this valuable property in a letter dated July 31, 2005, EchoMail has not returned the AXP Database Server or the AXP Confidential Information. *Ibid.*

Thus, pursuant to either New York or Massachusetts law, AXP is entitled to summary judgment on Count Three of its Counterclaim for replevin.

## CONCLUSION

For all the forgoing reasons, AXP requests that this Court grant its motion for summary judgment as to Count Three of its Counterclaim, order the immediate return of AXP's Database Server and Confidential Information and any further relief that the Court deems appropriate and just.

        Respectfully submitted,

        AMERICAN EXPRESS CO.
        By its counsel

        John F. Farraher, Jr. (BBO# 568194)
        GREENBERG TRAURIG LLP
        One International Place, 20th Floor
        Boston, Massachusetts 02110
        (617) 310-6000

        -and-

        Louis Smith
        Clark P. Russell
        GREENBERG TRAURIG LLP
        200 Campus Drive
        Florham Park, New Jersey 07832
        (973) 360-7900

DATED: September 29, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 9/29/05