UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CO. and<br>IBM CORP.,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 05-11318 |

**RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF AMERICAN EXPRESS'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT THREE OF ITS COUNTERCLAIM**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, defendant American Express Company ("AXP") hereby submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment as to Count Three of its Counterclaim against plaintiff EchoMail, Inc. ("plaintiff"):

1. In July 1999, AXP hired EchoMail to process e-mails from AXP customers received through either AXP's web sites or directly from AXP customers' e-mail accounts. Declaration of Angela Ramsammy ("Ramsammy Decl."), ¶ 2.

2. The parties entered into a Stand Alone Agreement for Consulting Services ("Stand Alone Agreement"). The Stand Alone Agreement, which includes an incorporated Schedule, selected provisions of a Statement of Work, and an amendment dated August 20, 2004, is attached to the Ramsammy Decl. at Exhibit A.

3.  In order to enable EchoMail's capabilities, AXP paid for computer equipment for EchoMail, including a SUN E450 database server (the "AXP Database Server"). Ramsammy Decl. at ¶ 4.

4.  The computer equipment is and remains at all times the property of AXP. Ramsammy Decl. at ¶ 4; Exh. A (Statement of Work, Sec. 9.2.6).

5.  EchoMail was required to copy and store all the AXP customer e-mail messages and the responding e-mails ("AXP's Confidential Information") on the AXP Database Server. Ramsammy Decl. at ¶ 5.

6.  EchoMail further was required to back up AXP's Confidential Information on computer tape archives. The archive tapes include both "full back-ups" (i.e., complete copies of all the customer email, response and other confidential information) and "incremental back-ups" (i.e., only new information stored on the AXP Database Server from a prior incremental backup), dating back to July 1999. Ramsammy Decl. at ¶ 6.

7.  AXP is required to maintain a complete set of its customer e-mails and related responses and to keep that information secure. Ramsammy Decl. at ¶ 7.

8.  AXP does not have in its possession a complete set of AXP's Confidential Information. Ramsammy Decl. at ¶ 8.

9.  The Confidential Information is thus extremely valuable to AXP, and contains nonpublic, confidential information relating to AXP's customers. Ramsammy Decl. at ¶ 9.

10. In a letter dated May 26, 2005, EchoMail informed AXP that it would be terminating its relationship with AXP effective the next day. Ramsammy Decl. at ¶ 10; Exh. B.

11. The next day, EchoMail reaffirmed this position and in fact stopped performing all services for AXP. Ramsammy Decl. at ¶ 11; Exh. C.

12. In a letter dated May 31, 2005, AXP demanded the return of, among other things, the AXP Database Server and AXP's Confidential Information. Ramsammy Decl. at ¶ 12; Exh. D.

13. To date, EchoMail has not returned the AXP Database Server or AXP's Confidential Information. EchoMail is no longer performing any services for AXP and thus has no reason to continue to retain the AXP Database Server or AXP's Confidential Information. Ramsammy Decl. at ¶¶ 13-14.

Respectfully submitted,

AMERICAN EXPRESS CO.
By its counsel

John F. Farraher, Jr. (BBO# 568194)
GREENBERG TRAURIG LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
(617) 310-6000

-and-

Louis Smith
Clark P. Russell
GREENBERG TRAURIG LLP
200 Campus Drive
Florham Park, New Jersey 07832
(973) 360-7900

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 9/29/05

DATED: September 29, 2005

3