IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CO. and<br>INTERNATIONAL BUSINESS<br>MACHINES, CORP.,<br><br>                    Defendants. | Civil Action No. 05-11318-NMG |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant International Business Machines Corporation ("IBM") respectfully moves for judgment on the pleadings of Plaintiff EchoMail, Inc.'s ("EchoMail") Verified Complaint ("Complaint"). As grounds for this motion, and as further set forth in IBM's accompanying Memorandum of Law, IBM states as follows:

1.      Plaintiff's Complaint is based entirely on the unsupported speculation that IBM might in the future try to use some of Plaintiff's alleged trade secrets or confidential information. Plaintiff claims that the alleged trade secrets were disclosed to IBM during a teleconference between Plaintiff and its client, American Express. EchoMail was told that an IBM employee was also on the line during this teleconference and a confidentiality agreement between EchoMail and IBM existed at the time of the teleconference. Furthermore, in response to this lawsuit, IBM acquiesced to Plaintiff's demand to enter into yet another confidentiality agreement

to cover the information described in Plaintiff's Complaint. Despite there being no dispute between IBM and EchoMail, Plaintiff has not dismissed IBM from this suit.

2.  Plaintiff has not plead misappropriation of trade secrets under either Massachusetts or New York law because Plaintiff has not alleged that it took any steps to protect the alleged trade secrets. When it knew an IBM employee was on the teleconference, Plaintiff did not terminate the call, ask IBM to sign a new confidentiality agreement or use the procedures already in place pursuant to an existing confidentiality agreement to protect the information. Instead, Plaintiff knowingly continued the teleconference. Indeed, under the pre-existing confidentiality agreement between EchoMail and IBM, EchoMail's failure to follow those procedures rendered the disclosed information non-confidential. Furthermore, Plaintiff has not plead misappropriation because Plaintiff has not alleged that IBM "used" the confidential information.

3.  Plaintiff has not plead unfair competition under either Massachusetts or New York law because it has not alleged that IBM used any of the confidential information. As such, Plaintiff cannot show that there is any likelihood of confusion between IBM's products and EchoMail's products. Additionally, Plaintiff has not alleged any bad faith on the part of IBM. On the contrary, facts set forth in the Complaint itself demonstrate that IBM acted in good faith throughout the events forming the basis of Plaintiff's complaint.

4.  Plaintiff's unfair and deceptive acts and practices claim fails to satisfy the pleadings requirements of M.G.L.A. c. 93A, § 11 because Plaintiff has not alleged any immoral, unethical, oppressive, or unscrupulous behavior that would meet the "level of rascality" required to state a claim under Chapter 93A. Additionally, Plaintiff has failed to allege that it suffered or how it suffered any economic harm as a result of the disclosure of the information.

WHEREFORE, for these reasons and those set forth more fully in IBM's Memorandum of Law filed herewith, IBM respectfully requests that the Court grant this motion and enter judgment on the pleadings in its favor:

1. Dismissing the Complaint against IBM in its entirety with prejudice;

2. Awarding IBM the costs and fees of this Motion; and

3. Such other and further relief as the Court deems just and proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I certify that I conferred with counsel for the Plaintiff in a good faith attempt to resolve or narrow the issues presented by this motion.

/s/ Thomas G. Rafferty
Thomas G. Rafferty

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), IBM believes that oral argument may assist the Court and respectfully requests a hearing on this motion.

Respectfully submitted,

IBM CORPORATION,

By its attorneys,

/s/ Stephen D. Poss
Stephen D. Poss, P.C.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

and

Thomas G. Rafferty
Rowan D. Wilson
(both admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Dated: December 7, 2005