UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CO. and<br>IBM CORP.,<br><br>           Defendants.<br><br>AMERICAN EXPRESS CO.,<br><br>           Counter-Plaintiff,<br><br>v.<br><br>ECHOMAIL, INC.,<br><br>           Counter-Defendant. | CIVIL ACTION NO. 05-11318 |

**DEFENDANT AMERICAN EXPRESS COMPANY'S
INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

      Defendant American Express Company (hereinafter, "American Express"), by and through its attorneys, hereby provides the following required disclosures pursuant to Fed. R. Civ. P. 26(a)(1). American Express reserves the right to add, or otherwise supplement, these disclosures during the course of discovery.

**DISCLOSURES**

**RULE 26(a)(1)(A):   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

American Express believes that the following individuals are likely to have discoverable information supporting its claims and defenses:

1) American Express employees Angela M. Ramsammy, Colleen J. Dechon, Reena Panikar, Greg Daniels, Janice M. Chai-Chang and Miguel Rodriquez.

2) EchoMail employees V.A. Shiva Ayyadurai, Sonu Mathew Abraham, Hari Subramanian, Roman Zavolly, Robert Zierten, Gene Deans and Praveen Kumar.

3) IBM employees Steve Gibbons and Todd Seager.

4) Any person or persons identified by Plaintiff or IBM Corp. as having knowledge of matters pertaining to this litigation.

5) Any person or persons identified by American Express during the course of discovery as having knowledge of matters pertaining to this litigation.

**RULE 26(a)(1)(B): Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

American Express may use any and all contracts between the parties, correspondence or other documents exchanged between the parties, invoices, Requests for Proposal, any EchoMail patents or other related materials, and documents relating to American Express' damages, to support its claims and defenses. These documents are in the possession of American Express and/or Plaintiff.

**RULE 26(a)(1)(C): Computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

American Express' damages resulting from EchoMail's improper conduct includes but is not limited to the cost to replace EchoMail as American Express' e-mail service provider, which is estimated to be approximately at $1,750,000, and the prepayment to EchoMail for services that

EchoMail did not perform, which is estimated to be approximately $500,000. American Express has also been damaged by EchoMail's refusal to return to American Express its Confidential Information and computer equipment. American Express has also suffered a loss of good will as a result of EchoMail's improper conduct. American Express is seeking compensatory, consequential, and punitive damages, treble damages, attorney's fees, and costs in this action.

**RULE 26(a)(1)(D): For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable. However, American Express is still investigating whether coverage exists that might satisfy all or part of any judgment in this action and, as such, reserves the right to supplement this response in the future.

Respectfully submitted,

AMERICAN EXPRESS COMPANY
By its attorneys,

/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO# 568194)
GREENBERG TAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
617-310-6000

DATED: December 21, 2005

**CERTIFICATE OF SERVICE**

      I, John F. Farraher, Jr., hereby certify that on December 21, 2005, I served a copy of the foregoing by first-class mail, postage prepaid, upon:

Alan D. Rose
Rose & Associates
29 Commonwealth Avenue
Boston, MA 02116

Stephen D. Poss
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Thomas G. Rafferty
Cravath, Swaine & Moore, LLP
Worldwide Plaza-825 Eighth Avenue
New York, NY 10019

                                            /s/ John F. Farraher, Jr._____
                                            John F. Farraher, Jr.