UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN EXPRESS CO. and INTERNATIONAL BUSINESS MACHINES, CORP., <br><br> Defendants. | Civil Action No. 05-11318-NMG |

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED and agreed, by the undersigned counsel for the parties to the above-captioned action, and it is hereby ORDERED by the Court, that the following Stipulation and Order shall govern the handling of documents, testimony, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by any party or non-party to any other party in this action, including any appeals therefrom or any alternative dispute resolution proceedings related thereto in connection with discovery in this action (such information hereinafter referred to as "Litigation Material").

1. Any party or non-party producing or furnishing any Litigation Material during the pendency of the Litigation may designate as "Confidential" any litigation Material containing any non-public, confidential and proprietary business, commercial, financial or personal information, the disclosure of which to a receiving party or to the public is either restricted by law or would, in the good faith opinion of that party or non-party, adversely affect that party's or non-party's business, commercial, financial or personal interests or be reasonably likely to cause

competitive injury to that party or non-party. The designation by any party or non-party of any Litigation material as "Confidential" shall constitute a representation that such Litigation Material has been reviewed by an attorney for the producing party or non-party and that there is a valid basis for such designation. Any Litigation Material so designated is hereinafter referred to as "Confidential Material" or "Confidential Information."

2. If any party objects to the designation of any discovery materials as Confidential, or seeks to use such materials other than as permitted by this Order, the party shall so state by letter to counsel for the person or entity making the designation. If this issue cannot be resolved within ten (10) days following the service of such letter, the party who designated discovery materials as Confidential may move the Court within twenty (20) days thereafter to determine whether the material at issue qualifies for confidential treatment. If no such motion is made, the discovery materials at issue shall no longer be deemed and treated as Confidential Information under this Stipulation and Order.

3. Any documents or other materials apart from depositions or other pretrial testimony designated as Confidential may be so designated by stamping the same with the legend "Confidential" at the time of their production or by so designating them in any covering letter.

4. Confidential Information shall not be disclosed, described or otherwise made available, directly or indirectly, by any person or entity receiving such materials to any persons or entities other than:

    a. the Court, persons employed by the Court, stenographers and jurors;

    b. counsel to the parties and any clerical, paralegal and secretarial staff employed by such counsel;

    c. the parties hereto and any of their officers, directors or employees;

      d.      trial witnesses or deponents and their counsel provided that each such witness, deponent and counsel is informed of the existence of this Stipulation and Order and agrees to keep all Confidential Information confidential; and

      e.      consultants and experts retained by counsel for the parties to the extent necessary for such consultants or experts to assist counsel, including, but not limited to, to prepare an expert report or to prepare to testify, provided that each such consultant and expert is informed of the existence of this Stipulation and Order and agrees to keep all Confidential Information confidential.

      f.      any other person only upon order of the court or upon stipulation of the producing party or non-party, subject to paragraph 6 below.

5.      Any deposition or other testimony (or portions thereof) may be designated as Confidential by any one of the following means:

      a.      stating orally on the record of a deposition that certain information or testimony is Confidential; or

      b.      sending written notice within ten (10) business days of receipt of the transcript of the deposition designating portions of the transcript as Confidential.

6.      Notwithstanding anything contained in paragraph 4 hereof, Confidential information may be provided to the witnesses, deponents and counsel pursuant to paragraph 4(d) hereof and experts or consultants pursuant to paragraph 4(e) hereof only if the person to whom disclosure is to be made first signs an undertaking (in the form attached hereto as Attachment A) agreeing to be bound by the terms and conditions of this Stipulation and Order and consenting to the jurisdiction of the Court for the purpose of enforcing this Stipulation and Order. The person or entity providing the Confidential Information to the witnesses, deponents and counsel pursuant to paragraph 4(d) hereof and consultants or experts pursuant to paragraph 4(e) hereof shall maintain each such signed undertaking in his or her or its file while this Action is pending, and shall submit each such signed undertaking to counsel for the party who had designated the

information as Confidential within five (5) days after the termination or any final resolution of this Action.

      7.      Confidential Materials shall be filed with the Court in accordance with Local Rule 7.2 of the U.S. District Court for the District of Massachusetts. Additionally, when documents, briefs, transcripts or motions containing Confidential Materials are filed with the Court, they shall be placed in a sealed envelope or other appropriately sealed container on which it will state as follows:

      a.      the caption of the action;

      b.      the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the contents; and

      c.      a statement substantially as follows:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER NOT TO BE OPENED WITHOUT AUTHORIZATION.

