**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

ECHOMAIL, INC.,

                Plaintiff,

v.

AMERICAN EXPRESS CO. and
INTERNATIONAL BUSINESS
MACHINES, CORP.,

                Defendants.

Civil Action No. 05-11318-
NMG

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S
RESPONSE TO PLAINTIFF ECHOMAIL INC.'S MOTION TO EXTEND DISCOVERY
DEADLINES**

Dated:  July 11, 2006

IBM CORPORATION,

By its attorneys,

Stephen D. Poss, P.C.
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

and

Thomas G. Rafferty
Rowan D. Wilson
(both admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

This case is, at base, a dispute between the plaintiff, EchoMail, and the defendant, American Express. Because IBM does not believe it should be a party to this dispute, and at most is peripheral to the battle between the two protagonists, counsel for IBM informed counsel for EchoMail and counsel for American Express that while IBM would not join in a motion to extend the Court's discovery schedule, neither would IBM oppose such a motion. IBM was and remains prepared to abide by whatever schedule the Court determines for this case. As such, IBM believed that its participation in this motion would be unnecessary.

Unfortunately, rather than simply move the Court for an extension of the discovery deadlines, EchoMail decided to submit a tendentious motion which unfairly casts aspersions upon IBM. EchoMail's motion presents such an incomplete and self-serving portrayal of the facts as to risk misleading the Court. Therefore, while IBM does not oppose EchoMail's motion to extend the discovery deadlines, IBM feels compelled to submit this short response in order to correct the record.

EchoMail brought this case on an emergency basis, seeking a temporary restraining order and an expedited preliminary injunction hearing, in June of 2005. More than a year later, as of the date EchoMail served its instant Motion to Extend Discovery Deadlines, EchoMail was the only party to this action which had not produced a single page of documents in discovery – none of the documents requested by defendant IBM, and none of the documents requested by defendant American Express. (Both IBM and American Express had already produced documents by that date.) Given that history, it is odd that EchoMail chose to throw the first stone when seeking to extend the deadlines in this case.

EchoMail alludes to but does not accurately inform the Court that EchoMail failed to answer IBM's interrogatories in a timely basis and thereafter sought three extensions of time.

2

This is significant, because IBM's interrogatories merely sought to learn the basis for the conclusory contentions in EchoMail's complaint.

EchoMail's complaint relies entirely on conclusory allegations against IBM, but fails to support them with any facts.  For example, EchoMail provides no factual basis for its conclusory assertion that IBM "will improperly use EchoMail's technology and proprietary information."  Complaint, ¶ 1.  (Of course, in order to sustain a cause of action in this case, EchoMail must prove that IBM is improperly *using* EchoMail's proprietary trade secrets; to this day, EchoMail has never provided any factual support for such an allegation.)

Given the vague and conclusory nature of EchoMail's allegations against IBM, IBM served its first set of interrogatories to EchoMail on April 21, 2006.  (A copy of IBM's first set of interrogatories is attached as Exhibit A hereto.)  IBM's interrogatories are concise and consist entirely of contention interrogatories asking EchoMail to "state the basis" for certain of the allegations in EchoMail's complaint.  Given that EchoMail was required to have a basis for the allegations in its complaint before filing it, providing answers to IBM's contention interrogatories should have been a simple and swift exercise for EchoMail.  That was not to be the case.

EchoMail's answers to IBM's interrogatories were due on May 22, 2006.  May 22 came and went with no answer or any other communication from EchoMail or its counsel.  Ten days after the due date for EchoMail's answers, EchoMail's counsel first contacted counsel for IBM to request a 15-day extension of time to respond to the interrogatories, until June 6.  IBM, as a courtesy to counsel, agreed.  (See Exhibit B.)  On June 5, the day before EchoMail's extension expired, EchoMail requested a second extension of time to respond to IBM's contention interrogatories, this time until June 13.  IBM, as a courtesy, once again agreed.  (See Exhibit C.)

3

On June 13, EchoMail sought yet a third extension of time to respond to IBM's contention interrogatories. Again, IBM agreed. (See Exhibit D.) Finally, EchoMail served its answers to IBM's interrogatories on June 15, eight weeks after IBM had served them and only one month before the discovery cutoff date. It should be noted that nowhere in the answers to those interrogatories does EchoMail provide any basis for its contention that IBM "will use" any information it has obtained from EchoMail, much less that IBM is using such information. It is apparent from EchoMail's answers to IBM's contention interrogatories that there is, indeed, no basis for the operative allegations in the complaint as they relate to IBM.

