**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ECHOMAIL, INC., <br><br>          Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS CO. and <br> IBM CORP., <br><br>          Defendants. | CIVIL ACTION NO. 05-11318 |

**DEFENDANT AMERICAN EXPRESS COMPANY'S RESPONSE TO PLAINTIFF'S**
**MOTION TO EXTEND DISCOVERY DEADLINES**

Defendant American Express Company ("American Express") hereby responds to Plaintiff EchoMail, Inc.'s ("EchoMail") Motion to Extend Discovery Deadlines ("Motion"). For the reasons set forth herein, American Express does not oppose EchoMail's motion, but is compelled to file this response to address statements contained in EchoMail's papers.

1.    EchoMail's Motion contends that the discovery deadlines must be extended because of conduct of the Defendants. To the contrary, EchoMail's failure to move forward diligently with discovery has caused the delay.

2.    American Express served its First Request for the Production of Documents on EchoMail on February 17, 2006. At the time EchoMail filed its Motion (June 27, 2006), EchoMail had not produced a single document. On the other hand, at the time the Motion was filed, Defendants American Express and IBM Corp. ("IBM") had produced documents.

3.    On June 12, 2006, American Express served deposition notices on EchoMail. In its cover letter, American Express requested that the dates for the depositions be confirmed as soon as possible and that EchoMail advise when it would produce its documents. EchoMail did

not respond to that letter and deposition notices until June 21, 2006, when EchoMail advised that certain EchoMail personnel who were noticed for depositions were out of the country and would not be back before the July 15, 2006, fact-deposition cut-off.  EchoMail further refused to commit to a date when it would produce documents.

4.    EchoMail's Motion references an alleged delay in finalizing the terms of a protective order.  Any such delay was not caused by American Express.  On March 6, 2006, American Express approved the form that was ultimately agreed to by all parties in this case, and requested the other parties would confirm if the terms were acceptable.  Any delay of the ultimate entry of the order had nothing to do with American Express.

5.    American Express wanted the current schedule to remain in place because, among other reasons, EchoMail continues to hold American Express's confidential information, which American Express wants returned as soon as possible.  However, in light of EchoMail's failure to produce documents and witnesses for depositions, the existing schedule cannot be met.  As a result, American Express does not oppose the alteration to the schedule as set forth in EchoMail's Motion.

Respectfully submitted,

AMERICAN EXPRESS COMPANY,
By its attorneys,


 /s/ John F. Farraher, Jr.
John F. Farraher, Jr., BBO # 568194
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Dated: July 11, 2006

3

**CERTIFICATE OF SERVICE**

       I, John F. Farraher, Jr. hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified below:


Alan D. Rose
Rose & Associates
29 Commonwealth Avenue
Boston, MA 02116

Stephen D. Poss
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Thomas G. Rafferty
Cravath, Swaine & Moore, LLP
Worldwide Plaza-825 Eighth Avenue
New York, NY 10019


                                  /s/ John F. Farraher, Jr._____
                                  John F. Farraher, Jr.