**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ECHOMAIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS CO. and IBM CORP., <br><br> Defendants. | CIVIL ACTION NO. 05-11318 |

**DEFENDANT AMERICAN EXPRESS COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF THE COURT'S JULY 14, 2006, MEMORANDUM AND ORDER GRANTING AMERICAN EXPRESS COMPANY'S MOTION FOR SUMMARY JUDGMENT AS TO ITS <u>REPLEVIN COUNTERCLAIM</u>**

Defendant American Express Company ("American Express") respectfully submits this memorandum in opposition to the Motion for Reconsideration ("Motion") of the Court's July 14, 2006, Memorandum and Order ("Memorandum") awarding American Express summary judgment regarding its Counterclaim for replevin addressing a database server and confidential customer information. Plaintiff EchoMail, Inc.'s ("EchoMail") Motion does nothing more than repeat points it raised in its prior submission. As EchoMail's Motion completely fails to satisfy — or even address — the stringent standard applicable to a motion for reconsideration, the Court should deny the Motion.

## BACKGROUND

On September 29, 2005, American Express filed a Motion for Summary Judgment regarding its replevin counterclaim, which sought the return of a database server and confidential customer information. On or about October 13, 2005, EchoMail filed Opposition to American Express's Summary Judgment Motion.

In its Memorandum, the Court granted American Express's motion, and made the following findings based on the submissions:

1. EchoMail does not dispute that the server and confidential information are properly the subject to a replevin action. Memorandum at 7.

2. EchoMail does not challenge the contention that American Express is the owner of the server and confidential information. *Id.*

3. EchoMail does not dispute that American Express demanded the return of the server and confidential information. *Id.*

4. EchoMail does not oppose returning the property sought by American Express, but merely contends that American Express should pay the cost of extracting its data from EchoMail's database. *Id.* at 8.

None of those findings is challenged in EchoMail's Motion. In light of those concessions and the evidence that American Express submitted, the Court granted American Express's summary-judgment motion. While the Court did not require American Express to pay the cost of extraction of the confidential information at this time, it nevertheless found that its conclusion did not foreclose EchoMail from seeking reimbursement for such costs provided that it can establish that it is legally entitled to be repaid. *Id.* at 9.

## ARGUMENT

### EchoMail's Motion Should be Denied Because it Simply Rehashes Arguments that it Raised Before and Thus Completely Fails to Carry the Heavy Burden to Obtain Reconsideration

While a District Court has the authority to revisit certain orders, the Supreme Court has "admonished that 'courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.''" *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (*quoting Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166 (1988) (*quoting Arizona v. California*, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382 (1983))). "'The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning.'" *Davis*, 89 F. Supp. 2d at 149 (*quoting McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997)).

Thus, a court should grant a motion for reconsideration only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order. *Davis*, 89 F. Supp. 2d at 147 (*citing McCoy*, 966 F. Supp. at 1222-23 and 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 4478, at 789-90 (1981)). Those limited circumstances are "narrowly configured and seldom invoked." *United States v. Connell*, 6 F. 3d 27, 31 (1st Cir. 1993). EchoMail's does not even attempt to address the applicable standard. This is not surprising as the Motion does not approach satisfying the heavy reconsideration burden.

### A.    There has Been No Intervening Change in the Law

EchoMail does not and cannot contend that there has been any intervening change in the law. Almost all of the case law EchoMail cites in its Memorandum in Support of its Motion ("Recon. Memo") addresses generic summary-judgment principles, none of which was handed down recently, and virtually all of which EchoMail cited in its Memorandum in Opposition to Summary Judgment ("SJ Opp. Memo"). *Compare* Recon. Memo at 3-4 *with* SJ Opp. Memo at 7-8. The only replevin decision EchoMail cites in its Motion is *DaSilva v. The Coffee Connection, Inc.*, 1994 WL 879508 (Mass. Super. Nov. 17, 1994). *See* Recon. Memo at 4-6. *DaSilva* is not a recent opinion, and moreover EchoMail had previously cited the opinion in its Summary Judgment Opposition. *See* SJ Opp. Memo at 11-12. Beyond that, the Court explicitly addressed *DaSilva* when analyzing EchoMail's argument. *See* Memorandum at 8. Thus, there has been no intervening change in the law, and all of the legal authorities or principles raised by EchoMail in the Motion have previously been addressed by the Court.

### B.    No New Evidence Has Been Discovered or Presented

EchoMail does not contend that it has discovered new evidence that was not previously available. To the contrary, in support of its Motion it relies only on a supporting Memorandum and "its earlier submissions in opposition to AmEx's motion for summary judgment." Motion at 1. Thus, the evidentiary record is exactly the same as the one previously before the Court in connection with the motion for summary judgment. There is no "new evidence" before the Court.

