UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-11318-GAO |
| ) | |
| AMERICAN EXPRESS CO. ) | |
| and IBM CORP., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF ECHOMAIL, INC.'S
## MOTION TO EXTEND DISCOVERY DEADLINES

Plaintiff EchoMail, Inc. ("EchoMail") hereby moves to extend the discovery deadlines in this case. EchoMail seeks extremely limited relief to complete discovery in this case. Specifically, EchoMail seeks the following: (1) the deposition testimony of an IBM Corporation ("IBM") representative pursuant to Fed. R. Civ. P. 30(b) (6); (2) the deposition testimony of an American Express Company ("AmEx") representative pursuant to Fed. R. Civ. P. 30(b)(6); (3) a supplemental document request from AmEx that is narrowly tailored to address specific topics; (4) a motion to compel answers to interrogatories from IBM; and (5) a narrowly tailored *subpoena duces tecum* to Ameriprise Financial (formerly American Express Financial Advisors). EchoMail therefore respectfully requests that the Court extend the deadline for the completion of fact discovery until December 15, 2006. EchoMail does not seek to extend the other deadlines in the case, including the January 31, 2007 deadline for expert discovery and the February 15, 2007 deadline for dispositive motions.

As grounds for this motion, EchoMail therefore states as follows:

1.  On July 17, 2006 the Court ordered that all non expert discovery, including non-expert depositions, was to be completed by October 16, 2006.

2.  Following the Court's July 17, 2006 order, the parties have been working cooperatively to schedule and complete all aspects of discovery, including the depositions that each party believes are essential to its respective case.

3.  To that end, the parties have worked cooperatively to bring witnesses from Arizona, Florida, North Carolina and New Jersey to New York City and Boston in order to reduce travel time and avoid delay.

4.  In addition, the parties have worked together to group deponents in such a way that the depositions can be taken efficiently and on successive days.

5.  Consequently, by October 16, 2006, the parties will have completed nine (9) of the depositions that have been noticed to date and have jointly agreed to a definitive schedule for the completion of an additional eight (8) depositions.

6.  To facilitate discovery and in the interest of fairness to the parties, after AmEx could not locate a former EchoMail employee now living out of state, EchoMail agreed to accept service on her behalf, and made her available for a deposition in Boston. Despite EchoMail's willingness to assist AmEx in locating this witness and making her available, AmEx has refused to extend EchoMail any additional necessary discovery.

7.  To date, by its failure to answer several of EchoMail's interrogatories, IBM has refused to provide access through the discovery process to information related to IBM's activities in electronic mail response management systems. One witness produced by IBM was a "scheduler" and another witness denied knowing what an email management system was despite the fact that he directly participated in IBM's evaluation of EchoMail's email management

...
...
...

product.

8. Based on IBM's questioning of EchoMail's witnesses and IBM's earlier responses to EchoMail's interrogatories, EchoMail has determined that additional information is needed from IBM. One of IBM's areas of inquiry with EchoMail's witnesses has focused on what knowledge EchoMail has about IBM's use of information obtained from EchoMail. Yet, IBM has refused to produce this very information.

9. Accordingly, EchoMail intends to file a motion to compel the answers to EchoMail's Interrogatories 6, 8, 9, 10, 11, and 12 that IBM earlier objected to and refused to answer.

10. Based on additional information ascertained during discovery, EchoMail seeks to serve a supplemental document request for a limited set of documents from AmEx. *EchoMail's Second Request for Production of Documents from Defendant American Express Company* is attached as Exhibit A.

11. In addition, EchoMail has discovered that it needs a similarly limited set of documents from Ameriprise Financial, a former AmEx business unit. EchoMail's *subpoena duces tecum* to Ameriprise Financial is attached as Exhibit B.

12. The proposed extension of the non-expert discovery deadline is necessary for EchoMail to finish document discovery and complete deposition discovery.

13. The extension sought herein will not unduly delay the remaining deadlines in the litigation or the ultimate disposition of this case.

WHEREFORE, Plaintiff EchoMail respectfully requests that the Court extend the deadlines for all written and non-expert discovery until December 15, 2006.

