UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN EXPRESS COMPANY and<br>IBM CORP.,<br><br>　　　　　　　Defendants. | Civil Action No. 05-11318 |

**DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION
TO MOTION TO EXTEND DISCOVERY DEADLINES**

Defendant American Express Company ("American Express") for the following reasons opposes Plaintiff EchoMail, Inc.'s ("EchoMail") Motion to Extend Discovery Deadlines:

1.　　　Per an Order entered on December 8, 2005, this Court set July 15, 2006 as the deadline to complete fact discovery in this matter.  That deadline could not be met because EchoMail failed to proceed diligently with regard to discovery, and thus on June 27, 2006, EchoMail filed its first Motion to Extend Discovery Deadlines.  See American Express's Response to EchoMail's previously filed Motion to Extend Discovery Deadlines, attached hereto as Exhibit A.

2.　　　The Court granted EchoMail's first Motion to Extend Discovery Deadlines, and the deadline regarding fact discovery was extended to October 16, 2006.

After receiving its requested extension from the Court, EchoMail once again failed to proceed diligently with discovery.

3.    Per a letter dated August 7, 2006, American Express raised various defects with EchoMail's document production, including the failure to produce <u>any</u> internal e-mails.  A copy of that letter is attached hereto as Exhibit B.  American Express requested that EchoMail supplement its document production before depositions commenced.

4.    Counsel for American Express then called counsel for EchoMail to facilitate the scheduling of depositions and the supplementation of document production.  As reflected in the e-mail correspondence attached as Exhibit C, EchoMail once again delayed in addressing the outstanding discovery.

5.    The parties eventually had a telephone conference on September 18, 2006, to discuss the scheduling of depositions and other discovery issues.  As reflected in an e-mail dated September 19, 2006, which attached a proposed schedule, EchoMail only sought to depose five representatives of American Express.  *See* Exhibit D.  During the call, the parties agreed to a total of thirteen depositions for current representatives of the parties (three IBM, five American Express, and five EchoMail).

6.    In light of EchoMail's delay in providing documents, all of the fact depositions could not be completed by October 16, 2006.  However, as reflected in the September 26, 2006, e-mail attached hereto as Exhibit E, the parties agreed that some of the agreed to thirteen depositions would be conducted after the October 16, 2006, deadline.  At the request of EchoMail, Angela Ramsammy of American Express traveled

from Phoenix to New York for her deposition, and Miguel Rodriguez and Reena Paniker of American Express traveled from Florida to New York for their depositions.

7.    Despite the agreement reached by the parties regarding the scheduling of depositions for party representatives, on September 27, 2006, EchoMail served a deposition notice for another American Express representative to be conducted after the October 16, 2006, deadline.  *See* Exhibit F.  While this was outside the scope of the parties' agreement, in a good faith effort to avoid a discovery dispute, American Express agreed to produce the additional witness on November 3, 2006.

8.    Thereafter, on October 10, 2006, EchoMail served two additional deposition notices seeking to depose Glen Salow and Daniel Yong after the October 16, 2006, deadline.  *See* Exhibit G.  While EchoMail's pending Motion implies that American Express has agreed to produce Messrs. Salow and Yong, (see EchoMail's Motion at ¶5 indicating agreement on schedule for additional eight depositions), that is not the case.  Indeed, Mr. Salow is not employed by American Express, and thus a subpoena is required to obtain his testimony.

9.    In any event, American express objects to the proposed depositions of Messrs. Salow and Yong.  EchoMail provides no explanation as to why it waited until October 10, 2006, to raise the depositions as no such explanation exists.  Both individuals were identified in documents that have been in the possession of EchoMail for months.

10.    Beyond that, on October 13, 2006, EchoMail purported to serve another document request and Rule 30(b)(6) deposition notice on American Express.  *See* Exhibit H.  Once again, Echomail provides no explanation for its delay in seeking this discovery

as none exists.   These requests were not prompted by anything EchoMail recently learned, and thus could have been raised at the beginning of discovery.

