UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS CO. and INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendants. | Civil Action No. 05-11318-NMG |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S THIRD MOTION TO EXTEND DISCOVERY DEADLINES**

January 23, 2007

IBM CORPORATION,

By its attorneys,

Stephen D. Poss
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

and

Thomas G. Rafferty
Rowan D. Wilson
(both admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Case 1:05-cv-11318-NMG    Document 70    Filed 01/23/2007    Page 2 of 4

IBM opposes EchoMail's latest motion – its third – to further extend the schedule in this case.

Pursuant to the Court's previous Order, EchoMail, the plaintiff in this action, was required to designate its expert witnesses, if any, and to submit its expert reports, if any, by November 30, 2006. Plaintiff let that date come and go without designating any expert, producing any expert report, or seeking relief from the Court. (EchoMail's previous, second Motion to Extend Discovery Deadlines was limited to a request to extend the date for "non-expert discovery until December 15, 2006" and expressly did not request any extension of the dates for expert discovery. *See* EchoMail's October 13, 2006 Motion at 1, 3.) Given EchoMail's failure to designate any expert witnesses, IBM had no need to designate a rebuttal expert, and therefore did not do so by the December 22, 2006 date for defendants' expert designations.

Now, on January 9, 2007, more than a month after the deadline, EchoMail has filed its latest extension motion, this time to retroactively extend the expert discovery dates into February and March of 2007, and also to extend the date for filing of dispositive motions by three months, from February 15, 2007 to April 13, 2007.

EchoMail has presented no reasonable justification for ignoring the November 30, 2006 date set by the Court for designation of expert witnesses. Given that thirteen depositions had already been taken in this case, including the deposition of all three of the IBM witnesses noticed by EchoMail, there is no reason why EchoMail could not have complied with the November 30 date.

IBM will not burden the Court with a repetition here of the arguments made in IBM's October 27, 2006 Opposition to EchoMail's Second Motion to Extend Discovery Deadlines. IBM incorporates that Opposition herein by reference. Suffice it to say that IBM provided each of the IBM deponents requested by EchoMail on or before the dates requested by EchoMail, that those depositions were completed, and that there are no IBM employees left to depose with knowledge of the May 5, 2005 teleconference on which EchoMail predicated this case – all have been deposed. IBM well recalls being hailed into this Court by EchoMail on an emergency basis on June 20, 2005, more than six weeks after the May 5, 2005 teleconference, based on EchoMail's representations that it faced immediate irreparable harm. Now, as we enter 2007, EchoMail wants to further extend the discovery and also to extend the date for dispositive motions to be heard until after May 11, 2007, more than two years after the telephone call that EchoMail claims put it at immediate risk of allegedly irreparable harm due to alleged improper use of its alleged trade secrets by IBM.

EchoMail has demonstrated no improper use of any trade secrets, no harm, and no basis for this lawsuit. In any event, EchoMail is fully protected by the nondisclosure agreement entered into between IBM and EchoMail and filed with the Court on July 12, 2005.

It is time to resolve this case on the merits. Discovery was had by EchoMail and it should now be required to substantiate the claims it made. IBM opposes EchoMail's Third Motion to Extend the Discovery Deadlines and respectfully suggests that the parties file and respond to dispositive motions on the dates previously ordered by the Court.

## CONCLUSION

For the reasons set forth above and in IBM's October 27, 2006 Opposition to EchoMail's previous Motion to Extend, IBM respectfully requests that EchoMail's most recent motion for extension of discovery deadlines be denied.

Respectfully submitted,

IBM CORPORATION,

By its attorneys,

 /s/ Stephen D. Poss
 Stephen D. Poss
 GOODWIN PROCTER LLP
 Exchange Place
 Boston, MA 02109
 (617) 570-1000

and

Thomas G. Rafferty
Rowan D. Wilson
(both admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

January 23, 2007


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2007.

 /s/ Stephen D. Poss
