UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ECHOMAIL, INC.,<br><br>               Plaintiff,<br><br>               v.<br><br>AMERICAN EXPRESS COMPANY and IBM CORP.,<br><br>               Defendants. | Civil Action No. 05-11318 |

**MEMORANDUM OF LAW IN SUPPORT OF AMERICAN EXPRESS
COMPANY'S MOTION FOR RECONSIDERATION**

**I.  PRELIMINARY STATEMENT**

American Express Company ("AmEx") respectfully submits this Memorandum of Law in

support of its Motion for Reconsideration of certain portions of the Memorandum & Order filed

on October 18, 2007 relating to motions for summary judgment ("Summary Judgment

Opinion").  From the inception of case, Plaintiff EchoMail, Inc. ("EchoMail") contended that

AmEx and International Business Machines Corp. ("IBM") conspired to use the technology of

EchoMail to develop a product to compete with EchoMail.  Discovery demonstrated that those

allegations were false, and as a result IBM has been dismissed entirely from the case.

Faced with that record, in opposition to AmEx's summary judgment motion, EchoMail

contends that AmEx used EchoMail's information in connection with putting in place a new

vendor after EchoMail stopped performing.  Because there is no evidence in the record to

support that contention, AmEx respectfully requests that the Court reconsider its denial of its

summary judgment regarding the misappropriation of trade secrets claim.  Moreover, while the

Court determined there was a material issue fact regarding AmEx's behavior, there is no

evidence that EchoMail suffered any damages, let alone the required substantial damages, as a result of AmEx's allegedly improper actions. As a result, AmEx respectfully requests that the Court reconsider its denial of summary judgment regarding the Chapter 93A claim.

## II. ARGUMENT

**A.    THE COURT SHOULD RECONSIDER ITS DENIAL OF SUMMARY JUDGMENT REGARDING THE MISAPPROPRIATION OF TRADE SECRETS CLAIM BECAUSE THERE IS NO EVIDENCE IN THE RECORD OF "USE" BY AMERICAN EXPRESS.**

In its Summary Judgment Opinion, this Court reaffirmed that EchoMail must establish "use" as part of its misappropriation of trade secrets claim. This Court in its Summary Judgment Opinion stated that a fact issue was presented regarding whether AmEx "used EchoMail's proprietary information to guide its search for a new service provider." Summary Judgment Opinion at 14.

When this case began, EchoMail alleged that IBM and AmEx intended to use its information "to compete with EchoMail." Affidavit of V.A. Shiva Ayyadurai, signed on June 20, 2005. Extensive discovery clearly demonstrated that this allegation was false, and the Court has dismissed IBM entirely from the case. Recognizing that it could not support the allegations that formed the basis of its Complaint, in response to AmEx's summary-judgment motion and in an effort to create a fact issue regarding "use," EchoMail argued that the 2005 Request for Proposal ("RFP") conducted by AmEx "was guided in part by the trade secret information EchoMail revealed to AXP during the Architecture Review." EchoMail's Summary Judgment Memorandum at 13-14.

To support that contention, the only material in the record that EchoMail points to is the First Supplemental Affidavit V.A. Shiva Ayyadurai, signed on June 29, 2005, and to an excerpt of Mr. Shiva's deposition testimony. *See* EchoMail's Response to AmEx's Rule 56.1 Statement

at 85 and 143; *see also* AmEx's Rule 56.1 Statement at 85 (containing numerous cites to record supporting lack of any "use").  Despite the extensive record in this case, EchoMail points to nothing else.

      This Court in connection with EchoMail's motion for a preliminary injunction addressed the Shiva affidavit and reasoned as follows:  "Its unsupported speculation that AmEx might use the information at some point in the future or is presently using the information to evaluate EchoMail's competitors is unsupported by any evidence."  *EchoMail, Inc. v. American Express Co.*, 378 F. Supp. 2d 1, 3-4 (D. Mass. 2005).  In the Summary Judgment Opinion, the Court described Mr. Shiva's testimony as consisting of "bare, self-serving assertions."  Summary Judgment Opinion at 10-11.  While the Court concluded that the record raised a fact issue regarding whether AmEx acted in bad faith, there simply is no evidence that AmEx used EchoMail's information in searching for a replacement vendor.

      The order resulting from the Summary Judgment Opinion is interlocutory and may reconsidered, revised, or amended any time prior to final judgment.  *See Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).  Rule 56 (c) "mandates the entry of summary judgment" where there is a "complete failure of proof concerning an essential element of the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *see also Flanders & Medeiros, Inc. v. Bogosian*, 65 F.3d 198, 206  (1st Cir. 1995) ("Summary judgment is 'mandate[d] . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

      Because there is no evidence in the record to support EchoMail's contention that AmEx used information from EchoMail to evaluate a new service provider, and because "use" is an

essential element of EchoMail's misappropriation of trade secrets claim for which EchoMail has the burden of proof, AmEx respectfully request that the Court reconsider its earlier ruling and dismiss the misappropriation of trade secrets claim.

