UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., | ) |
|             Plaintiff, | ) |
| v. | ) Civil Action No. 05-11318-NMG |
| AMERICAN EXPRESS COMPANY and IBM CORPORATION, | ) |
|             Defendants. | ) |

**PLAINTIFF ECHOMAIL INC.'S MEMORANDUM IN OPPOSITION TO AMERICAN EXPRESS COMPANY'S MOTION FOR RECONSIDERATION**

American Express Company's motion for reconsideration should be denied because it does nothing more than voice dissatisfaction with the Court's reasoning and rehash its earlier arguments that the Court has already rejected. American Express Company ("AmEx") makes no effort whatsoever to cite to any change in the law, or to point to newly discovered evidence, or to call attention to a clear error of law. Based on AmEx's abject failure to satisfy the exacting standard applicable to a motion for reconsideration, and EchoMail's demonstration of genuine issues of material fact in opposition to AmEx's motion for summary judgment, the Court should not reconsider its summary judgment decision on Counts I and III of EchoMail's Verified Complaint.

## BACKGROUND

On June 25, 2007, AmEx filed a motion for summary judgment on all six counts in EchoMail's Verified Complaint. EchoMail filed its opposition to AmEx's motion for summary judgment on July 23, 2007. On October 18, 2007, the Court issued its Memorandum and Order ("Summary Judgment Order") granting AmEx's motion as to Count II (unfair competition) and

Count VI (interference with business relations) and denying the motion as to the other four counts.

With respect to Count I, EchoMail's misappropriation of trade secrets claim, the Court determined that the relevant facts were (1) AmEx's decision to consider replacing EchoMail shortly after extending EchoMail's contract, (2) AmEx's failure to respond to EchoMail's attempts to assist AmEx with the new version of its software, and (3) AmEx's statement to EchoMail that the Architecture Review was a matter of routine. Summary Judgment Order at 13-14. Based on these facts, the Court correctly found that "[a] reasonable jury could conclude, based upon those facts, that AmEx acted in bad faith and used EchoMail's proprietary information to guide its search for a new service provider." Summary Judgment Order at 14.

As to Count III, the unfair and deceptive trade practices claim, the Court correctly found that "the same evidence that permits EchoMail's misappropriation claim to survive summary judgment can, when viewed in the light most favorable to EchoMail, support a claim for unfair and deceptive trade practices." Summary Judgment Order at 14.

## ARGUMENT

### I. AMERICAN EXPRESS'S MOTION FOR RECONSIDERATION SHOULD BE DENIED.

The arguments raised by AmEx are not worthy of reconsideration. "[A] court should grant a motion for reconsideration of an interlocutory order *only* when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (emphasis added). A motion for reconsideration therefore is "not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning." Davis, 89 F. Supp. 2d at 149; *see*

*also* In re Wedgestone Fin., 142 B.R. 7, 8 (Bankr. D. Mass. 1992) (noting that "[a]rguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time); Froudi v. United States, 22 Cl. Ct. 290, 300 (1991) (explaining that "a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court"). Instead, for a court to reconsider, "there must be a reason why the court should reconsider [a] prior decision, and [the movant] must set forth facts or law of a strongly convincing nature to induce the court to reverse the prior decision." Davis, 89 F.Supp. 2d at 149 (*quoting* Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 686, 694 (M.D. Fla. 1994)). AmEx has failed to satisfy this burden and, on this basis alone, the motion for reconsideration should be denied.

II.  **SUMMARY JUDGMENT WAS PROPERLY DENIED ON COUNT I (MISAPPROPRIATION OF TRADE SECRETS) AND COUNT III (UNFAIR AND DECEPTIVE TRADE PRACTICES, M.G.L. C. 93A).**

   A.  **There is a Genuine Issue of Material Fact on Count I.**

Summary judgment was properly denied on Count I because there is a genuine issue of material fact surrounding AmEx's improper use of EchoMail's proprietary information. On summary judgment, the Court "must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor." Summary Judgment Opinion at 6 (*quoting* O'Connor v. Stevens, 994 F.2d 905, 907 (1st Cir. 1993)). In rejecting AmEx's earlier arguments, the Court correctly applied the summary judgment standard to the facts in the record.

