UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., | ) |
|        Plaintiff, | ) Civil Action No. 05-11318 (NMG) |
| v. | ) |
| AMERICAN EXPRESS CO. and IBM CORP., | ) |
|        Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF AMERICAN EXPRESS COMPANY'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE OR ARGUMENT REGARDING ISSUES PREVIOUSLY <u>ADJUDICATED THROUGH SUMMARY JUDGMENT</u>**

American Express Company ("AXP") submits this Memorandum of Law in support of its Motion *In Limine* to Preclude the Introduction of Evidence or Argument Regarding any Issue Previously Adjudicated Through Summary Judgment. From the inception of this case, Plaintiff EchoMail, Inc. ("EchoMail") has alleged that AXP and Defendant IBM Corp. ("IBM") conspired in an scheme to gain access to EchoMail's proprietary information so that AXP and IBM could develop a competing product. Discovery demonstrated that claim to be false, and this Court granted IBM's motion for summary judgment in its entirety and dismissed IBM from this case. As a result, evidence or argument relating to IBM and all other issues resolved by summary judgment should be precluded. Allowing such evidence to be introduced would unfairly prejudice AXP, confuse the jury, and waste the time of this Court.

## **STATEMENT OF RELEVANT FACTS**

On October 18, 2007, this Court issued a Memorandum & Order pursuant to Fed. R. Civ. P. 56 (the "October 18, 2007 Order"), granting summary judgment with respect to the entirety of EchoMail's claims against IBM and select claims against AXP.

### A.  **The Summary Judgment Order Dismissed All Claims Against IBM.**

Plaintiff brought three claims against IBM: (i) misappropriation of trade secrets; (ii) unfair competition; and (iii) unfair and deceptive trade practices.

In seeking summary judgment on the misappropriation of trade secrets claim, IBM only challenged the element requiring "use" of the trade secret, and thus the Court stated "the determinative question on this count is whether or not IBM 'used' EchoMail's trade secrets after it acquired them at the AR." October 18, 2007 Order at 9. In granting IBM's motion, this Court thus concluded that there was no evidence that IBM had "used" any of EchoMail's alleged trade secrets.

In dismissing the unfair competition claim, this Court concluded that there was no evidence that IBM was improperly competing with EchoMail or that there was confusion "about the nature of the services provided by IBM." *Id.* at 11.

Finally, in dismissing the Chapter 93A claim, this Court found that EchoMail failed to produce evidence to support improper conduct on the part of IBM, and instead the evidence showed "its presence, as a consultant, at an apparently routine performance review." *Id.* at 13.

### B.  **AXP Obtained Partial Summary Judgment.**

Plaintiff brought six claims against AXP: (i) misappropriation of trade secrets; (ii) unfair competition; (iii) unfair and deceptive trade practices; (iv) breach of contract; (v)

breach of the covenant of good faith and fair dealing; and (vi) interference with business relations. Specifically, in partial grant of AXP's summary judgment motion, this Court held:

- that EchoMail's misappropriation of trade secrets claim survived because there was a question of fact as to whether AXP "used EchoMail's proprietary information to guide its search for a new provider." October 18, 2007 Order at 13-14;

- that EchoMail's claim of unfair competition failed because there was there was no evidence that AXP was somehow improperly competing with EchoMail or there was any marketplace confusion. *Id.* at 14;

- that EchoMail's claim of unfair and deceptive trade practices survived because of certain alleged actions of AXP directed towards EchoMail (none of which concerned IBM). *Id.* at 14-15;

- that EchoMail's breach of contract and breach of the implied covenant of good faith claims survived summary judgment because of disputed questions of material fact regarding alleged breaches and the termination of the relationship between AXP and EchoMail. *Id.* at 15-18; and

- that EchoMail's tortious interference with contractual relations claim relating to NewCo (later Ameriprise Financial) did not survive because NewCo remained a sub-unit of AXP when the relationship between the parties ended in May 2005. *Id.* at 18.

Thus, EchoMail's remaining claims against AXP at trial consist of: (i) misappropriation of trade secrets; (ii) unfair and deceptive trade practices; (iii) breach of contract; and (iv) breach of covenant of good faith and fair dealing.

## LEGAL ARGUMENT

### I. ANY EVIDENCE OR ARGUMENT RELATED TO IBM OR OTHER ISSUES RESOLVED BY SUMMARY JUDGMENT ARE IRRELEVANT AND SHOULD BE EXCLUDED AT TRIAL.

The purpose of summary adjudication pursuant to Rule 56 is to promote the expeditious disposition of cases and narrow issues for trial. *See* Wright, Miller & Kane, *Federal Practice and Procedure*: *Civil 3d* § 2712 (and cases cited therein); *Strahan v.*

*Frazier*, 156 F. Supp.2d 80, 96 (D.Mass. 2001) (court "has the authority to narrow the issues for trial under Federal Rules of Civil Procedure 16 and 56"); *Aetna Cas. Surety Co. v. P&B Autobody*, 1994 WL 717998, at *22 (1st Cir. Dec. 29, 1994) (recognizing that Fed. R. Civ. P. 56 and 16 permit a court to control the timing of summary adjudication and simplify issues for trial); Fed. R. Civ. P. 56 advisory committee note to 1946 Amendment ("partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case . . . and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact.").

