UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ECHOMAIL, INC.,                     )
                                    )    Civil Action No. 05-11318 (NMG)
         Plaintiff,                 )
                                    )
v.                                  )
                                    )
AMERICAN EXPRESS CO. and            )
IBM CORP.,                          )
                                    )
         Defendants.                )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF AMERICAN
EXPRESS COMPANY'S MOTION IN LIMINE TO PRECLUDE
(1) EVIDENCE OR ARGUMENT BASED ON SPECULATION,
AND (2) OPINION TESTIMONY WHICH DOES NOT SATISFY THE
<u>REQUIREMENTS OF FED. R. EVID. 701</u>**

American Express Company ("AXP") submits this Memorandum of Law in support of its Motion *In Limine* to preclude Plaintiff EchoMail, Inc. ("EchoMail") from soliciting any testimony or putting forward arguments based on speculation or offering opinion testimony which does not satisfy the requirements of Fed. R. Evid. 701.

From the outset of this case, this Court has recognized that EchoMail's contentions and arguments have been based on speculation. In support of its motion for a preliminary injunction, EchoMail's Chief Executive Officer, V.A. Shiva Ayyadurai, stated that he "believes that AmEx and IBM are engaged in plans to compete with EchoMail." Affidavit of Mr. Shiva dated June 20, 2005, at para. 12. In denying that motion, this Court characterized Mr. Shiva's contention as "unsupported speculation." *EchoMail, Inc. v. American Express Co.*, 378 F. Supp. 2d 1, 3-4 (D. Mass. 2005).

Discovery demonstrated that Mr. Shiva's "unsupported speculation" was in fact incorrect, and this Court has dismissed IBM from the case.  In doing so, this Court characterized Mr. Shiva's deposition testimony as containing nothing but "bare, self-serving assertions."  Memorandum & Order dated October 18, 2007, at 10-12.

Mr. Shiva also attempted to disparage AXP employee, Reena Panikar, by stating during his deposition that she had a "chip on her shoulder."  *See, e.g.,* Deposition of V.A. Shiva Ayyadurai (Oct. 10, 2006), p. 95.  This opinion was *not*, however, based upon his personal observations, but rather on what "various people said."  *Id*.

In light of this background, AXP is concerned that Mr. Shiva or other EchoMail witnesses may seek to support their claims through speculative testimony and may seek to advance arguments premised on such speculation.  In particular, with regard to the misappropriation of trade secrets claim, AXP is concerned that EchoMail may resort to speculation because there is absolutely no evidence in the record that EchoMail has suffered any damage or injury as a result of AXP's allegedly improper access to its information.  Moreover, AXP is concerned that Mr. Shiva or other Echomail witnesses may seek to offer opinion testimony that does not meet the requirements of Fed. R. Evid. 701.  As a result, AXP seeks a pre-trial order from the Court precluding any such efforts.

### ARGUMENT

**THE COURT SHOULD ENTER A PRE-TRIAL ORDER PRECLUDING ANY EVIDENCE OR ARGUMENT BASED ON SPECULATION.**

Fed. R. Evid. 602 provides that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Moreover, any opinion testimony offered by a fact witness,

among other restrictions, must be "rationally based on the perception of the witness." Fed. R. Evid. 701(a).

In light of these evidentiary restrictions, federal courts have granted motions *in limine* expressly precluding speculative testimony prior to trial. *See, e.g. Interactive Intelligence, Inc. v. Keycorp*, 2007 WL 3171438, *3 n.1 (S.D. Ind. Oct. 26, 2007) (granting motion *in limine* precluding testimony where such "testimony is speculative"); *Reeves v. Federal Reserve Bank*, 2004 WL 742248, *7 (N.D. Ill. April 6, 2004) (restricting testimony to "concrete facts within his personal knowledge" and precluding "unsupported speculation"); *Pucci v. Litwin*, 1993 WL 405448, *5 (N.D. Ill. Oct. 4, 1993) (granting motion *in limine* seeking to preclude speculation, and requiring that "testimony be based on personal knowledge"). Based on the history of this case, including prior instances of unsupported speculation, AXP submits that entry of such a pre-trial order in this case is warranted.

### THE COURT SHOULD ENTER A PRE-TRIAL ORDER PRECLUDING ANY OPINION TESTIMONY WHICH DOES NOT MEET THE REQUIREMENTS OF FED. R. EVID. 701.

Fed. R. Evid. 701 provides that a lay witness may only offer opinion testimony where the opinion (or inference) is "(a) rationally based on the perceptions of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Where the lay witness's testimony is based upon information from reports received from other people, and not through personal observation, the witness's lay opinion is not admissible. *See, e.g., TLT-Babcock, Inc. . Emerson Elec. Co.*, 33 F.3d 397, 400 (4th Cir. 1994) (witness obtained information on

which opinion was based through reports he received from his staff and not through personal observation; witness's lay opinion, therefore, was not admissible). By his own admission, Mr. Shiva's opinion with respect to Ms. Panikar, namely, that she "had a chip on her shoulder," was not based upon his own personal observations, but instead upon what "various people said." Based on this concession, AXP is legitimately concerned that Mr. Shiva (or other Echomail employees) may attempt to offer impermissible opinion testimony and, therefore, submits that entry of the requested order in this case is warranted.

## CONCLUSION

For the foregoing reasons, AXP respectfully requests that the Court grant its motion *in limine* and expressly preclude EchoMail from offering testimony or argument based on speculation or offering opinion testimony which does not satisfy the requirements of Fed. R. Evid. 701.

Respectfully submitted,

AMERICAN EXPRESS CO.
By its attorneys

/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO# 568194)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 210-6000

Louis Smith (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 360-7900

Dated: November 29, 2007

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on November 29, 2007.

                                                /s/ John F. Farraher, Jr.