UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS CO. )<br>and IBM CORP., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 05-11318-NMG |

**PLAINTIFF ECHOMAIL'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
AMERICAN EXPRESS CO.'S COUNTERCLAIM FOR CONVERSION**

Pursuant to Fed. R. Evid. 402 and 403, plaintiff, EchoMail, Inc. ("EchoMail"), respectfully moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument relating to American Express Co.'s ("AmEx") counterclaim for conversion, as well as any reference to any alleged misappropriation or misuse of AmEx's customer information. Evidence on these issues is irrelevant and immaterial to the issues remaining in this case and therefore should not be admitted into evidence. Fed. R. Evid. 402. However, even if the Court finds that the evidence is relevant, its probative value is substantially outweighed by the prejudicial effect of confusing the issues and misleading the jury. Fed. R. Evid. 403.

    I.    **AmEx's Counterclaim for Conversion No Longer Remains in the Case and is Therefore Not Relevant to Defendant's Defense or Proof of the Remaining Claims.**

AmEx's counterclaim for conversion, as well as any reference to any alleged misappropriation or misuse of AmEx's customer information is no longer relevant to the remaining issues in the case, as the Court previously allowed AmEx's motion for summary

judgment as to its counterclaim for replevin. EchoMail, Inc. v. American Express Co., 445 F. Supp. 2d 87 (D. Mass. 2006). In compliance with the Court's order, EchoMail has returned AmEx's customer information. AmEx would, therefore, be unable to prove one of the elements of its conversion claim because EchoMail no longer exercises any dominion or control over this property or information. In addition, any reference by AmEx to this counterclaim is not relevant to any claims that are left in the case. For AmEx to defend against EchoMail's claims, or prove the elements of its remaining counterclaims, no mention of conversion or any alleged misappropriation or misuse of AmEx's confidential information would be probative or necessary. Therefore, this evidence should be excluded. See Fed. R. Evid. 402.

II. **The Probative Value of Evidence of Conversion is Substantially Outweighed by the Dangers of Confusion of the Issues, Misleading the Jury, and Waste of Time.**

Even if the Court finds that evidence of conversion is relevant, -- and EchoMail maintains that it is not -- the probative value of this evidence, (if any) is substantially outweighed by the dangers of confusing the issues, misleading the jury, and wasting time. See Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or . . . waste of time . . . ."). It would likely be confusing for the jury to hear evidence about a claim that has been decided, and jurors may draw an unfair, and incorrect, inference from the fact that EchoMail was required to return certain information to AmEx.

WHEREFORE, EchoMail respectfully requests that this Court grant its Motion in Limine and preclude AmEx from introducing any and all evidence relating to conversion and misappropriation or misuse of AmEx's customer information at trial.

Respectfully submitted,

ECHOMAIL, INC.

By its attorneys,

/s/ Lisa A. Tenerowicz

_____
Alan D. Rose Jr. (BBO# 628871)
Lisa A. Tenerowicz (BBO# 654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Avenue
Boston, MA  02116
Tel: 617-536-0040
Fax: 617-536-4400

Date: November 29, 2007

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), I hereby certify that on or about November 28, 2007, I spoke with defendant's counsel, John Farraher, in an effort to resolve or limit the issues presented by this motion. I further certify that we were unable to resolve or limit the issues presented herein.

/s/ Lisa A. Tenerowicz

_____
Lisa A. Tenerowicz

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 29, 2007.

/s/ Lisa A. Tenerowicz

_____
Lisa A. Tenerowicz