UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
ECHOMAIL, INC.,                                     )
                                                    )        Civil Action No. 05-11318 (NMG)
                        Plaintiff,                  )
                                                    )
v.                                                  )
                                                    )
AMERICAN EXPRESS CO. and                            )
IBM CORP.,                                          )
                                                    )
                        Defendants.                 )
_____)

**MEMORANDUM OF LAW OF AMERICAN EXPRESS COMPANY IN
SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE OR
ARGUMENT THAT THE TECHNOLOGY EVALUATION QUESTIONNAIRE
CONTAINS TRADE SECRETS OR CONFIDENTIAL INFORMATION**

        To support its claims, EchoMail, Inc. ("EchoMail") points to a Technology

Evaluation Questionnaire ("TEQ"), which it completed in connection with the Technical

Due Care or Architecture Review ("Review") on May 4 and 5, 2005.  In connection with

the preliminary injunction briefing, EchoMail filed a motion to file the TEQ under seal,

which the Court granted.  Docket Entry 24.  As a result, on July 6, 2005, EchoMail filed

the TEQ with the Court under seal.  Docket Entry 25.

        Despite the above, on November 1, 2006, in its reply to the response to its motion

to extend the discovery deadlines, EchoMail filed the TEQ electronically with the Court.

Docket Entry 66, Ex. C.  That filing was not made under seal.  As a result, EchoMail may

not contend that the TEQ contains trade secrets or confidential information.

<u>**ARGUMENT**</u>

**I.   ELECTRONIC FILING OF THE TEQ DESTROYED ANY ALLEGED TRADE SECRET STATUS.**

Some courts conclude that publicly filing documents with a Court without more destroys any alleged trade secret status. *See Awards.com LLC v. Kinkos, Inc.* 834 N.Y.S.2d 147, 156 (App. Div. 2007) ("Assuming arguendo, that the analysis contained any trade secret material, plaintiffs waived any trade secret protection by publicly filing the document with the record both in the Supreme Court in August 2005 in connection with their opposition to defendants' motion, and again in this Court in the Joint Record on Appeal.").

Other courts find that such a filing does not automatically destroy alleged trade secret status "absent evidence of further publication." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 419 (4th Cir. 1999). These courts find the further publication requirement to be satisfied by "'posting works to the Internet.'" *Id.* (quoting *Religious Tech. Ctr. v. Lerma*, 908 F. Supp. 1362, 1368 (E.D. Va. 1995) (reasoning that "[o]nce a trade secret is posted on the Internet, it is effectively part of the public domain"). Thus, these courts conclude that placing documents in a court file and posting the documents on the Internet destroys any alleged trade secret status. *Id.*

Regardless of the standard applied by this Court, any alleged trade secret status regarding the TEQ was destroyed by the electronic filing of the document. The TEQ is indisputably part of the public Court record. But beyond that, by filing the document electronically, EchoMail posted the document to the Internet.

Indeed, the First Circuit has stated that "[f]iling a document on the district court's electronic filing system is not consistent with keeping information confidential.

Documents filed electronically are immediately available electronically over the Internet, and the court's website provides 24-hour access to the court's electronic docket." *Baella-Silva v. Hulsey,* 454 F.3d 5, 11 (1st Cir. 2006). The Court further reasoned that "it is fair to presume in this day and age that every attorney understands that an electronic filing is immediately available to the public and is not a sealed document." *Id.* at 12.

By filing the TEQ electronically with the Court over one year ago, which made the document available to the public via the Internet, EchoMail destroyed any alleged trade secret status regarding the TEQ and the information contained therein. Accordingly, the Court should preclude EchoMail from introducing evidence or argument that the TEQ, and the information contained therein, constitute trade secrets.

II.    **ELECTRONIC FILING OF THE TEQ DESTROYED ANY ALLEGED CONFIDENTIALITY UNDER THE RELEVANT AGREEMENTS.**

American Express and EchoMail entered into a Confidentiality Agreement and a Stand Alone Agreement for Consulting Services ("Stand Alone Agreement"), which contained a provision addressing confidentiality. *See* Declaration of Louis Smith in Support of American Express Company's Motion for Summary Judgment dated June 21, 2007 ("Smith Decl.") at Exhibits E and A, respectively.

The Confidentiality Agreement provides that information is not to be considered confidential to the extent that such information "is or becomes publicly known through no wrongful act of the receiving party." Smith Decl., Ex. E, § 5(b). The Stand Alone Agreement similarly provides that that information is not to be considered confidential to the extent that such information "is or becomes publicly available through no wrongful act of either party." Smith Decl., Ex. A, § 8(iii).

Here, as the above-discussed case law makes clear, the electronic filing of the TEQ by EchoMail made that document immediately publicly available. Moreover, that situation results completely from the actions of EchoMail, as EchoMail chose to file the document electronically in the public record. Accordingly, EchoMail should not be permitted to present evidence or argument that American Express breached the Confidentiality Agreement or the Stand Alone Agreement by disclosing the TEQ, or any of the information contained therein, to any other person or entity.

## CONCLUSION

For the foregoing reasons, American Express respectfully requests that the Court preclude any evidence or argument that the Technology Evaluation Questionnaire, and the information contained therein, contains trade secrets or confidential information under the Confidentiality Agreement or the Stand Alone Agreement.

Respectfully submitted,

AMERICAN EXPRESS CO.
By its attorneys


/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO# 568194)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 210-6000

Louis Smith (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 360-7900

Dated: November 29, 2007

**CERTIFICATE OF SERVICE**

        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on November 29, 2007.

        /s/ John F. Farraher, Jr.