UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ECHOMAIL, INC.,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          Civil Action No. 05-11318-NMG
                                         )
AMERICAN EXPRESS CO. and                 )
IBM CORPORATION,                         )
                                         )
                    Defendants.          )
                                         )

ECHOMAIL'S MOTION IN LIMINE
TO COMPEL PRODUCTION OF UNREDACTED DOCUMENTS

Plaintiff EchoMail, Inc. respectfully moves that the Court order defendant American

Express Company ("AmEx") to produce, prior to trial, unredacted copies of the seven (7)

deposition exhibits identified in the Exhibits attached hereto.[1]  EchoMail's motion to compel is

necessary for trial because the redactions in AmEx's documents would prevent the jury from

being presented with highly relevant evidence of AmEx's internal plan to terminate its contract

with EchoMail, end the parties' business relationship, and replace EchoMail with another

inbound email vendor. AmEx has not, and indeed cannot, identify any credible reason for its

failure to produce these documents in unredacted form.

The information that EchoMail has requested -- and that AmEx has refused to produce --

is relevant to several of the issues that will be decided at trial:  (1) AmEx's decision to replace

EchoMail as its inbound email vendor early in 2005, shortly after extending EchoMail's contract,

see Deposition Exs. 74, 75, and 82, attached hereto as Exhibits 1, 2, and 3; (2) communications

between AmEx and EchoMail and internal AmEx communications concerning the alleged

---

[1] AmEx has designated these exhibits as "Confidential."  Pursuant to the Parties' Stipulation and Protective Order
(see docket no. 50), EchoMail has concurrently filed an assented-to motion to impound the exhibits.

"slowness" with the EchoMail email system, see Deposition Exs. 95, 111, 113, attached hereto

as Exhibits 4, 5, and 6; and (3) results of the 2005 RFI conducted by AmEx in April 2005, see

Deposition Ex. 140, attached hereto as Exhibit 7. To properly decide this case, the jury is

entitled to hear evidence that depicts a complete and thorough picture of the events,

communications, and decisions that shaped the issues that remain to be resolved.

## ARGUMENT

**A.     For the Purpose of Trial AmEx Should Be Compelled to Produce Unredacted Copies of Documents That EchoMail Has Requested**

### 1.     The Information EchoMail Seeks Is Discoverable Pursuant to Fed. R. Civ. P. 26 (b) (1)

Fed R. Civ. P. 26 (b) (1) provides that "[p]arties may obtain discovery regarding any

matter, not privileged, which is relevant to the subject matter involved in the pending action."

Discovery is therefore relevant "if there is *any* possibility that the information sought may be

relevant to the subject matter of the action." Gagne v. Reddy, 104 F.R.D. 454, 456, (D. Mass.

1984). Furthermore, the district court has "substantial leeway in managing pretrial matters,

particularly decisions pertaining to the scope of discovery." Navarro de Cosme v. Hospital

Pavia, 922 F.2d 926, 930 (1st Cir. 1991).

As explained above, several of the documents produced by AmEx in redacted form are

relevant to establishing that AmEx had in fact decided to replace EchoMail as its inbound email

vendor shortly after extending EchoMail's contract. This information is also essential to

explaining to the jury that the May 2005 Architecture Review was merely a pretext for AmEx to

gain access to EchoMail's confidential and proprietary information that it ultimately used to

guide its search for the new email vendor retained after AmEx terminated the contract with

EchoMail. For example, Exhibit 2, a February 24, 2005 email from Angela Ramsammy to

Colleen Dechon notes that "Matt seems pretty eager to switch to [REDACTED]. We'll probably need to research and discuss these results with ISU," and Exhibit 82, which includes an Inbound Servicing Options Discussion Document dated March 30, 2005 includes several "Technology Options":

- Stay with Echomail
- Issue RFI to investigate marketplace (including KANA)
- Migrate to [REDACTED]
- Close inbound servicing as a channel.

These redactions are evidence that AmEx was in fact considering other vendors at this time and that EchoMail should be entitled to present this evidence to the jury.

**2.     There is No Basis for AmEx's Failure to Produce Responsive Documents**

To date, AmEx has refused to produce these documents in unredacted form, and has not offered a credible reason for the redactions. Notably, AmEx has not claimed that the redacted information is protected by any applicable privilege or that it is in any way entitled to protection under the work-product doctrine. Instead, AmEx seeks to avoid revealing information that is likely to support the position that EchoMail has taken throughout this case and undermine AmEx's position with the jury. AmEx's refusal to produce this information will unfairly prejudice EchoMail at trial by denying the jury access to the complete and thorough information it needs to decide the case. In short, AmEx -- without any justification -- has withheld from production information that is highly relevant to EchoMail's claims and necessary for trial. Moreover, the parties entered into a confidentiality agreement in this case that adequately protects information to the extent that AmEx contends that it is confidential or proprietary. See docket no. 50.

**CONCLUSION**

For the foregoing reasons, Plaintiff EchoMail's motion in limine to compel production of

unredacted documents should be granted and the Court should order AmEx to produce

unredacted copies of these documents by no later than December 21, 2007.


Respectfully submitted,


ECHOMAIL, INC.

By its attorneys,

/s/ Lisa A. Tenerowicz

Alan D. Rose, Jr. (BBO#628871)
Lisa A. Tenerowicz (BBO# 654188)
ROSE, CHINITZ & ROSE
29 Commonwealth Avenue
Boston, MA 02116
TEL: 617-536-0040
Date:   November 29, 2007                    FAX: 617-536-4400


### Certificate of Compliance with Local Rules 7.1

Pursuant to Local Rule 7.1(A)(2), I hereby certify that on or about November 28, 2007, I spoke with defendant's counsel, John Farraher, in an effort to resolve or limit the issues presented by this motion. I further certify that we were unable to resolve or limit the issues presented herein.


/s/ Lisa A. Tenerowicz

Lisa A. Tenerowicz, Esq.

-4-

**Certificate of Service**

I hereby certify that this document filed through the ECF system on this 29th day of November, 2007, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 29, 2007.

/s/ Lisa A. Tenerowicz

_____

Lisa A. Tenerowicz