UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
ECHOMAIL, INC.,                             )
                                            )        Civil Action No. 05-11318 (NMG)
              Plaintiff,                     )
                                            )
v.                                          )
                                            )
AMERICAN EXPRESS CO. and                    )
IBM CORP.,                                   )
                                            )
              Defendants.                    )
_____)

### DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO PLAINTIFF ECHOMAIL'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AMERICAN EXPRESS COMPANY'S COUNTERCLAIM FOR CONVERSION

Defendant American Express Co. ("AXP") hereby opposes Plaintiff EchoMail, Inc.'s ("EchoMail") Motion in Limine to Exclude Evidence of American Express Co.'s Counterclaim for Conversion. While styled as a motion in limine, EchoMail's attempt to exclude evidence of AXP's conversion claim is, in reality, a belated motion for summary judgment. EchoMail's assertion that AXP should be precluded from introducing evidence in support of its conversion claim because AXP previously prevailed on summary judgment with respect to its replevin claim is flawed, inappropriate at this stage in the proceedings and, not surprisingly, unsupported by any caselaw. Not only is AXP's claim for conversion separate and distinct from its replevin claim, but the evidence establishing conversion also provides support for its unfair and deceptive trade practices claim. Accordingly, EchoMail's Motion in Limine should be denied.

## RELEVANT BACKGROUND

After EchoMail stopped performing pursuant to its contract with AXP, AXP elected to terminate its relationship with EchoMail.  *See* Declaration of Colleen Dechon in Support of Motion for Summary Judgment dated June 20, 2007 ("Dechon Decl."), Ex. E.  In a letter dated May 31, 2005, AXP informed EchoMail that it considered EchoMail in breach of the parties' agreement, and demanded, among other things, that EchoMail immediately return AXP's confidential information and computer hardware that was owned by AXP and which was located at EchoMail's facility in Cambridge, Massachusetts.  *Id.*  Despite the May 31, 2005 letter, EchoMail refused to return AXP's confidential information and computer hardware. Consequently, AXP brought a counterclaim for replevin against EchoMail and, on September 29, 2005, moved for summary judgment on its replevin claim.  Based on AXP's presentation of "persuasive evidence that it is entitled to possession of the server and confidential information," this Court granted AXP's motion for summary judgment on July 14, 2006.  *See EchoMail v. Am. Express Co.*, 445 F. Supp. 2d 87, 90-92 (D. Mass. 2006).  On December 20, 2006, approximately 5 months after the Court's ruling – and 19 months after the May 31, 2005 letter demanding the return of AXP's property – EchoMail made AXP's confidential information available for retrieval.  *See* December 4, 2006, letter from counsel for EchoMail to counsel for AXP, attached hereto as Exhibit A.

2

## ARGUMENT

**A.    The Court's Allowance of AXP's Motion for Summary Judgment on AXP's Replevin Claim Does Not Preclude AXP's Conversion Claim or the Introduction of Evidence in Support Thereof.**

In order to prove conversion, a plaintiff must show: (1) intentional and wrongful exercise of dominion and control over personal property; (2) the plaintiff's ownership or possessory interest in the property at the time of the alleged conversion; (3) damage; and (4) if the defendant legitimately acquired possession of the property under a good-faith claim of right, the plaintiff's demand for its return was refused.  *See Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95 (1st Cir. 1993).[1]  The Court's allowance of AXP's motion for summary judgment on its replevin claim *establishes* elements (1), (2), and (4) above of AXP's conversion claim.

In its July 14, 2006 opinion, the Court explained that EchoMail does not dispute that AXP "demanded return of the server and confidential information," that "items of that nature are subject to a replevin action," and that AXP "is the owner of the server and confidential information."  *See EchoMail*, 445 F. Supp. 2d at 91.  It further noted that the confidential information was "AmEx's data" and that the "[h]ardware such as the server was owned by AmEx."  *See id.* at 91.  In other words, aside from the damages AXP suffered in connection with the conversion, the Court has already passed judgment on all of the elements that AXP must establish on its conversion claim.  *See Wainwright Bank & Trust Co. v. Rawan*, 1998 WL

---

[1] In its October 18, 2007 Memorandum and Order (the "October 18, 2007 Order"), the Court held that the non-contract tort claims in this case are governed by the law of the state in which the tort occurred.  *See* October 18, 2007 Order at 7.  AXP's conversion claim concerns EchoMail's wrongful exercise of dominion and control over AXP's confidential information and computer hardware which was located at EchoMail's facility in Cambridge, Massachusetts.  AXP's principal place of business, however – and the situs of the harm suffered by AXP – is New York.  Under these circumstances, the law of Massachusetts or New York could arguably apply to the conversion claim.  As a practical matter, however, the elements of conversion are substantially similar under both states' laws. *See In re Computer Eng'g Assocs., Inc. v. State Bank of Long Island*, 278 B.R. 665, 681 (Bankr. D. Mass. 2002) (discussing similarity of elements of conversion under Massachusetts and New York law).

1270651, at *3 (Mass Super. June 2, 1998) (discussing elements of conversion under Massachusetts law); *Slue v. N.Y. Med. Ctr.*, 409 F. Supp. 2d 349, 364 (S.D.N.Y. 2006) (discussing elements of conversion under New York law).

