UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ECHOMAIL, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 05-11318-NMG |
| AMERICAN EXPRESS CO. AND ) | |
| INTERNATIONAL BUSINESS ) | |
| MACHINES CORP., ) | |
| ) | |
| Defendants. ) | |

**AMERICAN EXPRESS COMPANY'S OPPOSITION TO ECHOMAIL, INC.'S
MOTION TO COMPEL PRODUCTION OF UNREDACTED DOCUMENTS**

Defendant American Express Company ("AXP") respectfully submits this Opposition to the Motion to Compel the Production of Unredacted Documents filed by Plaintiff EchoMail, Inc. ("EchoMail"). Despite the fact that they had been provided to EchoMail over a year ago, prior to the filing of its so-called *in limine* motion, EchoMail never requested unredacted versions of the documents at issue. Nevertheless, in response to EchoMail's recent request, AXP will produce unredacted versions of the e-mails and presentations comprising Deposition Exhibits 74, 75, 82, and 113 in the time frame requested by EchoMail. Deposition Exhibits 95 and 111, which consist principally of correspondence from EchoMail, were inadvertently stamped "redacted" when in fact no information was redacted. Thus, the only remaining document addressed by EchoMail's Motion is Deposition Exhibit 140, which AXP objects to producing in unredacted form.

**ARGUMENT**

**ECHOMAIL'S DISCOVERY MOTION IS NOT TIMELY AND LACKS MERIT.**

Fact discovery in this case was extended several times at the request of EchoMail. In its February 8, 2007 Order, the Court again extended fact discovery at EchoMail's request, but limited EchoMail to taking certain additional discovery set forth in its motion "but no more." Docket Entry 71. The Court further required that all fact discovery be completed by April 13, 2007. Prior to filing its current motion, EchoMail had never requested an unredacted version of Deposition Exhibit 140.

EchoMail's Motion cannot credibly be viewed as a motion *in limine*; it is, as the plain text of its Motion makes clear, simply a fact discovery motion. The deadline for addressing issues concerning fact discovery has long since past. The motion is not timely, and therefore should be denied.

In any event, the only remaining document at issue contains a chart which reflects how AXP evaluated the various RFI submissions concerning inbound e-mail processing services. The only information redacted is the name of the particular vendor (other than EchoMail) that received the scores reflected in the column below the vendor's name. Through discovery, EchoMail has already learned the identity of the vendors who participated in the RFI. *See, e.g.,* AXP 04671, listed on EchoMail's Exhibit List. These vendors are competitors of EchoMail. The additional information supplied by an unredacted document is not relevant to any issue in the case as EchoMail has no need to know how AXP evaluated particular aspects of the product offered by the various vendors. On the other hand, disclosure of such information by AXP raises concerns because the vendors that supplied information to AXP did so pursuant to non-disclosure

agreements and the chart reflects AXP's evaluation of that information.

## CONCLUSION

For reasons set forth herein, AXP respectfully requests that the Court deny EchoMail's Motion to Compel the Production of Unredacted Documents.

Respectfully submitted,

AMERICAN EXPRESS CO.
By its counsel


/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO# 568194)
Zachary C. Kleinsasser (BBO# 664291)
GREENBERG TRAURIG LLP
One International Place, 20th Floor
Boston, MA  02110
(617) 210-6000

-and-

Louis Smith
GREENBERG TRAURIG LLP
200 Park Avenue
Florham Park, NJ  07932
(973) 360-7900

DATED:    December 7, 2007

## **CERTIFICATE OF SERVICE**

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on December 7, 2007.

                /s/ John F. Farraher, Jr.