UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CO.<br>and IBM CORP.,<br><br>                Defendants. | Civil Action No. 05-11318-NMG |

**PLAINTIFF ECHOMAIL'S OPPOSITION TO AMERICAN EXPRESS
COMPANY'S MOTION IN LIMINE TO PRECLUDE (1) EVIDENCE OR
ARGUMENT BASED ON SPECULATION AND (2) OPINION TESTIMONY
WHICH DOES NOT SATISFY THE REQUIREMENTS OF FED. R. EVID. 701**

      American Express Company ("AmEx") seeks a pretrial order precluding what it refers to as the "speculative" testimony of EchoMail's Chief Executive Officer V.A. Shiva Ayyadurai and "other EchoMail witnesses" and an order precluding what AmEx describes as "opinion testimony" that does not satisfy the requirements of Fed. R. Evid. 701. The Court should deny AmEx's motion because (1) the Federal Rules of Evidence and the case law do not support the relief AmEx seeks, (2) AmEx seeks relief based on a single statement from one EchoMail witness, and (3) the relief AmEx seeks is premature.

**ARGUMENT**

**I.    Neither the Federal Rules of Evidence Nor the Caselaw Support the Relief AmEx Seeks.**

      In support of its motion, AmEx relies on Fed. R. Evid. 602 and Fed. R. Evid. 701. Rule 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Rule 701(a) provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Nothing in these Rules supports the relief AmEx seeks.

In addition, the cases cited by AmEx do not support the relief it seeks. In Interactive Intelligence, Inc. v. Keycorp, 2007 WL 3171438, at *3 n.1 (S.D. Ind. Oct. 26, 2007), prior to ruling on defendants' motion *in limine* to exclude the testimony of plaintiff's expert, the court first held a hearing and then granted the motion based on its determination that the expert did not have the qualifications necessary to opine about the matter at issue *and* because his testimony would be speculative. Similarly, in Reeves v. Fed. Reserve Bank of Chicago, 2004 WL 742248, *7 (N.D. Ill. Apr. 6, 2004), the court granted defendant's motion *in limine* to exclude plaintiff's testimony as speculative because it was "based on a gut instinct as opposed to any hard facts," but added that plaintiff would be permitted to testify as to the matter in question if his testimony was based on "concrete facts within his personal knowledge." Finally, in Pucci v. Litwin, 1993 WL 405448, *5 (N.D. Ill. Oct. 4, 2003), the court noted that it could not "analyze the motion witness-by-witness and conclude that plaintiffs will in no circumstances be able to lay proper foundation" for particular testimony, but granted the motion to recognize that Fed. R. Evid. 602 and 701 require that testimony be based on personal knowledge.

II.   **AmEx is Not Entitled to Pre-trial Relief Based on a Single Statement from One EchoMail Witness.**

In support of its argument that the Court should enter a pre-trial order precluding any evidence or argument based on speculation, AmEx points to prior instances of "unsupported speculation," including Mr. Shiva's pre-discovery June 20, 2005 Affidavit and *a single* reference

from his 277 page deposition transcript. Specifically, AmEx argues that Mr. Shiva's testimony that AmEx employee Reena Panikar had "a chip on her shoulder" was not based on his personal observations but instead was based on what other people told him. AmEx Mem. at 2. AmEx cites no other "speculative" references in Mr. Shiva's deposition testimony, nor does it identify any allegedly "speculative" testimony in the deposition transcripts of other EchoMail witnesses.

By selectively citing to a single statement from a single excerpt in his deposition transcript, AmEx has mischaracterized Mr. Shiva's deposition testimony. In fact, Mr. Shiva testified that he and other EchoMail personnel attended a meeting with Ms. Panikar in Florida in March 2005 at which "Reena came in very late," and he personally observed that she would "cut [EchoMail personnel] off in the meeting, didn't know anything about [EchoMail's] product, and kept promoting KANA in the meeting, which is a product that IBM partners with." Shiva Dep. Tr. at 95:1-6. This testimony comports with Fed. R. Evid. 602 and 701(a) and would be admissible at trial.

### III. The Relief AmEx Seeks Lacks Any Basis Whatsoever

AmEx assumes -- and asks the Court to assume -- that based on a single statement, EchoMail should be precluded from offering certain testimony on entirely undefined matters. Simply put, AmEx has failed to specifically define any particular testimony which should be precluded by Fed. R. Evid. 602 or 701(a). Hence, a pre-trial order precluding any testimony is unwarranted.

### CONCLUSION

For the foregoing reasons, the Court should deny AmEx's motion *in limine* to preclude evidence or argument based on speculation and opinion testimony that does not satisfy the requirements of Federal Rule of Evidence 701.

        Respectfully submitted,

        ECHOMAIL, INC.

        By its attorneys,

        /s/ Lisa A. Tenerowicz

        Alan D. Rose Jr. (BBO# 628871)
        Lisa A. Tenerowicz (BBO# 654188)
        ROSE, CHINITZ & ROSE
        29 Commonwealth Avenue
        Boston, MA 02116
        Tel: 617-536-0040
        Fax: 617-536-4400

Date: December 7, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 7, 2007.

        /s/ Lisa A. Tenerowicz

        Lisa A. Tenerowicz