UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS CO. <br> and IBM CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-11318-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ECHOMAIL'S OPPOSITION TO AMERICAN EXPRESS CO.'S MOTION IN LIMINE TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF ECHOMAIL'S EXPERT WITNESS DR. DANIEL N. JACKSON

For a period of seven months, American Express Company ("AmEx") had no intention whatsoever of deposing EchoMail, Inc.'s ("EchoMail") expert, Dr. Daniel N. Jackson. Then, two months prior to trial and more than four months after discovery closed, solely in an effort to create a basis for striking Dr. Jackson's report, AmEx raised the issue of deposition. AmEx seeks to strike the report and exclude Dr. Jackson's testimony on the grounds that EchoMail did not make Dr. Jackson available for deposition. In addition, AmEx seeks to strike Dr. Jackson's report on the grounds that it included three documents that had not been produced earlier in discovery, and because Dr. Jackson relied on two conversations with EchoMail's Chief Executive Officer V.A. Shiva Ayyadurai ("Shiva") in preparing his report.

The Court should deny AmEx's motion for three reasons. First, EchoMail was willing to make Dr. Jackson available and his deposition was scheduled. Second, AmEx waited until the eve of trial to raise these alleged issues and has not been prejudiced by its receipt of these documents after fact discovery ended. Finally, Dr. Jackson's export report and his opinions are reliable and relevant to the issue of trade secrets, and he should therefore be permitted to testify

at trial. Moreover, the appropriate relief in these circumstances would be for the Court to re-open discovery so that each side may take the deposition of the other's expert.

## ARGUMENT

I. **ECHOMAIL SHOULD BE PERMITTED TO OFFER DR. JACKSON'S REPORT AND DR. JACKSON SHOULD BE ALLOWED TO TESTIFY**

    A. **EchoMail Made Dr. Jackson Available for Deposition.**

EchoMail timely served the report of its expert, Dr. Daniel N. Jackson, on April 26, 2007. See Declaration of Lisa A. Tenerowicz ("Tenerowicz Decl.") ¶ 2. Pursuant to the Court's order, the deadline to complete expert depositions was June 8, 2007. Id. On May 30, 2007, more than one month after receiving EchoMail's expert report, IBM's attorney contacted EchoMail because IBM wanted to depose Dr. Jackson. Tenerowicz Decl. ¶ 3. On the same day, EchoMail's counsel spoke to AmEx's counsel who stated that AmEx *did not intend* to take Dr. Jackson's deposition, but planned to be present when IBM deposed Dr. Jackson and "would likely ask a few questions." Id. On June 1, 2007, EchoMail notified AmEx and IBM by email that Dr. Jackson was traveling in Finland from June 4 through June 8, but would be available after June 14. Tenerowicz Decl. ¶ 4. In the same email, EchoMail informed AmEx and IBM that EchoMail counsel were scheduled to begin a trial in Suffolk Superior Court on June 19, 2007, but were attempting to continue the trial. Id.

AmEx responded on June 5, 2007, and informed EchoMail that June 14 was acceptable for Dr. Jackson's deposition and that the AmEx expert, Kevin Jeffay, was available to be deposed on June 26, June 28, and June 29. Tenerowicz Decl. ¶ 5. As a result of these communications, the expert depositions were originally scheduled for June 14, June 26, and June 28. Id. Then, on June 8, 2007, EchoMail's counsel notified AmEx and IBM that they were unable to continue the trial in Suffolk Superior Court, that the trial was expected to last two

2

weeks, from June 19 until Friday, June 29, and that the depositions therefore would have to be rescheduled. Tenerowicz Decl. ¶ 6. EchoMail added that it would be available for expert depositions after the trial, beginning July 9, 2007, and agreed to work with AmEx and IBM to find mutually convenient dates for the depositions. Id. Neither AmEx nor IBM contacted EchoMail after June 8, 2007 to discuss rescheduling the expert depositions and EchoMail was prepared to forego deposing experts in the event that AmEx was prepared to do the same. Id. Thereafter, EchoMail assumed, based on the statements of AmEx's counsel and the fact that AmEx did not raise this issue again for more than four months, that AmEx did not intend to depose Dr. Jackson.

