UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECHOMAIL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS CO. and )<br>IBM CORPORATION, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 05-11318-NMG |

**ECHOMAIL'S RESPONSE TO AMERICAN EXPRESS
COMPANY'S OBJECTIONS TO ECHOMAIL'S WITNESS LIST**

On December 7, 2007, Defendant American Express Company ("AmEx") filed its objections to Plaintiff EchoMail, Inc.'s ("EchoMail") witness list ("Objections") (docket entry 120). In its Objections, AmEx asserts that EchoMail should be precluded from calling certain witnesses identified in EchoMail's Witness List, filed on November 29, 2007 (docket entry 104). If AmEx refuses to make these witnesses available to EchoMail, the Court should overrule AmEx's Objections and allow EchoMail to call these witnesses at trial by using portions of their deposition testimony.[1]

**ARGUMENT**

I.   **EchoMail Should Be Allowed to Offer the Testimony of AmEx Employees Who Are "Unavailable" by Reading Excerpts of Their Deposition Transcripts.**

In subsection "B" of its Objections, AmEx asserts that EchoMail should not be permitted to compel current AmEx employees Angela Ramsammy, Greg Daniel, Colleen Dechon, Reena Panikar, and Benjamin Hung to testify at trial. As grounds for this position, AmEx notes that these employees, each of whom was listed as a witness on EchoMail's

---

[1] As EchoMail stated in its Witness List, filed on November 29, 2007, EchoMail reserves the right to call any witnesses identified on AmEx's witness list.

Witness List, are beyond the 100-mile reach of a subpoena under Fed. R. Civ. P. 45 and that none of these employees are "officers" for purposes of Rule 45. In effect, AmEx has stated that these witnesses will be made available to AmEx, but will not be made available to EchoMail. Accordingly, EchoMail must take the position that these witnesses are "unavailable" to testify in person and EchoMail therefore should be allowed to read excerpts of their deposition testimony at trial pursuant to Fed. R. Civ. P. 32(a)(3).[2]

II. **EchoMail Should Be Allowed to Offer the Testimony of a Former AmEx Employee Who is Now "Unavailable" by Reading Excerpts of His Deposition Transcript.**

In subsection "D" of its Objections, AmEx states for the first time that Miguel Rodriguez is no longer employed by AmEx and therefore will not be produced to testify at trial. EchoMail did not receive notice that Mr. Rodriguez is no longer an AmEx employee until AmEx filed its Objections on December 7, 2007. In fact, AmEx's filing on December 7, 2007 was the first notice to EchoMail either that Mr. Rodriguez was no longer an AmEx employee or that he would not be produced at trial. Mr. Rodriguez, who on information and belief resides in Florida, is therefore "unavailable" pursuant to Fed. R. Civ. P. 32(a)(3). Based on his unavailability, EchoMail should be allowed to call Mr. Rodriguez as a witness by reading in excerpts of his deposition transcript, taken on October 25, 2006.

III. **EchoMail Should Be Allowed to Offer the Testimony of IBM Employees by Reading Excerpts of Their Deposition Transcripts.**

Finally, in subsection "E" of its Objections, AmEx asserts that EchoMail should be foreclosed from introducing the deposition testimony of IBM witnesses Angela Poletis, Stephen Gibbons, and Todd Seager, who were deposed on October 4, October 5, and October

---

[2] Angela Ramsammy was deposed on October 18, 2006, Benjamin Hung was deposed on October 19, 2006, Greg Daniel was deposed on October 20, 2006, Reena Panikar was deposed on October 27, 2006, and Colleen Dechon was deposed on November 3, 2006.

6, 2006, respectively. The sole basis for AmEx's objection is that EchoMail "failed to timely designate the specific testimony" that it plans to offer, and that "the deadline has passed for such designations." To bolster its argument, AmEx has created an artificial deadline -- not set by the Court -- for the purpose of blocking EchoMail from offering the testimony of these witnesses by way of deposition. The only support AmEx can offer for this artificial deadline is an October 30, 2007 email that AmEx claims established an agreement to designate specific testimony. In fact, the Court's own orders and a November 1, 2007 email communication from the Court make it clear that EchoMail was under no obligation to designate specific deposition testimony. In the November 1, 2007 email, the Court states, "[t]he Court only requires the listed filings on the docket." A true and accurate copy of the November 1, 2007 email from the Court is attached hereto as Exhibit A.[3] There is no mention in any order from the Court of a date on which the parties were required to designate specific testimony.[4] Like the other witnesses to which AmEx objects, each of the IBM witnesses was identified on EchoMail's November 29, 2007 witness list, and EchoMail therefore should be allowed to offer the deposition testimony of these witnesses by reading excerpts of their deposition transcripts at trial.