Such envelope or container shall not be opened without further order of the Court except by qualified persons under the terms of this Protective Order.

      8.      Notwithstanding any other provisions of this Stipulation, nothing herein shall prohibit counsel for the undersigned parties from disclosing a document to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to this Stipulation, if a document or testimony makes reference to the actual or alleged conduct or statements of a named person (or a person who is not identified by name but is otherwise identified with a reasonable degree of specificity) who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statements, and such discussion shall not constitute a disclosure within the terms of this Stipulation.

9. Entering or otherwise complying with the terms of this Stipulation and / or producing or receiving Confidential Litigation Material shall not:

    a. operate as an admission by any party that any particular Confidential Litigation Material contains or reflects confidential information;

    b. prejudice in any way the rights of the parties to object to the production of documents based on the attorney-client privilege, or any other privilege recognized by applicable law, the work product doctrine or based on any other claim that such documents are not subject to discovery for reasons other than the alleged confidentiality;

    c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence that is the subject of this Stipulation;

    d. prejudice in any way the rights of a party to seek a determination by the Court whether any Litigation Material or Confidential Litigation Material should be subject to the terms of this Stipulation;

    e. prevent the parties to this Stipulation from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Litigation Material;

    f. prejudice in any way the right of a producing party to petition the Court for further protection of specific Confidential Litigation Material.

10. The inadvertent production of discovery material not designated Confidential will not be deemed a waiver of the producing party's right to so designate such discovery material or to seek such other confidential treatment as may be appropriate. The inadvertent failure to designate such discovery material Confidential shall be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons not otherwise

entitled to view confidential material and to prevent further use or disclosure of Confidential Information contained therein by such persons.

11.     The inadvertent production of any discovery material in this action shall not prejudice any claim that such discovery material is protected from discovery by the attorney-client privilege or attorney work-product doctrine and no person shall be held to have waived any rights by such inadvertent production.  Any discovery material so produced and subsequently made subject to a claim of privilege or work-product shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such discovery material shall not be introduced into evidence in this or any other proceeding by any person or order of the Court, nor shall such discovery material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.  The production of any discovery material in this action, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the attorney work-product doctrine, will not waive the attorney-client privilege or the attorney work-product doctrine as to any material not produced, regardless of its subject matter.  This shall in no way prejudice either party's right to challenge a claim of privilege and seek an order to compel production of any disputed document or information.

12.     Nothing herein shall be construed to effect in any way the admissibility of any document, testimony or other evidence at the trial of this Action.  Nothing herein shall be construed to limit in any way any party's use of its own discovery materials, including the party's own Confidential Information.

13.     The parties' obligation to not disclose, describe or otherwise make available, directly or indirectly, any Confidential Information except as provided for herein shall survive the termination or any final resolution of this Action.  The Confidential Information and any

copies thereof shall be destroyed or returned to the party who produced such information within thirty (30) days after the final conclusion of this litigation.  In the event the Confidential Information is destroyed, counsel shall certify in writing to the party who produced such information that such destruction has taken place.  Final conclusion of this action shall mean after all appeal periods have expired and any settlements or judgments have become final.

14.  Any party may move the Court for a modification of this Stipulation and Order at any time, upon notice to all parties.

15.  This Stipulation and Order may be executed in counterpart.

April 28, 2006

| ROSE & ASSOCIATES | CRAVATH, SWAINE & MOORE, LLP |
|---|---|
| By: /s/ Lisa A. Tenerowicz  <br>Alan D. Rose  <br>Alan D. Rose, Jr.  <br>Lisa A. Tenerowicz  <br>Attorneys for Plaintiff EchoMail Inc.  <br>29 Commonwealth Avenue  <br>Boston, Massachusetts  02116  <br>Tel: 617-536-0040 | By: /s/ Thomas G. Rafferty (SDP)  <br>Thomas G. Rafferty  <br>Rowan D. Wilson  <br>Attorneys for Defendant International Business Machines Corp.  <br>825 Eighth Avenue  <br>New York, New York  10019  <br>Tel:  212-474-1000 |
| SO ORDERED: | GREENBERG TRAURIG LLP |
| _____ | By: /s/ John F. Farraher, Jr. (LAT)  <br>John F. Farraher, Jr.  <br>Louis Smith  <br>Attorneys for Defendant American Express Co.  <br>200 Campus Drive  <br>Florham Park, New Jersey 07832  <br>Tel:  973-360-7900 |

## Certificate of Service

  I, Lisa A. Tenerowicz, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 10, 2006