EchoMail also sought – and IBM agreed to – an extension of time to respond to IBM's request for production of documents. As of the time EchoMail served its motion to extend the discovery schedule, seeking to blame the defendants for the need for an extension, EchoMail had not produced a single page of documents to IBM in discovery in this case. Finally, on June 29, EchoMail produced an initial batch of 822 pages of documents. Only on July 6, 2006, did EchoMail produce an additional 4763 pages of documents in response to IBM's April 28 request for production of documents. Even then, EchoMail stated to counsel for IBM that it would "continue EchoMail's production on a rolling basis as additional documents become available." (See Exhibit E.)[1]

---

[1] EchoMail's lengthy rendition of the negotiation of a stipulated protective order also fails to tell the real story. For example, by EchoMail's own admission, counsel for EchoMail waited from March 7, 2006, until March 23 to follow up with counsel for American Express with regard to the proposed protective order, and then chose not even to send a copy of that communication to counsel for IBM. EchoMail then waited until April 21, after IBM served its interrogatories, to follow up with counsel for IBM. (See Exhibits 4 and 5 to EchoMail's motion.) As IBM's counsel pointed out in its letter of April 24, 2006, "a simple phone call" would have sufficed to move things along. (See Exhibit 6 to EchoMail's motion.) Similarly, during the four months between July and November of 2005, EchoMail did nothing to move its case along and did not even contact IBM's counsel. For a plaintiff who purported to bring this case on an emergency expedited basis, EchoMail's dilatory conduct in this matter is remarkable.

4

Given EchoMail's long delay and repeated requests for extensions of time simply to state the basis for its own contentions in its own complaint, and EchoMail's delay in producing its own documents in this matter, it should have been sufficient for EchoMail simply to request an extension of time from the Court, which IBM said it would not oppose, and try to move the case forward.  Instead, EchoMail chose to use the motion for an extension of the discovery schedule to attempt to shift the blame to other parties for its own delays.  We have, therefore, submitted this response to EchoMail's motion in order to provide a more balanced and accurate view of the history of discovery in this matter.

Now that EchoMail has finally answered IBM's interrogatories, IBM has for the first time been informed by EchoMail of at least some details concerning the allegations EchoMail made more than a year ago.  Based on this new information (as of the preparation of this response to EchoMail's motion, IBM has not yet had a chance to review the 4763 pages of documents produced by EchoMail on July 6), IBM is in the process of double-checking its document production to determine whether additional documents exist that are responsive to EchoMail's document requests.  IBM will produce documents to the extent they exist.

5

Respectfully submitted,

IBM CORPORATION,

By its attorneys,

/s/ Stephen D. Poss
Stephen D. Poss, P.C.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

and

Thomas G. Rafferty
Rowan D. Wilson
(both admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Dated:  July 11, 2006                              (212) 474-1000


## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2006.

/s/ Stephen D. Poss
Stephen D. Poss

6

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ECHOMAIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS CO. and INTERNATIONAL BUSINESS MACHINES, CORP., <br><br> Defendants. | Civil Action No. 05-11318-NMG |

## DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Dated:  April 21, 2006

IBM CORPORATION,

By its attorneys,

Stephen D. Poss, P.C.
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

and

Thomas G. Rafferty
Rowan D. Wilson
(both admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.5 and 33.1, defendant International Business Machines Corporation ("IBM") requests that plaintiff EchoMail, Inc., answer the following interrogatories, under oath, within thirty (30) days of service.

## **DEFINITIONS**

(1)     "You" and "your" and "EchoMail" shall refer to Plaintiff EchoMail, Inc., and its officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

(2)     "Document" and "documents" mean and include any recorded, written, printed, typed, or graphic information or material of any kind, variety, type and character discoverable under Rule 34(a) of the Federal Rules of Civil Procedure (whether copy or original), including but not limited to information within or stored on or in any computer or memory device and any information retrieved or retrievable from any computer or memory device, including computer generated reports and printouts, and including deleted but recoverable data.  A draft or non-identical copy is a separate document within the meaning of this term.

(3)     "Concerning" has the meaning defined in Local Rule 26.5.

(4)     "Including" means "including, but not limited to."

(5)     "Person" has the meaning defined in Local Rule 26.5.

(6)     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any documents and information which might otherwise be construed to be outside their scope.

(7)     "All" shall be construed as all, any, and each.

(8)     "Communication" has the meaning defined in Local Rule 26.5.

(9)     "Identify" with respect to persons has the meaning defined in Local Rule 26.5.

2

(10)    "Identify" with respect to documents has the meaning defined in Local Rule 26.5.

(11)    "State the basis" has the meaning defined in Local Rule 26.5.