### C. The Court Did Not Make a Clear Error of Law

EchoMail cannot demonstrate a "clear error of law in the first order." The Court's decision is fully consistent with the applicable legal authorities that EchoMail conceded control. In addressing the Memorandum, EchoMail simply rehashes arguments that it raised earlier. This is insufficient to warrant reconsideration. *See Davis*, 89 F. Supp. 2d at 147-48 (comparing memorandum in support of original motion with memorandum in support of reconsideration and concluding "that the latter simply rehashes arguments set forth in the former. This is not enough to merit reconsideration.") *citing, among other cases, In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992) ("A motion for reconsideration is not a means by which parties can rehash previously made arguments.") and *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991) ("Generally, a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court.").

In its Motion, EchoMail relies on its contention that it is standard industry practice to pay for the services associated with generating flat files. *See* Recon. Memo at 4-5. EchoMail, however, raised this contention in its papers in opposition to the summary judgment motion. *See* S.J. Opp. Memo at 11. Indeed, EchoMail essentially just copied its earlier summary-judgment submission and submitted it again as a motion for reconsideration. *Compare* Recon. Memo at 4, Point II *with* S.J. Opp. Memo at 11, first full paragraph.[1]

---

[1] In its Summary Judgment Opposition Memorandum at 11, EchoMail stated as follows: "Moreover, AmEx knows that it is standard practice among information technology organizations to provide such information as Flat Files and that it is required to pay for the professional services associated with extracting the Data Schema and generating the Flat Files. Consequently, this procedure (and payment

EchoMail in the Motion further relies on the contention that American Express knew that it was required to pay a fee to obtain its confidential information. *See* Recon. Memo at 5-6. Once again, EchoMail raised this contention in its papers in opposition to the summary-judgment motion. *See* S.J. Opp. Memo at 12-13. And once again, EchoMail essentially just copied and resubmitted its earlier summary-judgment opposition. *Compare* Recon. Memo at 4, Point Heading III ("AmEx Knew that it was Required to Pay a Professional Services Fee for Extraction of AmEx's Customer Information from EchoMail's Proprietary Database Format") *with* S.J. Opp. Memo at 12, Point Heading B ("AmEx Knows That It Is Required to Pay EchoMail Professional Services Fees To Convert The Data to Flat File Format").

Moreover, EchoMail's Motion fails to address what the Court in its Memorandum actually held. EchoMail challenges the Court's ruling based on the contention that American Express is not entitled to obtain its server and confidential information "free of charge." Recon. Memo at 4. Thus, EchoMail characterizes the Memorandum as a determination "that AmEx will not be required to pay the cost of converting its confidential customer information into Flat File format." *Id.* To the contrary, the Court explicitly concluded that its decision "does not foreclose EchoMail from seeking reimbursement of such costs." Memorandum at 9. As EchoMail's Motion effectively ignores this portion of the Court decision, its Motion should be denied.

---

of the associated fees) is the preliminary action that must be performed before AmEx can legitimately claim an unqualified and exclusive right of possession to the information on the Database Server and archived tapes. DaSilva, 1994 WL 879508, at *1." In its Reconsideration Memorandum at 4-5, EchoMail essentially restates this as follows: "AmEx, however, is well-aware that it is standard practice among information technology organizations to provide such information as Flat Files and that it is required to pay for the professional services associated with extracting the Data Schema and generating the Flat Files. Consequently, this procedure – as well as payment of the associated fees – is the preliminary action that must be performed before AmEx is entitled to the return of the Database Server and its Confidential Customer Information stored on the archived tapes. DaSilva v. The Coffee Connection, Inc., 1994 WL 879508, at *1 (Mass. Super. Nov. 17, 1994)."

Finally, EchoMail does not even attempt to argue that the Memorandum resulted in a "'"manifest injustice."'" *Davis*, 89 F. Supp. 2d at 147 (*quoting Christianson*, 486 U.S. at 817 (*quoting Arizona*, 460 U.S. at 618 n. 8)).  To the contrary, it is American Express that demanded the return of its confidential information over one year ago.  As the Court found, the time has come for EchoMail to return what it concedes is valuable property of American Express.

## CONCLUSION

For all the forgoing reasons, American Express requests that this Court deny EchoMail's Motion for Reconsideration in its entirety, and award American Express any further relief that the Court deems appropriate and just.

Dated:  August 7, 2006

                                                Respectfully submitted,

/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO# 568194)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
(617) 310-6000

-and-

Louis Smith (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
P.O. Box 677
Florham Park, NJ  07932
(973) 360-7900