Respectfully submitted,

ECHOMAIL, INC.,
By its attorneys,

/s/ Alan D. Rose, Jr.
_____
Alan D. Rose (BBO#427280)
Alan D. Rose, Jr. (BBO#628871)
Lisa A. Tenerowicz (BBO#654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Ave
Boston, Massachusetts 02116
Tel: 617-536-0040
Fax: 617-536-4400

Date: October 13, 2006

### Certification of Compliance with Local Rule 7.1

Pursuant to Local Rule 7.1(A) (2), I hereby certify that on October 11, 2006 and October 13, 2006, I communicated with AmEx's counsel, Louis Smith. We were unable to resolve or narrow the issues presented in this motion. In addition, on October 11, 2006 I attempted to communicate with IBM's counsel Thomas Rafferty and asked that he contact me by October 13, 2006 to discuss the issues raised in this motion. As of the close of business on October 13, 2006, Mr. Rafferty had not responded to my communication.

/s/ Alan D. Rose, Jr.
_____
Alan D. Rose, Jr.

### Certificate of Service

I hereby certify that this document filed through the ECF system on this 13th day of October, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 27, 2006.

/s/ Alan D. Rose, Jr.
_____
Alan D. Rose, Jr.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ECHOMAIL, INC., )
)
          Plaintiff, )
)
v. )   Civil Action No. 05-11318-GAO
)
AMERICAN EXPRESS CO. )
and IBM CORP., )
)
          Defendants. )
)

**PLAINTIFF ECHOMAIL, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT AMERICAN EXPRESS COMPANY**

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff EchoMail, Inc. ("EchoMail") hereby requests that, within 30 days of service, defendant American Express Company ("AmEx") produce the following documents and things for inspection and copying at the offices of Rose & Associates, 29 Commonwealth Avenue, Boston, Massachusetts 02116.

**INSTRUCTIONS**

1. The documents requested encompass all documents within the possession, custody and control of defendants and their agents, representatives, attorneys, and employees. This request is not limited to documents created by the defendants, but, rather, it encompasses all documents described, regardless of the source.

2. The documents that are produced should be produced as they are kept in the usual course of business or should be organized or labeled to correspond to the categories in the request.

3. For each document described below that is withheld for any reason, please provide a description of the document, its date, its author, the identity of any recipient thereof,

the subject matter of the document, and a statement of the grounds upon which you rely in withholding it.

4.  In the event that you have reason to believe that any document requested herein has been destroyed, each such document should be identified by date, author, and subject matter and should further be identified with respect to each paragraph of this request which calls for that document. The reason for the destruction of that document should be stated.

5.  You are required to produce pursuant to this request every requested document currently known to you and that can be located or discovered by reasonably diligent efforts.

6.  These requests shall be deemed continuing to the fullest extent permitted by Fed. R. Civ. P. 26(e), so that defendant is required to make further supplemental production if they obtain additional responsive documents between the time of initial production and the time of trial.

## DEFINITIONS

1.  "Documents" shall mean any writing and includes any medium on which information can be entered, stored or recorded, including originals and copies of any written, printed, typed, recorded, or graphic matter, sound reproductions, telegrams, telexes, computer disks, computer printouts, memoranda, correspondence, notes, drafts, annotations and any other verbal, numerical or pictorial rendering, either in your possession or in the possession of any of your agents, representatives, employees, counsel, accountants, financial advisors, or other persons acting or purporting to act on their behalf.

2.  "Communication" shall mean any and all written and oral communications, including but not limited to conversations, statements, letters, notes, memoranda, bulletins, e-mail, computer entries and other correspondence.

3.  "Concerns" or "concerning" shall mean referring to, describing, evidencing or constituting.

4.  "You," "your," "defendant," and "AmEx" shall mean defendant American Express Company and its agents, representatives, attorneys or any other person acting on its behalf.

5.  "Plaintiff" or "EchoMail" shall mean plaintiff EchoMail, Inc. and its agents and representatives.

6.  "Person" or "persons" shall refer not only to natural persons, but also, without limitation, to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, public entities, parent companies, subsidiaries, divisions, departments or other units thereof, and/or any other type of legal entity.

7.  "Email response management system" shall mean any system, process or application that enables enterprises to receive, filter, track, route, respond to, and customer email communications.

8.  The terms "and" and "or" shall be construed conjunctively and disjunctively in each production request in order to request the broadest scope of information possible.

## DOCUMENTS REQUESTED

### Document Request 1

All documents including notes, memorandum and communications prepared by AmEx and IBM representatives, including Stuart Mears, Stephen Gibbons and Todd Seager, prior to and during the May 4 and 5, 2005 Architecture (Technical Due Care) Review of EchoMail.