11.    While American Express will address this more fully in a motion for a protective order if the motion to extend discovery is granted, allowing the requested discovery would be extremely prejudicial to American Express.   As of today's date, the depositions of five representatives of American Express will have been completed.   The topics set forth in EchoMail's Rule 30(b)(6) notice were apparent since the start of the case (e.g. "The May 4-5, 2005 Architecture (Technical Due Care) Review"), and have been covered in the depositions that have already been conducted.   The Rule 30(b)(6) notice thus may require American Express to produce witnesses for a second round of testimony, when that could have been avoided if EchoMail had timely served its notice and permitted American Express an opportunity to designate individuals as being responsive to the Rule 30(b)(6) notice.   This is precisely what EchoMail did in response to American Express Rule 30(b)(6) notice, but American Express was not afforded that option due to EchoMail's inexcusable delay in serving the notice.   Moreover, the documents have identified for EchoMail the various people involved with the underlying events, and thus there is no need to permit an untimely Rule 30(b)(6) deposition that will unfairly prejudice American Express.

12.    With regard to the subpoena to Ameriprise Financial, once again this was not prompted by anything EchoMail recently learned and instead could have been served at the beginning of discovery.

13.     Contrary to EchoMail's contention, granting the motion will delay the remaining deadlines.  The requested discovery will require American Express to seek a protective order.  Moreover, American Express did not object to conducting the agreed to fact depositions beyond the existing deadline as the next case management deadline addresses plaintiff's expert designations.  However, American Express's present deadline for expert designations is December 22, 2006, and it objects to having fact discovery pushed out until December 15, 2006.

14.     EchoMail has dragged its feet throughout discovery.  Despite that, American Express worked hard to avoid discovery disputes if possible.  The parties agreed to a reasonable deposition schedule.  *See* Exhibit E.  Presumably in recognition of the fact that the record does not support its claims, EchoMail through this motion seeks to abandon that agreement and re-open discovery for additional months.  EchoMail has been provided all of the time and opportunity it needed to conduct discovery, and its motion thus should be denied.

Respectfully submitted,

AMERICAN EXPRESS COMPANY
By its attorneys,


  /s/ John F. Farraher, Jr._____
John F. Farraher, Jr.  BBO # 568194
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Dated:  October 27, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, John F. Farraher, Jr., hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent, via First-Class Mail, to those indicated as non-registered participants, on this 27th day of October, 2006.

/s/ John F. Farraher, Jr.
John F. Farraher, Jr.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ECHOMAIL, INC.,

           Plaintiff,

v.

AMERICAN EXPRESS CO. and
IBM CORP.,

           Defendants.

CIVIL ACTION NO. 05-11318

---

## DEFENDANT AMERICAN EXPRESS COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES

Defendant American Express Company ("American Express") hereby responds to Plaintiff EchoMail, Inc.'s ("EchoMail") Motion to Extend Discovery Deadlines ("Motion"). For the reasons set forth herein, American Express does not oppose EchoMail's motion, but is compelled to file this response to address statements contained in EchoMail's papers.

1.      EchoMail's Motion contends that the discovery deadlines must be extended because of conduct of the Defendants. To the contrary, EchoMail's failure to move forward diligently with discovery has caused the delay.

2.      American Express served its First Request for the Production of Documents on EchoMail on February 17, 2006. At the time EchoMail filed its Motion (June 27, 2006), EchoMail had not produced a single document. On the other hand, at the time the Motion was filed, Defendants American Express and IBM Corp. ("IBM") had produced documents.

3.      On June 12, 2006, American Express served deposition notices on EchoMail. In its cover letter, American Express requested that the dates for the depositions be confirmed as soon as possible and that EchoMail advise when it would produce its documents. EchoMail did

not respond to that letter and deposition notices until June 21, 2006, when EchoMail advised that

certain EchoMail personnel who were noticed for depositions were out of the country and would

not be back before the July 15, 2006, fact-deposition cut-off. EchoMail further refused to

commit to a date when it would produce documents.