**B.    THE COURT SHOULD RECONSIDER ITS DENIAL OF SUMMARY JUDGMENT REGARDING THE UNFAIR AND DECEPTIVE TRADE PRACTICES CLAIM BECAUSE THERE IS NO EVIDENCE IN THE RECORD THAT ECHOMAIL SUFFERED DAMAGES AS A RESULT OF THE ALLEGED MISCONDUCT OF AMEX**

The Court concluded that the record raised a fact issue regarding whether AmEx's behavior was improper as required to state a claim under the Consumer Protection Act, M.G.L.c. 93A ("Chapter 93A").  Summary Judgment Opinion at 14-15.  While AmEx vigorously disputes that it acted in bad faith towards EchoMail, AmEx seeks reconsideration and dismissal of the Chapter 93A claim because EchoMail cannot point to any evidence in the record to support other essential elements of that claim.

EchoMail must demonstrate that it suffered a "substantial injury," *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 243 (1st Cir. 2005), meaning a substantial "loss of money or property," as a result of AmEx's allegedly unfair and deceptive acts.  *Bowers v. Baystate Tech., Inc.*, 101 F. Supp. 2d 53, 54 (D. Mass. 2000).  In addition to "substantial injury," causation is an essential element of a Chapter 93A claim.  *See Hershenow v. Enterprise Rent-A-Car Co.*, 445 Mass. 790, 797- 802 (2006) (concluding that absence of causal connection between alleged deception and alleged loss is fatal to Chapter 93A claim); *Aspinall v. Philip Morris Companies*, 442 Mass. 381, 401 (2004) (requiring causation as element of Chapter 93A claim); *Massachusetts Farm Bur. Fed'n, Inc. v. Blue Cross of Mass., Inc.*, 403 Mass. 722, 730 (1989) (reasoning that "[i]n the absence of a causal relationship between the alleged unfair acts and the claimed loss, there can be no recovery").

In denying AmEx's summary judgment motion, the Court relied on EchoMail's allegations concerning "the premature search for a replacement, the refusal to accept assistance with the upgrade and the mischaracterization of the AR."  Summary Judgment Opinion at 14-15. While AmEx disputes those contentions, even if taken as true, they did not cause any substantial injury (or any injury).  EchoMail does not and cannot point to any evidence in the record connecting these allegations with a substantial injury.

Instead, EchoMail pointed to alleged contract damages concerning alleged remaining payments due through 2007 (even though the term of the agreement was only through 2005) and unpaid invoices (which EchoMail first sent on June 20, 2005 when it filed suit).  While AmEx disputes that EchoMail is entitled to any contract loss, in any event "the proper measure of damages for the c. 93A violation [is] not the contract loss," but instead is "the loss causally connected to those acts which were found to be unfair and deceptive."  *Multi-Technology, Inc. v. Mitchell Management Systems, Inc.*, 25 Mass. Ct. App. 333, 337 (1988).  Here, the alleged contract losses cannot be viewed as being causally related to the allegedly improper actions that EchoMail relies on to support its Chapter 93A claim.

Finally, EchoMail pointed to IBM gaining access to its information to support its contention of damages.  By dismissing IBM from the case, the Court concluded that IBM did not use any information of EchoMail, and thus did not cause any damage to EchoMail.  Moreover, while the Court found that a fact issue existed regarding whether AmEx used EchoMail's information in connection with putting in place a new vendor, this Court previously recognized that "even if AmEx is, as EchoMail speculates, using EchoMail's trade secret information to evaluate EchoMail's competitors, it is difficult to imagine how that use would damage EchoMail."  *EchoMail*, 378 F. Supp. 2d at 4; *see also Haberman v. Hustler Magazine, Inc.*, 626

F. Supp. 201, 215 (D. Mass. 1986) (concluding that evidence supporting copyright infringement claim did not support Chapter 93A claim because of failure to prove damages).

In sum, although the Court found a fact issue regarding EchoMail's allegations of bad faith actions, those actions even if true did not cause EchoMail to sustain a substantial injury. Accordingly, AmEx respectfully requests that the Court reconsider its earlier ruling and dismiss the Chapter 93A claim.

### III.  CONCLUSION

For the foregoing reasons, AmEx prays that this Court enter summary judgment in its favor on Count I (Misappropriation of Trade Secrets) and Count III (Unfair and Deceptive Practices, M.G.L. c. 93A).

Respectfully submitted,

AMERICAN EXPRESS COMPANY
By its attorneys,


  /s/ John F. Farraher, Jr.
John F. Farraher, Jr.  BBO # 568194
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
Tel: (617) 310-6000
Fax: (617) 310-6001

and

Louis Smith (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932-0677
Tel:  (973) 360-7900
Fax:  (973) 301-8410


Dated:  October 29, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on October 29, 2007.


/s/ John F. Farraher, Jr.