The evidence in the record supports EchoMail's claim for misappropriation of trade secrets. In denying summary judgment on Count I, the Court correctly determined that there is

evidence that AmEx acted in bad faith and used EchoMail's proprietary information to conduct a more informed search for a new email service vendor. Specifically, the Court relied on the fact that AmEx had decided to consider replacing EchoMail in early 2005, shortly after extending EchoMail's contract. The Court also found that AmEx failed to respond to EchoMail's attempts to assist AmEx with the new version of its software and that AmEx told EchoMail that the Architecture Review was "routine." The combination of these facts, the Court determined, would allow a reasonable jury to conclude, as EchoMail has always maintained, that the Architecture Review was a pretext that enabled AmEx to gain access to EchoMail's proprietary technology in order to guide its search for EchoMail's replacement.

During discovery EchoMail was able to develop the precise timeline of AmEx's search for a new vendor and learned that AmEx first considered replacing EchoMail almost immediately after the new contract term started. Moreover, the facts demonstrate the duplicitous nature of the way AmEx conducted itself with EchoMail. These facts were sufficient to create a genuine issue of material fact and preclude summary judgment on Count I. AmEx's argument that "[w]hen this case began, EchoMail alleged that IBM and AmEx intended to use its information 'to compete with EchoMail'" and that "[e]xtensive discovery clearly demonstrated that this allegation was false" has absolutely no bearing on whether summary judgment is appropriate on this Count. AmEx's Memorandum in Support of its Motion for Reconsideration at 2 ("AmEx Mem."). Moreover, AmEx has mischaracterized EchoMail's position and excludes key facts about AmEx's misappropriation of EchoMail's confidential and proprietary information.

**B.     EchoMail Has Satisfied Each Element of Count III.**

In support of its motion for reconsideration, AmEx argues that EchoMail has failed to

establish that it suffered a "substantial injury" to support its claim for unfair and deceptive trade practices under M.G.L. c. 93A. AmEx Mem. at 4-6. AmEx further argues that "the alleged contract losses cannot be viewed as being causally related to the allegedly improper actions that EchoMail relies on to support its Chapter 93A claim." AmEx Mem. at 5. AmEx's arguments do not merit reconsideration as they simply restate its earlier position. Moreover, the law supports EchoMail's position that summary judgment is not appropriate on this record.

Where the same conduct supports both Chapter 93A and common law liability, such as breach of contract, judgment may enter on both the Chapter 93A and common law claims, but only one award of actual damages is permitted. See Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 235-36 (1984). Furthermore, preference will usually be given to an award of actual damages under the claim permitting the larger recovery, which will usually be the Chapter 93A claim. See id. at 235. See also Rita v. Carella, 394 Mass. 822, 825 (1985) (holding that where plaintiff prevailed on both c. 93A and other statutory claim, she was entitled to recover damages under the theory resulting in greater amount of damages); Garland v. Compuserve, Inc., 1993 WL 131447, *16 (D. Mass. April 26, 1993) (awarding double damages under Chapter 93A where injury arose from same facts as breach of contract claim). If, however, the common law claim and the Chapter 93A claim are factually separate and distinguishable, separate recoveries are permissible. Calimlim, 392 Mass. at 236.

Here, EchoMail has demonstrated that AmEx's unfair and deceptive conduct, before, during, and after the Architecture Review, caused EchoMail to suffer substantial injury. AmEx deceptively misrepresented the purpose of the Architecture Review in an effort gain access to EchoMail's confidential and proprietary trade secret information and, without authorization, shared that information with IBM in breach of the parties' agreements. AmEx later refused to

pay EchoMail for services rendered in connection with the Architecture Review and terminated the Stand Alone Agreement in violation of its express terms, causing EchoMail substantial damages under the contract. EchoMail thus has clearly demonstrated that the contract losses *are* causally related to the improper actions that support its Chapter 93A claim. AmEx's motion for reconsideration should therefore be denied.

## CONCLUSION

For the reasons set forth above, and the reasons set forth in EchoMail's original opposition to AmEx's motion for summary judgment, American Express Company's Motion for Reconsideration should be denied.

Respectfully submitted,

ECHOMAIL, INC.

By their attorneys,

/s/ Lisa A. Tenerowicz

_____
Alan D. Rose, Jr. (BBO#628871)
Lisa A. Tenerowicz (BBO#654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Avenue
Boston, MA 02116
Tel: 617-536-0040
Fax: 617-536-4400

Date: November 13, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF system on this 13th day of November, 2007, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 13, 2007.

/s/ Lisa A. Tenerowicz

_____

Lisa A. Tenerowicz