Under Fed. R. Evid. 402, evidence that is not relevant is not admissible. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, advisory committee note to 1972 Proposed Rules. Because issues that have previously been adjudicated on summary judgment have been decided as a matter of law, they are not relevant to the remaining issues at trial and should be excluded. *See Clipco, Ltd. v. Ignite Design, L.L.C.*, 2005 WL 2861032, at *2 (N.D. Ill. Oct. 28, 2005) ("The issues on which summary judgment was granted will not be before the jury."); *Alberty-Velez v. Corporacion De Puerto Rico Para La Difusion Publica*, 242 F.3d 418, 422 (1st Cir. 2001) (partial adjudication of issues on summary judgment "'shall be deemed established, and the trial shall be conducted accordingly'" by narrowing scope of the trial and eliminating matters as to which there is no genuine issue of fact (quoting Fed. R. Civ. P. 56(d)); *Bain v. Tri-County Metro. Transp. Dist.*, 1994 WL 18109, at *2 (D. Or. Jan. 4,

4

1994) (granting motion *in limine* precluding evidence addressing claims resolved by summary judgment and reasoning that "those claims cannot be re-litigated at trial").

### A. Evidence or Argument Related to IBM Is Irrelevant to Echomail's Remaining Claims Against AXP Because There Is No Relation Between IBM and Such Claims.

Evidence or argument related to IBM is irrelevant. As specifically set forth below as to each of its remaining claims, EchoMail should be precluded from offering any evidence or argument relating to IBM at trial.

#### (1) Misappropriation of Trade Secrets.

In order to succeed on its misappropriation of trade secrets claim, EchoMail must prove three elements: (i) existence of a trade secret; (ii) that EchoMail took reasonable steps to protect it; and (iii) that AXP acquired and used, by improper means or through breach of a confidential relationship, the trade secret. October 18, 2007 Order at 13. As recognized in the October 18, 2007 Order, each of these elements is specific to AXP's conduct, not IBM's. *Id.* at 13-14. Indeed, this Court has already determined that IBM did not misappropriate any alleged trade secret of EchoMail, and did not "use" alleged any trade secret of EchoMail. *Id.* at 11. The only factual question this Court identified regarding AXP is whether AXP "used EchoMail's proprietary information to guide its search for a new provider," *id.* at 14, which has nothing to do with IBM. Therefore, testimony and evidence regarding IBM is irrelevant, and therefore inadmissible, with respect to this claim.

#### (2) Unfair and Deceptive Trade Practices.

Plaintiff's unfair and deceptive trade practices claim requires the alleged unfair practice fall "within at least the penumbra of some common-law, statutory, or other

established concept of unfairness or [be] otherwise immoral, unethical, oppressive, or unscrupulous." October 18, 2007 Order at 14-15.  This Court concluded that EchoMail raised a fact issue on this claim based on EchoMail's contentions regarding AXP's alleged "premature search for a replacement, the refusal to accept assistance with the upgrade and the mischaracterization of the AR."  *Id.* at 13-14.  Significantly, each of these actions is specific to AXP, and has nothing to do with IBM.  *Id.* at 14-15.  Because this Court has already held that this claim failed as to IBM, any evidence or argument regarding IBM should not be admissible in support of the same claim against AXP.

### (3) Breach of Contract and Breach of Implied Covenant.

To succeed on its breach of contract claim, EchoMail must prove (i) the existence of a contract; (ii) performance by plaintiff; (iii) breach by the defendant; and (iv) damages.  October 18, 2007 Order at 15.  The implied covenant of good faith and fair dealing requires each party to a contract to "embrace[] a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Id.* at 16.

While EchoMail alleges that AXP breached its agreement with EchoMail by inviting IBM representatives to the AR, this Court has already found that IBM did not "use" any alleged trade secrets of EchoMail.  If IBM has not "used" those trade secrets, then EchoMail could not have suffered any damages as a result of IBM obtaining access to those alleged trade secrets.  As a result, evidence relating to IBM is not relevant to these claims.

Where, as here, none of EchoMail's remaining claims require evidence related to IBM, and where all claims against IBM have been eliminated, evidence and argument

relating to IBM is wholly irrelevant. Accordingly, plaintiff should be precluded from offering any testimony or evidence relating in any way to IBM at trial.[1]

### B. Evidence or Argument Related to the Claims Dismissed Against AXP Should Be Precluded.

This Court dismissed the unfair competition and tortious inference with business relations claims that EchoMail asserted against AXP. The unfair competition claim concerned allegations that AXP somehow was improperly competing with EchoMail and causing consumer confusion. The tortious inference with business relations claim concerned allegations that AXP improperly prevented its sub-unit NewCo (later Ameriprise Financial) from negotiating a new contract with EchoMail. As these claims have been dismissed, evidence or argument regarding these claims and the related allegations should be precluded.