Thus, this Court should instruct the jury that the Court has already determined that three of the required elements of conversion have been satisfied.  While AXP agrees with EchoMail that "[i]t would likely be confusing for the jury to hear evidence about a claim that has been decided," EchoMail's Motion at 2, the way to address that concern is for the Court to instruct the jury that the Court has determined that three elements of the claim have been satisfied and the jury must evaluate damages.  AXP thus should be permitted to present evidence regarding damages sustained from EchoMail's actions for consideration by the jury.  While the remedy for replevin is the return of specific assets, the remedy for conversion is the return of assets *as well as* compensatory damages for the defendant's wrongful exercise of dominion over those assets.  *See Wood v. Wood*, 312 F. Supp. 758, 762 (S.D.N.Y. 1969) ("to hold that replevin would lie when defendant had lost possession 'without fault on the defendant's part,' would be equivalent to holding that an action for replevin 'can be maintained under all circumstances to the same extent as an action for conversion.  Such a doctrine would substantially destroy the characteristics of an action of replevin which distinguish it as an action to recover possession of a specific property.'") (quoting *Sinnott v. Feick*, 165 N.Y. 444, 59 N.E. 265 (1901)).

Here, although AXP's replevin claim sought the return of the confidential information and computer hardware itself, AXP's conversion claim uniquely seeks compensatory damages for the injuries it suffered while EchoMail wrongfully retained AXP's property.  Thus, EchoMail's Motion in Limine should be denied.

4

**B.      A Claim for Conversion Lies Even When a Defendant Exercises Temporary or Partial Control Over a Plaintiff's Assets.**

In support of its Motion in Limine, EchoMail erroneously asserts that AXP cannot prove its conversion claim because EchoMail has already returned AXP's confidential information.  A plaintiff may prevail on a conversion claim when it establishes "*any* unauthorized exercise of dominion or control over property" which interferes with the plaintiff's possessory rights.  *See Slue*, 409 F. Supp. 2d at 364 (emphasis added).  Indeed, "[r]eturning property to the rightful owner . . . does not absolve defendants of all liability from the alleged conversion.  *A claim for conversion will exist even when the deprivation is partial or temporary*."  *Id.* (and cases cited therein) (emphasis added); 17A Mass. Practice Series § 31.4 (2007).  Particularly in light of the Court's ruling on summary judgment that EchoMail exercised dominion or control over AXP's property for purposes of AXP's replevin claim, *see EchoMail*, 445 F. Supp. 2d at 91-92, EchoMail's unfounded assertion should be disregarded and its Motion in Limine denied.

**C.      Evidence of AXP's Conversion Claim Supports Another Counterclaim.**

In addition to providing support for its conversion claim, evidence of EchoMail's wrongful retention of AXP's property after receipt of the May 31, 2005 letter supports AXP's unfair and deceptive trade practices claim.  Under Massachusetts law, a defendant's conversion of property may, in and of itself, constitute unfair a violation of Mass. Gen. Laws ch. 93A.  *See Wainwright*, 1998 WL 1270651, at *4 ("A claim of conversion, notwithstanding the [defendants'] other factual allegations, is a sufficient basis for a Chapter 93A claim."); *see also Minichillo v. Cook*, 1994 WL 878824, at *9 (Mass. Super. Dec. 23, 1994) ("[plaintiff's] conversion of bricks, albeit temporary, constituted an unfair and deceptive trade practice under § 11").  EchoMail's 19-month delay in making AXP's property available for retrieval buttresses AXP's claims that EchoMail's conduct was unfair and deceptive.  *See Wainwright*, 1998 WL

1270651, at *4 ("Liability for violation of Chapter 93A may exist if the defendant's conduct falls within the penumbra of some common-law, statutory, or other established concept of unfairness or is immoral, unethical, oppressive or unscrupulous . . . ."). Thus, evidence in support of AXP's conversion claim, "while not necessary for liability, may be sufficient" in establishing AXP's ch. 93A claim. *Id.* at *4.

## CONCLUSION

For the foregoing reasons, AXP respectfully requests that the Court deny EchoMail's Motion in Limine to Exclude Evidence of American Express Co.'s Counterclaim for Conversion and grant any further relief that the Court deems appropriate and just.

Respectfully submitted,

AMERICAN EXPRESS CO.
By its counsel,


/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO # 568194)
Zachary C. Kleinsasser (BBO # 664291)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000

-and-

Louis Smith
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 360-7900

Dated: December 7, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on December 7, 2007.

/s/ John F. Farraher, Jr.

EXHIBIT A

# Rose, Chinitz & Rose

### C O U N S E L L O R S   A T   L A W

29 COMMONWEALTH AVENUE
BOSTON • MASSACHUSETTS • 02116
www.rose-law.net

TEL: 617/536-0040
FAX: 617/536-4400

ALAN D. ROSE
MICHAEL L. CHINITZ
ALAN D. ROSE, JR.
RICHARD E. BOWMAN
MICHAEL J. MOTT
LISA A. TENEROWICZ
MEREDITH A. WILSON
WILLIAM J. BRENNAN

December 4, 2006

**BY FACSIMILE & U.S. MAIL**

Mr. Louis Smith, Esq.
Greenberg Traurig LLP
200 Campus Drive
P.O. Box 677
Florham Park, NJ 07932-0677

Re:  _EchoMail, Inc. v. American Express Co. and IBM Corp.,_
     Civil Action No. 05-11318-NMG

Dear Lou:

I am writing to notify you that EchoMail has nearly completed the process of restoring American Express's archived email data to the SUN E450 database server, extracting EchoMail's confidential and proprietary Data Schema from American Express's customer information, converting that information to flat file format, and reformatting the SUN E450 database server to remove the software owned or licensed by EchoMail. EchoMail expects the remaining data export and the reformatting of the database server to be completed by December 20, 2006. Although EchoMail originally estimated that this process would be completed by early December, the additional time is necessary to verify the integrity of the exported files.

American Express can make arrangements to pick up the tapes and the database server at any time after December 20, 2006.

Very truly yours,

Lisa A. Tenerowicz

LAT/pem

cc:  John F. Farraher, Jr., (by email)