The next communication from AmEx concerning expert depositions was over four months later, on October 26, 2005 when AmEx counsel contacted EchoMail's counsel by telephone and stated that AmEx wanted to take Dr. Jackson's deposition. See Declaration of Alan D. Rose, Jr. ("Rose Decl.") ¶ 2. During that telephone call, counsel for AmEx stated that the parties never got back around to setting up dates for the expert depositions. Id. Counsel for EchoMail explained that EchoMail would only agree to produce Dr. Jackson for deposition if AmEx was willing to produce its expert. Id. Neither EchoMail's counsel nor AmEx's counsel were able to provide specific dates and they agreed to "get back to each other." Id. After this telephone call, AmEx never notified EchoMail that it would be willing to produce Mr. Jeffay for deposition nor did AmEx propose any dates for these depositions. Rose Decl. ¶ 3.

### B. AmEx Has Not Been Prejudiced by the Fact That it Received Three Documents With Dr. Jackson's Report.

With Dr. Jackson's Report, served on April 26, 2007, EchoMail included three documents that had recently been identified and not been produced during fact discovery. Now, more than seven months later, AmEx is objecting to the fact that the three documents attached to

3

Dr. Jackson's report had not been produced prior to the close of fact discovery on April 13, 2007. Because AmEx will have had these documents for more than eight months by the time the case goes to trial, and AmEx's expert had access to these documents when he prepared his report, AmEx was not prejudiced and the error is harmless under Fed. R. Civ. P. 37(c)(1). Furthermore, the facts present here are unlike the facts present in the cases AmEx cites to support its contention that Dr. Jackson's expert report should be excluded.[1] In Hipsaver Co., Inc. v. J.T. Posey Co., 497 F. Supp. 2d 96 (D. Mass. 2007) the court sanctioned the plaintiff for failure to produce "key documents and information" until one week before the start of trial. 497 F. Supp. at 103-104. The court specifically noted that defendant's expert did not have the documents and information at issue when preparing his report. Id. at 104. Here, EchoMail produced the documents nearly eight months before trial, and AmEx's expert, Mr. Jeffay, had access to all of the documents included with Dr. Jackson's report, *prior* to preparing his own report. Similarly, in Klonoski, M.D. v. Mahlab, M.D., 156 F.3d 255 (1st Cir. 1998), the First Circuit held that it was not harmless error for the district court to admit letters that the defendant did not disclose to plaintiff until the thirteenth day of trial, even though there was a specific court order in place that required disclosure of such documents. 156 F.3d at 257. In this case, unlike the plaintiff in Klonoski, AmEx can hardly claim that it has been surprised or prejudiced by the production of these three documents during expert discovery and eight months prior to the start of trial. Moreover, AmEx could have raised this issue seven months ago. The reason AmEx did not do so is because it had no intention of deposing Dr. Jackson and was not prejudiced by Dr. Jackson's use of these documents.

---

[1] To the contrary, the cases cited by AmEx support EchoMail's position that Dr. Jackson's report should not be stricken and he should be permitted to testify at trial.

4

Likewise, in Portland Natural Gas Transmission Sys. v. 4.83 Acres More or Less, 230 F.3d 1347, 2000 WL 1425761 (1st Cir. 2000)(Table), the court excluded defendant's exhibit which quantified certain damages, where prior to such disclosure, the defendant testified in his deposition that he would not be quantifying such damages at all. 2000 WL 1425761, * 3. The First Circuit explained that the failure to earlier produce the document was not harmless because it was in direct contradiction to the defendant's deposition testimony and the plaintiff therefore had not conducted any discovery aimed at assessing this calculation of damages. Id. In this case, the documents included with Dr. Jackson's report were diagrams that supported the position that EchoMail has taken since the inception of this litigation, namely that its inbound email system is entitled to trade secret protection.

Finally, the First Circuit has noted that, "in those cases in which testimony was held properly excluded, the courts have found some evasion or concealment . . . ." Johnson v. H.K. Webster, Inc., 775 F.2d 1, 8 (1st Cir. 1985). EchoMail has neither evaded its responsibilities under the Rules nor concealed any information from AmEx. Moreover, AmEx never sought a Court order allowing additional time to take depositions based on these three documents, but instead waited until the eve of trial to use EchoMail's production of these documents during expert discovery as a basis to exclude Dr. Jackson's *entire* report.

The Court should deny AmEx's motion to strike Dr. Jackson's report and permit him to testify at trial.

**C.    Dr. Jackson's Report is Reliable.**

Dr. Jackson did not "rely" on his interviews with Mr. Shiva as part of his ultimate method for determining whether or not EchoMail's information is a trade secret. Instead, he relied on his interviews with Mr. Shiva for the factual background concerning what information was provided

orally and on the white board (which was later erased) during the Architecture Review and to identify a way to describe the documents. This information, along with the documents disclosed in the expert report, assisted Dr. Jackson in making his technical determinations.