IV. **Allowing EchoMail to Offer Testimony By Way of Deposition Will Not Prejudice AmEx.**

To the extent that AmEx claims that it will be prejudiced if EchoMail is allowed to designate deposition testimony, *see* footnote 2 to AmEx's Objections, this claim is unfounded. AmEx will not be prejudiced if EchoMail offers testimony by way of deposition because

---

[3] The Court's September 18, 2007 order specifically states, "[c]ounsel shall file any motions in limine, proposed voir dire and exhibit/witness lists 2 weeks before the pretrial conference." Likewise, the Court's October 30, 2007 order states, "[o]ppositions, exhibit and witness lists, proposed voir dire by 12/21/07." Both orders are silent on the designation of deposition testimony.

[4] For that reason, AmEx's reliance on Wyckoff v. Metro Life Ins. Co., 2006 WL 3302666, at *1 (W.D. Pa. Nov. 13, 2006) is misplaced. In Wyckoff, the Court had established a specific deadline for designating deposition transcript testimony to be read at trial and the plaintiff failed to adhere to that deadline.

AmEx has known the content of these deposition transcripts since the depositions were taken in October and early November of 2006, nearly 14 months ago. Indeed, AmEx was present at each deposition and afforded the opportunity to question each witness. Moreover, the Court has not issued an order setting a deadline for designating deposition testimony, either line-by-line or otherwise.

## CONCLUSION

For the reasons set forth above, the Court should overrule AmEx's Objections to EchoMail's Witness List and allow EchoMail to offer, by way of deposition, the testimony of current AmEx employees Angela Ramsammy, Greg Daniel, Colleen Dechon, Reena Panikar, and Benjamin Hung, former AmEx employee Miguel Rodriguez, and IBM employees Angela Poletis, Stephen Gibbons, and Todd Seager.

- 5 -

                                      Respectfully submitted,

                                      ECHOMAIL, INC.

                                      By its attorneys,

                                      /s/ Lisa A. Tenerowicz

                                      _____
                                      Alan D. Rose, Jr. (BBO#628871)
                                      Lisa A. Tenerowicz (BBO# 654188)
                                      ROSE, CHINITZ & ROSE
                                      29 Commonwealth Avenue
                                      Boston, MA 02116
                                      TEL: 617-536-0040
Date:   December 18, 2007             FAX: 617-536-4400

### Certificate of Service

    I hereby certify that this document filed through the ECF system on this 18th day of December, 2007, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 18, 2007.

                                        /s/ Lisa A. Tenerowicz
                                        _____
                                        Lisa A. Tenerowicz

# EXHIBIT A

**Lisa Tenerowicz**
___

From:     Craig_Nicewicz@mad.uscourts.gov
Sent:     Thursday, November 01, 2007 12:06 PM
To:       FARRAHERJ@GTLAW.com
Cc:       lat@rose-law.net; SmithLo@gtlaw.com
Subject:  RE: Echomail v. American Express


We do not need a Pretrial Memorandum.  The Court only requires the listed filings on the docke. If counsel wish to file a Pretrial Memo they may do so, but, this session doesn't require them.  I believe we should use the dates set forth on 9/18.



```
        <FARRAHERJ@GTLAW.
        com>
                                        To
        11/01/2007 12:03        <Craig_Nicewicz@mad.uscourts.gov>
        PM                                      cc
                        <lat@rose-law.net>,
                        <SmithLo@gtlaw.com>
                                        Subject
                        RE: Echomail v. American Express
```


I apologize if my earlier e-mail caused any confusion.  In light of the
9/18 order (which established may on the same deadlines set forth in LR
16.5) and given the recent briefing on summary judgment, what the parties wanted to know was whether the Court would require a formal pre-trial memorandum providing all of the information required under Rule 16.5 (e.g. statement of agreed upon facts, statement of legal issues in dispute, etc.).  My understanding from your e-mail and subsequent docket entry was that no such memo would be required.  I assume, based upon your below e-mail, that we should adhere to the deadlines set forth in the 9/18 order?