(12)    "Parties" and "IBM" have the meaning defined in Local Rule 26.5.

(13)    "Complaint" means the Complaint in this Action.

(14)    "Shiva Affidavit" means the affidavit of V. A. Shiva Ayyadurai in this Action dated June 20, 2005.

(15)    "Supplemental Shiva Affidavit" means the First Supplemental Affidavit of V. A. Shiva Ayyadurai in this Action dated June 29, 2005.

(16)    "AmEx" means defendant American Express Co.

(17)    "IBM" means defendant International Business Machines Corporation.

## INSTRUCTIONS

(1)     The interrogatories set forth below are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

(2)     Where an interrogatory does not specifically request a particular fact or particular information, but where such fact or information is necessary to make the answer to the interrogatory comprehensible, complete, or not misleading, the interrogatory is deemed to request such fact or information.

(3)     Each interrogatory is to be construed independently and answered separately, fully, and completely, without reference to any answer to any other interrogatory.

(4)     If you are unable to answer any of the following interrogatories fully and completely after exercising reasonable effort and due diligence to secure the requested information, please so state and answer each such interrogatory to the fullest extent possible,

LIBA/1678330.3

specify the portion of the interrogatory that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the interrogatory. If the information sought is in the possession of a person other than you, identify that person.

(5)    If you claim privilege, work product, or any other statutory or common law exemption as a ground for withholding any information called for by an interrogatory, or any part of any document requested below, then set forth with respect to each such piece of information or document facts of sufficient specificity to permit the Court to determine the validity of the claim of privilege, work product, or other exemption.

(6)    These interrogatories are deemed to be continuing so as to require you to supplement your responses promptly in the event that you obtain additional responsive information or documents.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the basis for your allegation in paragraph 1 of the Complaint that IBM "will improperly use EchoMail's technology and proprietary information."

### INTERROGATORY NO. 2:

State the basis for your allegation in paragraph 26 of the Complaint that, "Since in or about 1996, IBM has sought to learn EchoMail's confidential and proprietary technology related to hosted, web-based email management software and services."

4

**INTERROGATORY NO. 3:**

State the basis for your allegation in paragraph 27 of the Complaint that, "In or about 1996, IBM approached EchoMail seeking to host EchoMail's applications at IBM's facilities so IBM could 'resell' EchoMail to other customers."

**INTERROGATORY NO. 4:**

State the basis for your allegation in paragraph 28 of the Complaint that, "In or about 2000, IBM approached EchoMail seeking to invest in EchoMail."

**INTERROGATORY NO. 5:**

State the basis for your allegation in paragraph 29 of the Complaint that, "In or about 2002, IBM approached EchoMail seeking a partnership in which IBM would gain access to EchoMail's confidential and proprietary outbound email marketing technology and code."

**INTERROGATORY NO. 6:**

State the basis for your allegation in paragraph 30 of the Complaint that, "In or about 2004, IBM approached EchoMail seeking to 'host,' or provide the hardware necessary, to run EchoMail's web-based, 'on demand' software applications."

**INTERROGATORY NO. 7:**

State the basis for your allegation in paragraph 49 of the Complaint that, "In fact, the real reason for AmEx's architecture review, which AmEx intentionally did not disclose to EchoMail, was to gain access to all details of EchoMail's confidential and proprietary technology so that AmEx and IBM could use the technology after AmEx breached its contract and severed its relationship with EchoMail."

**INTERROGATORY NO. 8:**

State the basis for your allegation in paragraph 57 of the Complaint that, "AmEx and IBM have entered into a multi-billion dollar contract under which IBM provides AmEx with computer hardware, software and services. As part of that contract, IBM commercializes AmEx business processes through the use of AmEx's internal technology or vendor technology."

**INTERROGATORY NO. 9:**

State the basis for your allegation in paragraph 58 of the Complaint that, "the information obtained by AmEx and IBM during the EchoMail architecture review will be used to unfairly compete against EchoMail in a number of ways, including through its use by IBM and AmEx directly or its resale to IBM customers."

**INTERROGATORY NO. 10:**

State the basis for your allegation in paragraph 61 of the Complaint that, "IBM and AmEx...misappropriated, with the intent to convert to their own use, EchoMail's confidential and proprietary information."

**INTERROGATORY NO. 11:**

State the basis for your allegation in paragraph 63 of the Complaint that, "The actions of IBM and AmEx are causing irreparable harm to EchoMail which is not compensable through money damages."

**INTERROGATORY NO. 12:**

State the basis for your allegation in paragraph 72 of the Complaint that, "EchoMail has suffered damages."