### Document Request 2

All documents including notes, memorandum, communications, and diagrams prepared prior to the May 4-5, 2005 Architecture (Technical Due Care) Review of EchoMail and maintained in the Project Governance Board database.

**Document Request 3**

All documents including notes, memorandum and communications prepared by AmEx and IBM representatives, including Stephen Gibbons and Todd Seager, after the May 4 and 5, 2005 Architecture (Technical Due Care) Review of EchoMail, including all communications sent to Daniel Yong.

**Document Request 4**

All draft versions Technical Due Diligence Review Report prepared after the May 4 and 5, 2005 Architecture (Technical Due Care) Review of EchoMail.

**Document Request 5**

All documents including notes, memorandum and communications prepared by AmEx representatives, including but not limited to those prepared by Greg Daniel and Janice Chai-Chang, prior to and after the May 25, 2005 telephone call with EchoMail representatives.

**Document Request 6**

All documents including notes, memorandum and communications prepared by AmEx representatives prior to and after Reena Panikar's May 26, 2005 telephone call with EchoMail representatives.

**Document Request 7**

All documents concerning or related to the email response management system currently used by each of the following AmEx business units, including but not limited to the email response management products developed and deployed by AmEx and KANA, eGain, RightNow, BrightWare, ATG, Talisma, Cisco Systems -WebLine:

1. ISU
2. RETIRE
3. RISK
4. PBANK
5. SBS
6. BROKER
7. MERCHANT
8. MEMBANK
9. CSI
10. CSGINT
11. CSGLAC
12. CSGEMEA

                                        Respectfully submitted,

                                        ECHOMAIL, INC.,
                                        By its attorneys,

                                        */s/ Alan D. Rose*

                                        Alan D. Rose (BBO#427280)
                                        Alan D. Rose, Jr. (BBO#628871)
                                        Lisa A. Tenerowicz (BBO#654188)
                                        ROSE, CHINITZ & ROSE
                                        29 Commonwealth Ave
                                        Boston, Massachusetts 02116
                                        Tel: 617-536-0040 .
                                        Fax: 617-536-4400

Date: October 13, 2006.

**EXHIBIT B**

## Issued by the
## UNITED STATES DISTRICT COURT
------------DISTRICT OF MASSACHUSETTS------------

### SUBPOENA IN A CIVIL CASE

ECHOMAIL, INC. v. AMERICAN EXPRESS COMPANY
and IBM CORPORATION

Case Number:[1] 05-11318-NMG

TO:   Corporate Secretary
      AMERIPRISE FINANCIAL
      1098 Ameriprise Financial Center
      Minneapolis, MN 55474

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Please produce all of the documents referenced in the attached Schedule "A" to Rose, Chinitz & Rose, 29 Commonwealth Ave., Boston, MA 02116. | Within fourteen (14) days from the date you receive this subpoena. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ ATTORNEY FOR PLAINTIFF | October 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lisa A. Tenerowicz, Rose Chinitz & Rose, 29 Commonwealth Ave, Boston, MA 02460
(617) 536-0040

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                   DATE                                    SIGNATURE OF SERVER

                                                           _____
                                                           ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this

rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

### DEFINITIONS

1. "Documents" shall mean any writing and includes any medium on which information can be entered, stored or recorded, including originals and copies of any written, printed, typed, recorded, or graphic matter, sound reproductions, telegrams, telexes, computer disks, computer printouts, memoranda, correspondence, notes, drafts, annotations and any other verbal, numerical or pictorial rendering, either in your possession or in the possession of any of your agents, representatives, employees, counsel, accountants, financial advisors, or other persons acting or purporting to act on their behalf.

2. "Communication" shall mean any and all written and oral communications, including but not limited to conversations, statements, letters, notes, memoranda, bulletins, e-mail, computer entries and other correspondence.

3. "Concerns" or "concerning" shall mean referring to, describing, evidencing or constituting.

4. "Ameriprise" shall mean Ameriprise Financial, and its agents, representatives, attorneys or any other person acting on its behalf.

5. "Email response management system" shall mean any system, process or application that enables enterprises to receive, filter, track, route, respond to, and customer email communications.

## DOCUMENTS REQUESTED

All documents and communications concerning or related to the email response management system currently used by Ameriprise, including but not limited to the email response management products developed and deployed by Ameriprise, formerly American Express or a business unit of American Express as well as KANA, eGain, RightNow, BrightWare, ATG, Talisma, Cisco Systems –WebLine.