4.    EchoMail's Motion references an alleged delay in finalizing the terms of a

protective order. Any such delay was not caused by American Express. On March 6, 2006,

American Express approved the form that was ultimately agreed to by all parties in this case, and

requested the other parties would confirm if the terms were acceptable. Any delay of the

ultimate entry of the order had nothing to do with American Express.

5.    American Express wanted the current schedule to remain in place because, among

other reasons, EchoMail continues to hold American Express's confidential information, which

American Express wants returned as soon as possible. However, in light of EchoMail's failure

to produce documents and witnesses for depositions, the existing schedule cannot be met. As a

result, American Express does not oppose the alteration to the schedule as set forth in

EchoMail's Motion.

<div style="margin-left: 40%;">

Respectfully submitted,

AMERICAN EXPRESS COMPANY,
By its attorneys,


 /s/ John F. Farraher, Jr.
John F. Farraher, Jr., BBO # 568194
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
Tel: (617) 310-6000
Fax: (617) 310-6001

</div>

Dated: July 11, 2006

## CERTIFICATE OF SERVICE

I, John F. Farraher, Jr. hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified below:

Alan D. Rose
Rose & Associates
29 Commonwealth Avenue
Boston, MA 02116

Stephen D. Poss
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Thomas G. Rafferty
Cravath, Swaine & Moore, LLP
Worldwide Plaza-825 Eighth Avenue
New York, NY 10019

/s/ John F. Farraher, Jr.
John F. Farraher, Jr.

# EXHIBIT B

# Greenberg
# Traurig

Louis Smith
Tel. (973) 360-7915
Fax (973) 301-8410
smithlo@gtlaw.com

August 7, 2006

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Lisa A. Tenerowicz, Esq.
Rose, Chinitz & Rose
29 Commonwealth Avenue
Boston, Massachusetts  02116

      Re:    **EchoMail, Inc. v. American Express Company and IBM Corp.**
               **Civil Action No. 05-11318**

Dear Lisa:

      We write regarding the recent production of documents in response to American Express Company's First Request For the Production of Documents.  An initial review of the documents produced by EchoMail to date reveals several deficiencies and issues as described below.

      As an initial matter, EchoMail's production did not include a *single internal email*, i.e. an email exchanged between EchoMail employees that did not include an external recipient.  It appears that your client's search for responsive documents may have been conducted in such as way that it only included those email messages that were sent to American Express, either directly or as a "cc."  In any event, EchoMail's production needs to be supplemented with these internal emails.

      Additionally, EchoMail's production does not include many emails included in American Express's production that would be responsive to American Express's requests. For example, while American Express produced numerous copies of the May 31, 2005, email from Zoe Helene, EchoMail's Senior Business Relationship Manager, sent to various American Express business units relating to the termination of services, EchoMail only produced two such emails, to Travis Rako of "New Co." and Wildes Arantes of American Express Brazil.  Moreover, American Express produced numerous email messages between it, EchoMail and IBM, evidencing the fact that EchoMail was aware of IBM's relationship with American Express.  EchoMail's production did not include a copy of any of these emails.

      With regard to certain specific requests, we have the following concerns:

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

BRUSSELS*

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LONDON*

LOS ANGELES

MIAMI

MILAN*

NEW JERSEY

NEW YORK

ORANGE COUNTY

ORLANDO

PHILADELPHIA

PHOENIX

ROME*

SACRAMENTO

SILICON VALLEY

TALLAHASSEE

TOKYO*

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

*Strategic Alliance
Tokyo Office/Strategic Alliance

www.gtlaw.com

Lisa A. Tenerowicz, Esq.
August 7, 2006
Page 2

Request 6(d): This request seeks "[a]ll documents relating to the Architectural Review, including without limitation, any confidential information or trade secrets disclosed by EchoMail to American Express." EchoMail's production does not include any information that could purportedly constitute "confidential information or trade secrets" disclosed at the Architecture Review. To the extent EchoMail contends such information exists, it must be produced.