### II. REFERENCE TO IBM DURING TRIAL WOULD LEAD TO CONFUSION, PREJUDICE AND WASTE OF TIME AND SHOULD NOT BE PERMITTED PURSUANT TO FEDERAL RULE OF EVIDENCE 403.

Even if this Court determines that evidence of IBM's conduct is somehow relevant to the remaining issues between the parties, Fed. R. Evid. 403 provides that it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time." Fed. R. Evid. 403. Rule 403 "allows the exclusion of evidence which, though relevant, carries unwanted baggage, such as unfair prejudice or potential juror confusion . . . [and] thus constitutes a tool that a trial judge can use to keep

---

[1] In its pre-trial submissions, out of an abundance of caution, and without prejudice, AXP has identified certain materials relating to IBM, but expects to narrow those submissions in the event this Court grants this motion.

7

a jury's attention riveted on the dispositive issues." *Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998).

The introduction of argument or evidence related to IBM would certainly lead to juror confusion, especially here, where IBM has been eliminated from the case on summary judgment. This Court has already decided that there was no evidence to sustain EchoMail's claims against IBM. Therefore, the introduction of such evidence has no other use than to confuse and mislead the jury from the actual issues remaining in the case, *i.e.*, whether plaintiff can sustain its claims against AXP. Further, permitting plaintiff to introduce evidence regarding IBM places a substantial burden on AXP and the resources of this Court. AXP would be required to introduce evidence with respect to claims that have already been decided. Lastly, the resources that this Court has already invested in hearing the issues on summary judgment would be wasted through a duplication of the evidence already received and ruled upon in summary judgment. Such a result contravenes the articulated purposes of Fed. R. Civ. P. 56 and Fed. R. Evid. 403. As such, it should not be permitted and the Court should prevent the introduction of any argument or evidence relating to IBM at the trial of this action.

### III. ALTERNATIVELY, IF THIS COURT PERMITS REFERENCE TO IBM, THE COURT SHOULD ISSUE A LIMITING INSTRUCTION TO AVOID THE CONFUSION AND PREJUDICE THAT WOULD OTHERWISE RESULT.

Fed. R. Evid. 105 provides that when "evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105 thus provides a trial court with significant control over the admissibility of evidence and limitations on its use. *Elliott v.*

*S.D Warren Co.,* 134 F.3d 1, 8 (1st Cir. 1998). "A close relationship exists between [Fed. R. Evid. 105] and Rule 403 … [Fed. R. Evid. 105] recognizes the practice of admitting evidence for a limited purpose and instructing the jury accordingly." Fed. R. Evid. 105, advisory committee note to 1972 Proposed Rules.

Where, as here, all claims against IBM have been eliminated, the Court should provide a limiting instruction so as not to confuse the jury. Such a limiting instruction should inform the jury that all claims against IBM have been dismissed as they lacked any evidentiary support, that IBM has not used any EchoMail information, and that any disclosure of information to IBM did not damage EchoMail in any way. *See Optimum Tech. v. Henkel Consumer Adhesives*, 496 F.3d 1231, 1251 (11th Cir. 2007) (recognizing trial after summary judgment was properly limited to one single claim that judge allowed to go forward, with similar limitations on the testimony of trial witnesses); *Estate of Moreland v. Dieter*, 395 F.3d 747, 755 (7th Cir. 2005) (defendants "identified no authority, in this circuit or elsewhere, casting doubt on the propriety of this kind of instruction [limiting instruction that prior proceedings had no relevance to present case]"); *Happel v. Wal-Mart Stores*, 2006 WL 642562, at *5 (N.D. Ill. March 8, 2006) (recognizing that "[l]imiting instructions will regulate the scope of the jury's deliberations"); *Clipco, Ltd.*, 2005 WL 2861032, at *2 (after summary judgment, court shall inform jury that certain facts are established); *Magarl, LLC v. Crane Co.*, 2004 WL 2750252 at *16 (S.D. Ind. Sept. 29, 2004) ("limiting instructions ... will minimize the risk of juror confusion or prejudice."). Without such a limiting instruction, there is a significant risk of the very confusion and prejudice that Fed. R. Evid. 403 and 105 were

designed to prevent. Accordingly, any evidence relating to IBM should be accompanied by an appropriate limiting instruction.

## CONCLUSION

For the foregoing reasons, AXP respectfully requests that the Court grant its Motion in Limine and expressly preclude EchoMail from offering testimony or argument regarding any issue previously adjudicated through summary judgment or, alternatively, provide a limiting instruction.

Respectfully submitted,

AMERICAN EXPRESS CO.
By its attorneys

/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO# 568194)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 210-6000

Louis Smith (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 360-7900

Dated: November 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on November 29, 2007.

/s/ John F. Farraher, Jr.