AmEx also argues that the interviews with Mr. Shiva are unverifiable. This argument is groundless. At his deposition, AmEx had every opportunity to question Mr. Shiva about the information that was presented orally and on the white board during the Architecture Review. In addition, Mr. Shiva has been identified as a witness in EchoMail's case-in-chief and will testify at trial. AmEx therefore will have the opportunity to ask Mr. Shiva additional questions about the information he provided to Dr. Jackson. Furthermore, AmEx is free to call its own witnesses to rebut Mr. Shiva's testimony as to what occurred at those meetings. The jury can determine what testimony is credible and based on that whether to consider Dr. Jackson's opinion.

In addition, the cases that AmEx cites to support its argument that the interviews with Shiva are improper for an expert to rely on are distinguishable from the facts present here. In <u>Univ. of Rhode Island v. A.W. Chesterton Co.</u>, 2 F.3d 1200 (1st Cir. 1993), the court excluded the University's expert's testimony in part because the expert did not come to trial with any supporting documentation and his "unpreparedness and recalcitrance" played a role in excluding his testimony. <u>Id.</u> at 1218. In addition, the University's expert did not disclose the identity of the employees that he interviewed and refused to provide an explanation to the court for the assumptions underlying his report and his testimony. <u>Id.</u> Here, Dr. Jackson disclosed to AmEx in his expert report that he had met with Mr. Shiva and also provided documentation of the other information upon which he relied in forming his opinion.

Likewise, in <u>United States v. Sebaggala</u>, 256 F.3d 59 (1st Cir. 2001), the court determined that not only was the expert's testimony "grounded primarily in 'anecdotal

6

experiences' and . . . 'speculative at best,'" but that the testimony was irrelevant and that the jury did not need the aid of an expert on the particular issue. Id. at 66. Here, Dr. Jackson's expert testimony is necessary and highly relevant to the determination of whether EchoMail's information is a trade secret.

Finally, AmEx cites to Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de P.R., 248 F.3d 29 (1st Cir. 2001), to support its argument that Dr. Jackson should not be permitted to testify as an expert. However, in Ortiz-Lopez the court found that the plaintiffs had acted in bad faith in withholding information and that they had also failed to properly answer interrogatories for three years. Those facts are not present here and, therefore, AmEx's motion should be denied.

## CONCLUSION

For the reasons set forth above, EchoMail respectfully requests that the Court deny AmEx's motion *in limine* and allow EchoMail to offer Dr. Jackson's expert report and elicit his expert testimony.

        Respectfully submitted,

        ECHOMAIL, INC.

        By its attorneys,

        _____
        Alan D. Rose Jr. (BBO# 628871)
        Lisa A. Tenerowicz (BBO# 654188)
        ROSE, CHINITZ & ROSE
        29 Commonwealth Avenue
        Boston, MA  02116
        Tel: 617-536-0040
        Fax: 617-536-4400

Date: December 7, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 7, 2007.

                              /s/ Lisa A. Tenerowicz

                              Lisa A. Tenerowicz

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS CO. )<br>and IBM CORP., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-11318-NMG |

**DECLARATION OF ALAN D. ROSE, JR. IN SUPPORT OF ECHOMAIL'S
OPPOSITION TO AMERICAN EXPRESS CO.'S MOTION IN LIMINE TO STRIKE
THE REPORT AND EXCLUDE THE TESTIMONY OF ECHOMAIL'S
EXPERT WITNESS DANIEL N. JACKSON**

I, Alan D. Rose, Jr., declare and state:

1. I am an attorney with the law firm of Rose, Chinitz & Rose, counsel for Plaintiff, EchoMail, Inc. (EchoMail) in this action. I submit this declaration in support of EchoMail's Opposition to American Express Company's ("AmEx") Motion *in limine* to Strike the Report and Exclude the Testimony of EchoMail's Expert Witness Daniel N. Jackson.

2. On October 26, 2007, I received a telephone call from counsel for AmEx, who informed me that AmEx wanted to depose EchoMail's expert, Dr. Daniel Jackson. During that call, counsel for AmEx stated that the parties never got back around to setting up dates for the expert depositions. Counsel for EchoMail explained that EchoMail would only agree to produce Dr. Jackson for deposition if AmEx was willing to produce its expert. Neither EchoMail nor AmEx agreed to provide specific dates; rather we agreed to "get back to each other."