-----Original Message-----
From: Craig_Nicewicz@mad.uscourts.gov
[mailto:Craig_Nicewicz@mad.uscourts.gov]
Sent: Thursday, November 01, 2007 9:52 AM
To: Farraher, John F. (Shld-Bos-LT)
Cc: lat@rose-law.net; Smith, Louis (Shld-NJ-LT)
Subject: Re: Echomail v. American Express

I had not gone back and looked at the docket and assumed we never set dates upon counsels request for them. Why were counsel concerned with dates then if we had already set them? It does make since to use the prior

1

schedule because when we set we did so knowing the Judge would be in D.C., hence pretrial submissions being filed earlier than usual.

|  | <FARRAHERJ@GTLAW.com> |  |
|---|---|---|
| To | 11/01/2007 09:23 AM | <Craig_Nicewicz@mad.uscourts.gov> |
| cc |  | <lat@rose-law.net>,<br><SmithLo@gtlaw.com> |
| Subject |  | Echomail v. American Express |

Good morning Craig:

    I am writing to seek clarification of the Court's Electronic Notice dated October 30, 2007 with respect to certain pre-trial obligations.

    As you know, our case is scheduled for trial on 1/7/08 and a final pre-trial conference is scheduled for 12/13/07. In accordance with the Judge's order entered on the docket on 9/18/07, the parties were to make certain pre-trial disclosures, submit proposed voir dire, and file any motions in limine prior to the pre-trial conference. I assume these deadlines were purposefully established by the Court so that the Court would have an opportunity to address any issues raised by these pre-trial submissions at the 12/13/07 conference. The 9/18/07 order is as follows:

2

| | | |
|---|---|---|
| 09/18/2007 | | ELECTRONIC NOTICE of Hearing :Jury Trial set for 1/7/2008 09:00 AM in Courtroom 4 before Judge Nathaniel M. Gorton.,Pretrial Conference set for 12/13/2007 03:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. Counsel shall file any motions in limine, proposed voir dire and exhibit/witness lists 2 weeks before the pretrial conference. Any oppositions to motions in limine, and any objections to exhibit/witness lists 1 week before the pretrial conference. (Nicewicz, Craig) (Entered: 09/18/2007) |

       The Electronic Notice that was entered on 10/30/07 (in response to the parties' joint inquiry as to whether a Rule 16.5 pre-trial brief would be required) establishes new dates for pre-trial submissions which are in conflict with the pre-trial deadlines established by Judge Gorton in the 9/18/07 order. Of concern to our client, Defendant American Express Company (AmEx), is that the deadlines for filing motions in limine, disclosing witness lists and exhibits and submitting proposed voir dire are now after the final pre-trial conference as follows:

| | | |
|---|---|---|
| 10/30/2007 | | ELECTRONIC NOTICE. This matter is set to go to trial on 1/7/08. Motions in limine due 12/17/07. Oppositions, exhibit and witness lists, proposed voir dire by 12/21/07. Any objections thereto and proposed jury instructions and verdict form by 12/28/07. A |

3

```
|
|         |  | trial brief is not required by the parties.
(Nicewicz, |
|         |  | Craig) (Entered: 10/30/2007)
|
|         |  |
|
|----------+---+------------------------------------------------
--|
```

     AmEx believes that the deadlines established in the 9/18/07 order should be the operative dates controlling pre-trial disclosures (witnesses and exhibits), voir dire, and the submission of motions in limine. Requiring the parties to disclose their witnesses, trial exhibits and to file any motions in limine before the final pre-trial conference will assist the court and the parties (at the final pre-trial conference) to develop a trial schedule and give the parties a better sense as to what evidentiary limitations the court may impose, if any.

     I have conferred with plaintiffs' counsel, who believe that the dates established in the 10/30 entry are operative and would prefer that the court adhere to those dates in order to provide the parties with additional time to prepare for trial.

     Could you please clarify whether the parties should be following the deadlines set forth in the 9/18 or 10/30 docket entries. Many thanks
--

    Jay

John F. Farraher, Jr.
Greenberg Traurig, LLP
One International Place
20 th Floor
Boston, MA  02110
(Direct Dial:  617.310.6029
)Mobile:  617.549.3903
4Direct Fax:  617.279.8429
+E-mail: farraherj@gtlaw.com

Albany | Amsterdam | Atlanta | Boca Raton | Boston | Brussels* | Chicago
| Dallas | Denver | Fort Lauderdale | Houston | Las Vegas | London* |
Los Angeles | Miami | Milan* | New Jersey | New York | Orange County | Orlando
| Philadelphia | Phoenix | Rome* | Silicon Valley | Tallahassee | Tokyo
| |
Tysons Corner | Washington D.C. | West Palm Beach | Wilmington | Zurich

*Strategic Alliances: Olswang in Brussels and London; Studio Santa Maria in Milan and Rome

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the
person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.