6

**INTERROGATORY NO. 13:**

State the basis for the contention in paragraph 8 of the Shiva Affidavit that EchoMail "revealed" its "computer code, to the group on the call."

**INTERROGATORY NO. 14:**

State the basis for the statement in paragraph 9 of the Shiva Affidavit that, "IBM has made many approaches to EchoMail over the last 9 years."

**INTERROGATORY NO. 15:**

State the basis for the contention in paragraph 10 of the Shiva Affidavit that, "IBM wanted to learn our proprietary technology, which would enable IBM to compete against EchoMail."

**INTERROGATORY NO. 16:**

State the basis for the contentions in paragraph 11 of the Shiva Affidavit that, "As a result of IBM's surreptitious participation in the telephone conference call, IBM and AmEx now know EchoMail's proprietary and confidential technology, including its 'code,' concerning its web-based, on demand electronic communication management process. Armed with this information they have the knowledge and ability to copy our product and compete with us in the marketplace."

**INTERROGATORY NO. 17:**

State the basis for the contention in paragraph 4(g) of the Supplemental Shiva Affidavit that, "Based on what IBM and AmEx learned in the architecture review they are in a position to

7

review, modify and upgrade our competitors' products for AmEx and other business."

Respectfully submitted,

IBM CORPORATION,

By its attorneys,

Stephen D. Poss, P.C.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

and

Thomas G. Rafferty
Rowan D. Wilson
(both admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated:  April 21, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing DEFENDANT
INTERNATIONAL BUSINESS MACHINES CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF was service upon all counsel on the attached service list,
this 21st day of April, 2006.

STEPHEN D. POSS, P.C.

8

LIBA/1678330.3

## SERVICE LIST

**BY HAND AND U.S. MAIL**

Alan D. Rose, Sr. Esq.
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA   02116

**BY U.S. MAIL**

Louis Smith, Esq.
Greenberg Traurig LLP
200 Campus Drive, P.O. Box 677
Florham Park, NJ   07932-0677

John F. Farraher, Jr., Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA   02110

9

Exhibit B

**Costa, Frances L**

| | |
|---|---|
| **From:** | Poss, Stephen D |
| **Sent:** | Wednesday, May 31, 2006 5:02 PM |
| **To:** | 'Lisa Tenerowicz' |
| **Cc:** | Thomas G. Rafferty (trafferty@cravath.com) |
| **Subject:** | RE: EchoMail - AmEx / IBM |

Lisa--

This email will confirm that EchoMail has requested, and that IBM has agreed to, the extension of EchoMail's time  to answer IBM's First Set of Interrogatories to and including June 6 and the extension of EchoMail's time to respond to IBM's First Set of Requests for the Production of Documents to and including June 22, 2006.

Regards,

--Steve Poss



Stephen D. Poss, P.C.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
phone: 617.570.1886
fax:     617.523.1231
sposs@goodwinprocter.com
www.goodwinprocter.com

-----Original Message-----
**From:** Lisa Tenerowicz [mailto:lat@rose-law.net]
**Sent:** Wednesday, May 31, 2006 3:35 PM
**To:** Poss, Stephen D
**Subject:** EchoMail - AmEx / IBM

Steve,

I just left a message with your secretary who told me you are in a meeting.  The reason for my telephone call was to request a short extension for EchoMail to answer IBM's Interrogatories and respond to IBM's Request for Production of Documents.

If it is OK with you, we would like until Tuesday June 6 to answer the interrogatories and until Thursday June 22 to respond to the request for production of documents.

Please let me know if this is acceptable.

Thanks Steve,

-Lisa

Lisa A. Tenerowicz
ROSE & ASSOCIATES
29 Commonwealth Avenue

7/6/2006

Boston, MA 02116
Tel: (617) 536-0040
Fax: (617) 536-4400

Exhibit C

**Costa, Frances L**

| | |
|---|---|
| **From:** | Poss, Stephen D |
| **nt:** | Tuesday, June 06, 2006 2:48 PM |
| **To:** | 'Lisa Tenerowicz' |
| **Cc:** | Thomas G. Rafferty (trafferty@cravath.com) |
| **Subject:** | RE: EchoMail - IBM |

Lisa--

This will confirm that EchoMail has requested, and IBM has agreed to, another extension of EchoMail's time to answer IBM's First Set of Interrogatories to and including Tuesday, June 13.