Request No. 7: This request seeks "[a]ll contracts or agreements between EchoMail and any third party protecting the confidentiality of the EchoMail E-Mail Response System, or the alleged trade secrets contained therein." EchoMail's production only includes two such agreements and both involve vendors of American Express that date back to 2000 and 2001. This is inconsistent with Paragraph 53 of the Complaint, which indicates that EchoMail routinely enters into "non-disclosure and confidentiality agreements" with any entities that have "any access to EchoMail's confidential and proprietary technology." To the extent additional responsive documents exist, they must be produced.

Request No. 10: This request seeks "[a]ll documents relating to complaints regarding the EchoMail E-Mail Response System, whether from clients or customers of clients." While EchoMail objected to the production of any complaints unrelated to "American Express and its customers," the performance of EchoMail's E-Mail Response System is at issue in this case. EchoMail has plead that its system is an "industry leader" that routinely receives "accolades and awards." Complaint, ¶¶ 14, 27-30, 43, 49. American Express plead that it had significant problems with the system. Answer and Counterclaim, ¶¶ 10-12, 16. Thus, any complaints from any client, or customer of a client, are related to the allegations in the pleadings, and should be produced.

Request No. 41: This request seeks "[a]ll documents relating to the upgrade of the EchoMail E-Mail Response System to Version 7.3, including all documents reflecting any problems with the system." While EchoMail's production includes documents relating to problems with the system, they are all documents directed to American Express, or that American Express was involved in generating. EchoMail's production does not include any internal documents relating to problems, bugs, glitches, malfunctions, security holes or other issues with the system that were generated and maintained by EchoMail for *internal purposes*.

Moreover, we note that EchoMail failed to produce any documents responsive to numerous other requests, many of which sought documents relating to allegations in EchoMail's complaint. *See, e.g.*, Request 14 (paragraph 20 of the Complaint); Request 16 (paragraph 24 of the Complaint); Requests 18 and 19 (paragraph 26 of the Complaint); Request 20 (paragraph 27 through 30 the Complaint); Request 34 (paragraph 51 of the Complaint); and Request 37 (paragraph 58 of the Complaint). To the extent responsive documents exist, EchoMail must produce them, but we expect that the lack of supporting documentation simply evidences EchoMail's inability to support its allegations and legal theories.

Lisa A. Tenerowicz, Esq.
August 7, 2006
Page 3


This letter is written without prejudice, and American Express reserves the right to submit additional objections at a later time.

Also, enclosed herewith are additional deposition notices. With regard to the deposition notices served by EchoMail, please be advised that Paul Murphy and Janice Chai-Chang are no longer employed by American Express. I suggest that in the near future we work together to put in place a mutually agreeable deposition schedule. We expect that well in advance of the commencement of depositions, EchoMail will have supplemented its document production as requested in this letter. I look forward to speaking with you in due course.


                                        Sincerely yours,

                                        Louis Smith

Enclosures
cc:    Thomas G. Rafferty, Esq. (w/encls.)
       John F. Farraher, Jr., Esq. (w/encls.)
       Stephen D. Poss, Esq. (w/encls)

# EXHIBIT C

**Smith, Louis (Shld-NJ-LT)**

| | |
|---|---|
| **From:** | Smith, Louis (Shld-NJ-LT) |
| **Sent:** | Friday, September 08, 2006 3:46 PM |
| **To:** | 'Lisa Tenerowicz' |
| **Cc:** | Poss, Stephen D; 'TRafferty@cravath.com'; Farraher, John F. (Shld-Bos-LT) |
| **Subject:** | EchoMail v. American Express and IBM |

Lisa,

I received an inquiry from counsel for IBM about whether the depositions EchoMail noticed for next week will go forward as noticed. As a result, I am sending this e-mail so that everyone is fully informed regarding depositions.