3. After this telephone call, AmEx never notified EchoMail that it would be willing to produce Mr. Jeffay for deposition nor did AmEx propose any dates for these depositions.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on December 7, 2007.

_____
Alan D. Rose, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS CO. )<br>and IBM CORP., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-11318-NMG |

**DECLARATION OF LISA A. TENEROWICZ IN SUPPORT OF ECHOMAIL'S
OPPOSITION TO AMERICAN EXPRESS CO.'S MOTION IN LIMINE TO STRIKE
THE REPORT AND EXCLUDE THE TESTIMONY OF ECHOMAIL'S
EXPERT WITNESS DANIEL N. JACKSON**

I, LISA A. TENEROWICZ, declare and state:

1. I am an attorney with the law firm of Rose, Chinitz & Rose, counsel for Plaintiff, EchoMail, Inc. (EchoMail) in this action. I submit this declaration in support of EchoMail's opposition to American Express Company's ("AmEx") Motion *in limine* to Strike the Report and Exclude the Testimony of EchoMail's Expert Witness Daniel N. Jackson.

2. EchoMail timely served its expert report of Dr. Daniel N. Jackson on April 26, 2007. Pursuant to the Court's order, the deadline to complete expert depositions in this matter was June 8, 2007. See Docket # 71.

3. On May 30, 2007, more than one month after receiving EchoMail's expert report, IBM's attorney contacted EchoMail because IBM wanted to schedule Dr. Jackson's deposition. On the same day, EchoMail's counsel spoke to AmEx's lawyer who stated that AmEx did not intend to take Dr. Jackson's deposition, but planned to be present when IBM deposed Dr. Jackson and "would likely ask a few questions."

4. On June 1, 2007, EchoMail notified AmEx and IBM by email that Dr. Jackson was traveling in Finland from June 4 through June 8, but would be available after June 14. A true and accurate copy of the June 1, 2007 email from EchoMail to AmEx and IBM is attached hereto as Exhibit A. In the same email, EchoMail informed AmEx and IBM that EchoMail counsel were scheduled to begin a trial in Suffolk Superior Court on June 19, 2007, but were attempting to continue that trial.

5. AmEx responded on June 5, 2007, and informed EchoMail that June 14 was acceptable for Dr. Jackson's deposition and that the AmEx expert, Kevin Jeffay, was available to be deposed on June 26, June 28, and June 29. A true and accurate copy of the June 5, 2007 email from Louis Smith is attached hereto as Exhibit B. As a result of these communications, the expert depositions were originally scheduled for June 14, June 26, and June 28.

6. Then, on June 8, 2007, EchoMail notified AmEx and IBM that counsel was unable to continue the trial in Suffolk Superior Court, that the trial was expected to last two weeks, from June 19 until Friday, June 29, and that the depositions would therefore have to be rescheduled. A true and accurate copy of the June 8, 2007 email from Lisa A. Tenerowicz is attached hereto as Exhibit C. EchoMail added that it would be available for expert depositions beginning July 9, 2007 and agreed to work with AmEx and IBM to find mutually convenient dates for the depositions. Neither AmEx nor IBM contacted EchoMail after June 8 to discuss rescheduling the expert depositions and EchoMail was prepared to forego deposing experts in the event that AmEx was prepared to do the same.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on December 7, 2007.

_____
Lisa A. Tenerowicz

# EXHIBIT A

**Lisa Tenerowicz**

| | |
|---|---|
| **From:** | Lisa Tenerowicz [lat@rose-law.net] |
| **Sent:** | Friday, June 01, 2007 2:39 PM |
| **To:** | 'Poss, Stephen D'; 'RussellC@gtlaw.com' |
| **Cc:** | 'Alan Rose Jr' |
| **Subject:** | Expert Depositions |

Steve and Clark,

We have conferred with Mr. Jackson. As you know, he will be traveling in Finland from June 4 through June 8. After his return from Finland, he is available on June 14 for a deposition to be held in Boston.

Also, we would like to depose Mr. Case and Mr. Jeffay in Boston. Please let me know when they are available during the week of June 18 and we will try to work out a mutually convenient time to take their depositions. Although Alan and I have a trial that is scheduled to begin on Tuesday June 19 in Suffolk Superior Court (June 18 is Bunker Hill day – a holiday in Suffolk County), we are working with opposing counsel to continue that trial until later in the summer and expect to file a motion to continue either later today or on Monday.

In the event that the Court does not continue the trial date, we will have to reschedule the expert depositions. Our expectation, however, is that the trial will be continued.