Regards,

--Steve Poss


Stephen D. Poss, P.C.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
phone: 617.570.1886
fax:    617.523.1231
s(    )@goodwinprocter.com
www.goodwinprocter.com

-----Original Message-----
**From:** Lisa Tenerowicz [mailto:lat@rose-law.net]
**Sent:** Monday, June 05, 2006 5:46 PM
**To:** Poss, Stephen D
**Subject:** EchoMail - IBM

Hi Steve,

I write to request another short extension in order for EchoMail to complete its answers to IBM's interrogatories. We are currently working on the answers, but it is going to take us more time than I anticipated to complete our responses. Can we have until Tuesday, June 13 to serve our answers? Please let me know.

Thanks you.

-Lisa


Lisa A. Tenerowicz
ROSE, CHINITZ & ROSE
29 Commonwealth Avenue
Boston, MA 02116
T   (617) 536-0040
Fax: (617) 536-4400


6/7/2006

Exhibit D

**Costa, Frances L**

| | |
|---|---|
| **From:** | Poss, Stephen D |
| **Sent:** | Thursday, June 15, 2006 11:21 AM |
| **To:** | 'Lisa Tenerowicz' |
| **Cc:** | 'Thomas G. Rafferty (trafferty@cravath.com)'; 'Louis Smith (smithlo@gtlaw.com)' |
| **Subject:** | RE: EchoMail v. AmEx |

Lisa--

As we discussed by telephone, this will confirm that Plaintiff EchoMail has requested, and IBM has agreed to, a third extension of EchoMail's time to answer IBM's First Set of Interrogatories, to and including Friday, June 16, 2006.

As we also discussed, we agreed to EchoMail's request for this third courtesy extension based on your representation that EchoMail will not use the impending discovery cutoff date to object to IBM's service of a reasonable number of deposition notices once we have received and reviewed EchoMail's answers to the interrogatories. IBM's First Set of Interrogatories consists solely of contention interrogatories directed at learning the basis for the claims against IBM asserted by EchoMail. IBM served the interrogatories by hand delivery on April 21, 2006, and EchoMail's answers, prior to the courtesy extnesions requested by EchoMail, were due on May 22. We have held off on serving deposition notices until we saw EchoMail's answers to those interrogatories, in order to determine whether we needed to take any depositions, and if so of which persons. While we have agreed to each extension requested by EchoMail, we reasonably requested, and you agreeed , that IBM will not be prejudiced by EchoMail's delay.

Regards,

--Steve Poss

Stephen D. Poss, P.C.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
phone: 617.570.1886
fax:    617.523.1231
sposs@goodwinprocter.com
www.goodwinprocter.com

-----Original Message-----
**From:** Lisa Tenerowicz [mailto:lat@rose-law.net]
**Sent:** Tuesday, June 13, 2006 4:57 PM
**To:** Poss, Stephen D
**Cc:** 'Alan Rose Jr'
**Subject:** EchoMail v. AmEx

Good afternoon Steve,

I apologize for the late notice, but we are going to need a little more time –until Friday, June 16 -- to complete EchoMail's Answers to IBM's interrogatories. We are in the process of finalizing the Answers, and have been working to gather additional responsive information. Unfortunately, this process has taken longer than I originally estimated. Please let me know if this is acceptable.

Thank you.

-Lisa

Lisa A. Tenerowicz
ROSE, CHINITZ & ROSE
29 Commonwealth Avenue
Boston, MA 02116
Tel: (617) 536-0040
Fax: (617) 536-4400

Exhibit E

# Rose, Chinitz & Rose

COUNSELLORS AT LAW

29 COMMONWEALTH AVENUE
BOSTON • MASSACHUSETTS • 02116
www.rose-law.net

ALAN D. ROSE
MICHAEL L. CHINITZ
ALAN D. ROSE, JR.
RICHARD E. BOWMAN
MICHAEL J. MOTT
LISA A. TENEROWICZ

TEL: 617/536-0040
FAX: 617/536-4400

July 6, 2006

**BY HAND DELIVERY**

Mr. Stephen D. Poss, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Re:    *EchoMail, Inc. v. American Express Co. and IBM Corp.*,
Civil Action No. 05-11318-NMG (D. Mass.)

Dear Steve:

In response to *International Business Machines Corporation's First Request for the Production of Documents*, I enclose documents BATES stamped ECO 0823 – 5585.  Please note that the documents are also designated as "Confidential" pursuant to the Stipulation and Order for the Production and Exchange of Confidential Information in this case.  As I explained in my letter dated June 29, 2006, we will continue EchoMail's production on a rolling basis as additional documents become available.

Please do not hesitate to contact me should you have any questions.

Very truly yours,

Lisa A. Tenerowicz

LAT/mct
Enclosure

cc:    Thomas Rafferty (w/o encl., by email and U.S. Mail)