In our discussion of August 30, I raised that the parties should work to put in place an agreed to schedule for the depositions and advised that American Express desired to produce its witnesses in New York and Florida. I expected to hear from EchoMail this week in an effort to set down an agreed to deposition schedule. While I did not hear from EchoMail, I also understand that you were out this week. Please contact me next week to address the scheduling of depositions. Counsel for IBM has requested that they also be involved with these discussions. In light of the above, the depositions noticed for next week will not go forward as noticed. In any event, the noticed dates presented conflicts for the witnesses.

Also per our discussion on August 30, I expect that EchoMail will be responding to our letter dated August 7, 2006, regarding documents. I request that we also discuss next week when that response can be expected.

I look forward to hearing from you.

Lou

Louis Smith
GREENBERG TRAURIG LLP
200 Park Avenue
Florham Park, NJ 07932
(p) (973) 360-7915
(f) (973) 301-8410
smithlo@gtlaw.com

1

EXHIBIT D

**Smith, Louis (Shld-NJ-LT)**

| | |
|---|---|
| **From:** | Lisa Tenerowicz [lat@rose-law.net] |
| **Sent:** | Tuesday, September 19, 2006 10:00 AM |
| **To:** | Smith, Louis (Shld-NJ-LT); Farraher, John F. (Shld-Bos-LT); Russell, Clark (Assoc-NJ-LT); 'Thomas Rafferty'; SPoss@goodwinprocter.com |
| **Cc:** | 'Alan Rose Jr' |
| **Subject:** | EchoMail v. AmEx and IBM - Draft Deposition Schedule |
| **Attachments:** | Draft Deposition Schedule.pdf |

Gentlemen,

As we discussed on the telephone yesterday, here is a draft deposition schedule for your review.

Best,
-Lisa

Lisa A. Tenerowicz
Rose, Chinitz & Rose
29 Commonwealth Avenue
Boston, MA 02116
Tel: 617-536-0040
Fax: 617-536-4400

# October 2006

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4<br>Angela Ramsammy (AmEx) in NYC | 5<br>Greg Daniel (AmEx) in NYC | 6<br>Ben Hung (AmEx) in NYC | 7 |
| 8 | 9<br>Gene Deans (EchoMail) in Boston | 10<br>V.A. Shiva (EchoMail) in Boston | 11<br>Sonu Abraham (EchoMail) in Boston | 12<br>Roman Zavolly (EchoMail) in Boston | 13<br>Robert Zierten (EchoMail) in Boston | 14 |
| 15 | 16<br>Reena Panikar (AmEx) in NYC if possible | 17<br>Miguel Rodriguez (AmEx) in NYC if possible | 18<br>Stephen Gibbons (IBM) in NYC | 19<br>Todd Seeger (IBM) in NYC | 20<br>Angela Poletis (IBM) in NYC | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

# EXHIBIT E

## Smith, Louis (Shld-NJ-LT)

| | |
|---|---|
| **From:** | Russell, Clark (Assoc-NJ-LT) |
| **Sent:** | Tuesday, September 26, 2006 4:12 PM |
| **To:** | 'Thomas Rafferty'; 'SPoss@goodwinprocter.com'; 'Lisa Tenerowicz'; 'Alan Rose Jr' |
| **Cc:** | Smith, Louis (Shld-NJ-LT) |

**Subject:** EchoMail v. American Express and IBM: Deposition Schedule

Ladies and Gentlemen:

The deposition schedule is this case has been confirmed.  It is as follows:

| | |
|---|---|
| October 4: | Angela Poletis (IBM) |
| October 5: | Stephen Gibbons (IBM) |
| October 6: | Todd Seager (IBM) |

in NYC – At Cravath Swaine & Moore

| | |
|---|---|
| October 9: | Gene Deans (EchoMail) |
| October 10: | V.A. Shiva (EchoMail) |
| October 11: | Sonu Abraham (EchoMail) |
| October 12: | Roman Zavolly (EchoMail) |
| October 13: | Rob Zierten (EchoMail) |

in Boston – Rose, Chinitz & Rose, 29 Commonwealth Avenue

| | |
|---|---|
| October 18: | Angela Ramsammy (AmEx) |
| October 19: | Ben Hung (AmEx) |
| October 20: | Greg Daniel (AmEx) |
| October 25: | Miguel Rodriguez (AmEx) |
| October 27: | Reena Panikar (AmEx) |

in NYC at Greenberg Traurig

As usual, the noticing party shall be responsible for scheduling the court reporter.  Thanks.

---

**From:** Russell, Clark (Assoc-NJ-LT)
**Sent:** Monday, September 25, 2006 11:59 AM
**To:** 'Thomas Rafferty'; 'SPoss@goodwinprocter.com'
**Cc:** Smith, Louis (Shld-NJ-LT); 'Lisa Tenerowicz'; 'Alan Rose Jr'
**Subject:** RE: Scheduling: American Express Deposition Witnesses

The deposition dates found below, scheduled to take place at our offices in New York, have been confirmed by EchoMail.  Please confirm these dates are acceptable to IBM as well, so that the witnesses can make travel accomadations.  Thanks.

October 18:    Angela Ramsammy

EXHIBIT F

# Rose, Chinitz & Rose

COUNSELLORS AT LAW

29 COMMONWEALTH AVENUE
BOSTON • MASSACHUSETTS • 02116
www.rose-law.net

ALAN D. ROSE
MICHAEL L. CHINITZ
ALAN D. ROSE, JR.
RICHARD E. BOWMAN
MICHAEL J. MOTT
LISA A. TENEROWICZ

TEL: 617/536-0040
FAX: 617/536-4400

September 27, 2006

**BY EMAIL AND U.S. MAIL**

John F. Farraher, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Re:    *EchoMail, Inc. v. American Express Co. and IBM Corp.*, Civil Action No.
05-11318-NMG

Dear Jay:

Enclosed please find the Notice of Taking Deposition of Colleen Dechon in the
above-referenced matter.

Please do not hesitate to contact me should you have any questions.

Very truly yours,

Lisa Tenerowicz

LAT/
Enclosure

cc:    Stephen D. Poss (by email and U.S. Mail)
Thomas G. Rafferty (by email and U.S. Mail)
Louis Smith (by email and U.S. Mail)

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC.,        ) | |
|                ) | |
|       Plaintiff,    ) | |
|                ) | |
| v.                ) | Civil Action No. 05-11318-NMG |
|                ) | |
| AMERICAN EXPRESS CO.   ) | |
| and IBM CORP.,       ) | |
|                ) | |
|       Defendants.   ) | |
|                ) | |

## <u>NOTICE OF TAKING DEPOSITION</u>

To:     John F. Farraher, Jr.
        Greenberg Traurig, LLP
        One International Place
        Boston, MA 02110

Please take notice that on Monday, October 23, 2006, at 10:00 a.m., at the offices of

Rose, Chinitz & Rose, 29 Commonwealth Avenue, Boston, Massachusetts, the Plaintiff in this

action, by its attorneys, will take the deposition of Colleen Dechon upon oral examination

pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, before a Notary Public or

other officer authorized by law to administer oaths. You are invited to attend and cross examine.

Respectfully submitted,

ECHOMAIL, INC.