-Lisa


Lisa A. Tenerowicz
Rose, Chinitz & Rose
29 Commonwealth Avenue
Boston, MA 02116
Tel: 617-536-0040
Fax: 617-536-4400

*********************************************************************
This email message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately by telephone or email and destroy the original message without making a copy. Thank you.

Rose, Chinitz & Rose
tel: 617-536-0040
*********************************************************************

# EXHIBIT B

## Lisa Tenerowicz

| | |
|---|---|
| **From:** | SmithLo@gtlaw.com |
| **Sent:** | Tuesday, June 05, 2007 1:23 PM |
| **To:** | lat@rose-law.net |
| **Cc:** | adrjr@rose-law.net; trafferty@cravath.com; SPoss@goodwinprocter.com; RussellC@gtlaw.com |
| **Subject:** | RE: Expert Depositions |

Lisa,

We are fine with June 14 for EchoMail's expert.

Mr. Jeffay is not available the week of June 18, but is available the following week on June 26, 28, or 29. Please advise as soon as possible if one of those dates works for you. Thank you.

Lou


Louis Smith
GREENBERG TRAURIG LLP
200 Park Avenue
Florham Park, NJ 07932
(p) (973) 360-7915
(f) (973) 301-8410
smithlo@gtlaw.com

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Poss, Stephen D [mailto:SPoss@goodwinprocter.com]
**Sent:** Tuesday, June 05, 2007 12:49 PM
**To:** Lisa Tenerowicz; Russell, Clark (Assoc-NJ-LT)
**Cc:** Alan Rose Jr; Smith, Louis (Shld-NJ-LT); trafferty@cravath.com
**Subject:** RE: Expert Depositions

Lisa--

June 14 is OK for us for the deposition of EchoMail's expert.

IBM's expert, Mr. Case, is available on June 18. Please confirm.

Thanks.

regards,

--Steve Poss


Stephen D. Poss
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
phone: 617.570.1886
fax:     617.523.1231
sposs@goodwinprocter.com
www.goodwinprocter.com


-----Original Message-----
**From:** Lisa Tenerowicz [mailto:lat@rose-law.net]
**Sent:** Friday, June 01, 2007 2:39 PM
**To:** Poss, Stephen D; RussellC@gtlaw.com
**Cc:** 'Alan Rose Jr'
**Subject:** Expert Depositions

Steve and Clark,

We have conferred with Mr. Jackson. As you know, he will be traveling in Finland from June 4 through June 8. After his return from Finland, he is available on June 14 for a deposition to be held in Boston.

Also, we would like to depose Mr. Case and Mr. Jeffay in Boston. Please let me know when they are available during the week of June 18 and we will try to work out a mutually convenient time to take their depositions. Although Alan and I have a trial that is scheduled to begin on Tuesday June 19 in Suffolk Superior Court (June 18 is Bunker Hill day – a holiday in Suffolk County), we are working with opposing counsel to continue that trial until later in the summer and expect to file a motion to continue either later today or on Monday.

In the event that the Court does not continue the trial date, we will have to reschedule the expert depositions. Our expectation, however, is that the trial will be continued.

-Lisa


Lisa A. Tenerowicz
Rose, Chinitz & Rose
29 Commonwealth Avenue
Boston, MA 02116
Tel: 617-536-0040
Fax: 617-536-4400


12/6/2007

# EXHIBIT C

## Lisa Tenerowicz

**From:** Lisa Tenerowicz [lat@rose-law.net]
**Sent:** Friday, June 08, 2007 3:41 PM
**To:** 'Poss, Stephen D'; 'SmithLo@gtlaw.com'; 'RussellC@gtlaw.com'; 'trafferty@cravath.com'
**Cc:** 'Alan Rose Jr'
**Subject:** Expert Depositions

Gentlemen,

Alan and I were not able to continue our trial and, as a result, we will need to reschedule the expert depositions that were on the calendar for June 14, 18, and 26.

We expect the trial to last for approximately 10 days – concluding on June 29. The following week is the week of July 4th. Accordingly, we will be available for expert depositions starting July 9. We will work with all of you to find a new set of mutually convenient dates for these depositions.

Best,
-Lisa

Lisa A. Tenerowicz
Rose, Chinitz & Rose
29 Commonwealth Avenue
Boston, MA 02116
Tel: 617-536-0040
Fax: 617-536-4400

*********************************************************************
This email message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately by telephone or email and destroy the original message without making a copy. Thank you.

Rose, Chinitz & Rose
tel: 617-536-0040
*********************************************************************

12/6/2007