By its attorneys,

Alan D. Rose (BBO #427280)
Alan D. Rose, Jr. (BBO#628871)
Lisa A. Tenerowicz (BBO#654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Ave.
Boston, MA 02116
Tel: 617-536-0040

Date: September 27, 2006

# EXHIBIT G

**Smith, Louis (Shld-NJ-LT)**

| | |
|---|---|
| **From:** | Lisa Tenerowicz [lat@rose-law.net] |
| **Sent:** | Tuesday, October 10, 2006 12:06 PM |
| **To:** | Russell, Clark (Assoc-NJ-LT); Smith, Louis (Shld-NJ-LT); trafferty@cravath.com; 'Poss, Stephen D' |
| **Cc:** | 'Alan Rose Jr' |
| **Subject:** | EchoMail - AmEx and IBM |
| **Attachments:** | Notice of Deposition - Yong and Salow.pdf |

Dear Counsel,

Please see the attached deposition notices.

Best,
-Lisa

Lisa A. Tenerowicz
Rose, Chinitz & Rose
29 Commonwealth Avenue
Boston, MA 02116
Tel: 617-536-0040
Fax: 617-536-4400

*************************************************************************
This email message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately by telephone or email and destroy the original message without making a copy. Thank you.

Rose, Chinitz & Rose
tel: 617-536-0040
*************************************************************************

10/23/2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ECHOMAIL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 05-11318-NMG |
| | ) |
| AMERICAN EXPRESS CO. | ) |
| and IBM CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF TAKING DEPOSITION

To:    Clark P. Russell
      Greenberg Traurig, LLP
      200 Park Avenue
      Florham Park, NJ 07932

Please take notice that Wednesday, November 8, 2006, at 10:00 a.m., at the

offices of Rose, Chinitz & Rose, 29 Commonwealth Avenue, Boston, Massachusetts, the

Plaintiff in this action, by its attorneys, will take the deposition of Glen Salow upon oral

examination pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, before

a Notary Public or other officer authorized by law to administer oaths. You are invited to

attend and cross examine.

Respectfully submitted,
ECHOMAIL, INC.

By its attorneys,

Alan D. Rose (BBO #427280)
Alan D. Rose, Jr. (BBO#628871)
Lisa A. Tenerowicz (BBO#654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Ave.
Boston, MA 02116
Tel: 617-536-0040

Date: October 10, 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ECHOMAIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11318-NMG |
| | ) | |
| AMERICAN EXPRESS CO. | ) | |
| and IBM CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF TAKING DEPOSITION**

To:    Clark P. Russell
       Greenberg Traurig, LLP
       200 Park Avenue
       Florham Park, NJ 07932

Please take notice that Tuesday, November 7, 2006, at 10:00 a.m., at the offices of

Rose, Chinitz & Rose, 29 Commonwealth Avenue, Boston, Massachusetts, the Plaintiff

in this action, by its attorneys, will take the deposition of Daniel W. Yong upon oral

examination pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, before

a Notary Public or other officer authorized by law to administer oaths. You are invited to

attend and cross examine.

Respectfully submitted,
ECHOMAIL, INC.

By its attorneys,

Alan D. Rose (BBO #427280)
Alan D. Rose, Jr. (BBO#628871)
Lisa A. Tenerowicz (BBO#654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Ave.
Boston, MA 02116
Tel: 617-536-0040

Date: October 10, 2006

# EXHIBIT H

# Rose, Chinitz & Rose

C O U N S E L L O R S   A T   L A W

29 COMMONWEALTH AVENUE
BOSTON • MASSACHUSETTS • 02116
www.rose-law.net

ALAN D. ROSE
MICHAEL L. CHINITZ
ALAN D. ROSE, JR.
RICHARD E. BOWMAN
MICHAEL J. MOTT
LISA A. TENEROWICZ

TEL: 617/536-0040
FAX: 617/536-4400

October 13, 2006

**BY EMAIL & U.S. MAIL**

Mr. Louis Smith, Esq.
Greenberg Traurig LLP
200 Campus Drive
P.O. Box 677
Florham Park, NJ 07932-0677

Re:    *EchoMail, Inc. v. American Express Co. and IBM Corp.*,
         Civil Action No. 05-11318-NMG

Dear Lou:

Enclosed please find the following:

1. *Plaintiff EchoMail, Inc.'s Second Request for Production of Documents from Defendant American Express Company*; and

2. Notice of Taking Deposition pursuant to Fed. R. Civ. P. 30(b)(6).

Very truly yours,

Lisa A. Tenerowicz

LAT/pem
Enclosures
cc:    Clark Russell (by email)
         Thomas G. Rafferty (by email)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ECHOMAIL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 05-11318-NMG |
| | ) |
| AMERICAN EXPRESS CO. | ) |
| and IBM CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF TAKING DEPOSITION

To:    Louis Smith
       Clark P. Russell
       Greenberg Traurig LLP
       200 Park Avenue
       Florham Park, NJ 07932

Please take notice that pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, on Thursday, November 9, 2006, at 10:00 a.m., at the offices of Rose, Chinitz &

Rose, 29 Commonwealth Avenue, Boston, Massachusetts, the Plaintiff in this action, by its

attorneys, will take the deposition upon oral examination of the individual and/or individuals

designated by defendant American Express Company, pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, who will testify on defendant American Express Company's behalf

regarding the topics listed in Schedule A, attached hereto, before a Notary Public or other officer

authorized by law to administer oaths.  The deposition will continue from day to day until

completed.  You are invited to attend and cross examine.

Respectfully submitted,

ECHOMAIL, INC.

By its attorneys,

_____
Alan D. Rose (BBO #427280)
Alan D. Rose, Jr. (BBO#628871)
Lisa A. Tenerowicz (BBO#654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Ave.
Boston, MA 02116
Tel: 617-536-0040

Date:  October 13, 2006

## SCHEDULE A

Pursuant to Fed. R. Civ. P. 30(b)(6), defendant IBM Corporation is required to designate one or more officers, directors, or managing agents, or other person(s) who consent to testify on its behalf, with regard to the matters specifically designated below to appear at the deposition referenced in the accompanying Notice of Deposition and testify, under oath, regarding those areas.

## DEFINITIONS

1.    "American Express," "you," or "your" shall mean defendant American Express Company, its agents, affiliates, subsidiaries and employees.

2.    "IBM" shall mean defendant, International Business Machines Corporation and its agents, affiliates, subsidiaries and employees, and any predecessor or related entities.

3.    "EchoMail" or "plaintiff" shall mean plaintiff EchoMail, Inc. and its agents, affiliates, subsidiaries and employees, and any predecessor or related entities.

4.    "Email response management system" shall mean any system, process or application that enables enterprises to receive, filter, track, route, respond to, and customer email communications.

## TOPICS FOR EXAMINATION

1.    All contracts or agreements between AmEx and RightNow, including but not limited to statements of work, invoices, and schedules.

2.    All contracts or agreements between AmEx and any other business or enterprise that provides an email response management system (including, without limitation, KANA, eGain, iPhrase, Seibel, Talisma, and ATG), including but not limited to statements of work, invoices, and schedules.

3

3.      All contracts or agreements between AmEx and IBM, including all Schedules to the

Services Agreement identified with Bates Stamp Numbers IBM 000001 – IBM 000113.

4.      The Amendment of Master Agreement & Schedule:  PHX-07/09/99-RLG1, identified by

Bates Stamp Numbers ECO 0635 – ECO 0646.

5.      The management of AmEx's relationship with EchoMail.

6.      The May 4-5, 2005 Architecture (Technical Due Care) Review.

7.      The allegations in AmEx's Answer and Counterclaim.

8.      The 2005 Request for Information ("RFI").

9.      The 2005 Request for Proposal ("RFPP").

10.     The inbound email response management system(s) currently used by the various

AmEx's business units, including but not limited to ISU, RETIRE, RISK, PBANK, SBS,

BROKER, MERCHANT, MEMBANK, CSI, CSGINT, CSGLAC, and CSGEMEA.

11.     The communications between AmEx and New Co. ("AEFA") concerning New Co.'s

negotiations with EchoMail.