UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ECHOMAIL, INC.,                     )
                                    )   Civil Action No. 05-11318 (NMG)
            Plaintiff,              )
                                    )
v.                                  )
                                    )
AMERICAN EXPRESS CO. and            )
IBM CORP.,                          )
                                    )
            Defendants.             )
_____)

### DEFENDANT AMERICAN EXPRESS CO.'S
### MEMORANDUM REQUESTING A LIMITED DEPOSITION
### OF V.A. SHIVA AYYADURAI ON AN EXPEDITED BASIS

Defendant American Express Co. ("AXP") respectfully requests that it be permitted to take a two-hour deposition of Plaintiff EchoMail, Inc.'s ("EchoMail") CEO, V.A. Shiva Ayyadurai ("Mr. Shiva"), in connection with three documents that EchoMail produced after the close of fact discovery and on which EchoMail's expert witness, Dr. Daniel N. Jackson ("Dr. Jackson"), heavily relies in forming his opinions. AXP anticipates that a two-hour deposition of Mr. Shiva, limited to questions about the three documents produced after the close of discovery, will mitigate the prejudice suffered by AXP as a result of EchoMail's dilatory production of documents. The relief requested herein is sought on an expedited basis on account of the fact that trial is scheduled to commence on January 7, 2008.

At the December 18, 2007 Pretrial Conference in this matter, the Court denied AXP's motion in limine to strike the report and exclude the testimony of Dr. Jackson. AXP argued in its motion that Dr. Jackson's report and testimony should be excluded at trial because, among other reasons, Dr. Jackson relied on three documents related to EchoMail's misappropriation claim

that EchoMail failed to produce during fact discovery but attached to Dr. Jackson's expert report. Despite denying AXP's motion, the Court offered AXP the opportunity to submit a memorandum (1) describing how it has been prejudiced by EchoMail's failure to produce the three documents prior to the close of discovery and (2) providing the names of fact witnesses that AXP would seek to depose in order to attempt to ameliorate such prejudice.

## ARGUMENT

I. **AXP HAS BEEN PREJUDICED BY ECHOMAIL'S FAILURE TO PRODUCE DOCUMENTS RELIED ON BY DR. JACKSON DURING FACT DISCOVERY AND IS ENTITLED TO A TWO-HOUR DEPOSITION OF MR. SHIVA.**

After repeated extension motions filed by EchoMail, on April 13, 2007 fact discovery closed. Two weeks later, EchoMail served Dr. Jackson's report dated April 26, 2007. Dr. Jackson attached several documents to his report that he relied upon in forming his opinion that the information presented by EchoMail at the May 4 and 5, 2005 Technical Due Care or Architectural Review (the "Review") was proprietary and constituted a trade secret, including three documents described as "EchoMail's Architecture Evolution (ECO 21690-21705")" (item 10), "EchoMail PowerPoint Slides (ECO 21707-21715" (item 14) and "EchoMail Production Infrastructure (ECO 21706)" (item 15). EchoMail did not produce items 10, 14 and 15 during fact discovery. In opposing AXP's Motion to Strike, EchoMail conceded this when it stated "[w]ith Dr. Jackson's Report, served on April 26, 2007, EchoMail included three documents **that had recently been identified and not been produced during fact discovery**." EchoMail's Opp. Memo at 3 (emphasis added). Consequently, AXP had no opportunity to question EchoMail witnesses about the documents or develop an evidentiary record in response to these documents.

EchoMail's failure to produce item 14 – PowerPoint slides allegedly shown during the Review – is particularly prejudicial, as EchoMail's misappropriation claim is *based entirely* on the allegation that EchoMail disclosed confidential information during the Review.[1] Throughout his report, Dr. Jackson refers to specific PowerPoint slides. Based on his undocumented "interviews" with Mr. Shiva,[2] Dr. Jackson explains that these slides provided "context" for the disclosure of proprietary information. *See, e.g.*, Jackson Report at 11 ("Sweepback" discussed "in the context of the slide entitled 'Process Flow – E-Mail Response'"); 12 (customer service review discussed "when the slide entitled 'Process Flow – Inbound E-Mail' was shown"); 13 (receipt of e-mail discussed "when the slide entitled 'Process Flow – Inbound E-Mail' was shown"); 16 ("distinct ontologies" discussed "in reference to the box labeled 'EchoMail BI' on the slide entitled 'Logical/Server Architecture.'"). According to Dr. Jackson's report, Mr. Shiva is apparently knowledgeable about these PowerPoint slides, as well as items 10 and 15, containing charts and other information on which Dr. Jackson also relies. AXP is entitled to the same opportunity that Dr. Jackson evidently had to discuss these slides with Mr. Shiva. AXP believes that a two-hour deposition of Mr. Shiva, limited to questions about the three documents produced after the close of discovery, would most effectively mitigate the prejudice suffered by AXP as a result of EchoMail's post-discovery production.

AXP also notes, however, that EchoMail did not list the three documents at issue on its Exhibit List, but instead listed Dr. Jackson's Report and the attached exhibits. The Court made

---

[1] This document was indisputably covered by AXP's document request. *See* Defendant American Express Company's First Request for the Production of Documents, Request 5 ("All documents relating to the Architectural Review . . . ."). Indeed, in its written submission, EchoMail states that the documents were not produced in fact discovery because they had "recently been identified," not because they were not covered by AXP's document request.

[2] Dr. Jackson's report is largely based on two undocumented "interviews" with Mr. Shiva, on which Mr. Jackson relied for "the topics and issues discussed during the [Review]" and "in order to determine what information was provided orally by EchoMail to Amex and IBM in explanation of the documents provided." *See* Dr. Jackson's Report at ¶¶ 7, 9.

3

clear at the recent conference that the Report will not be admitted into evidence. Should EchoMail agree not to seek to introduce the three documents at issue into evidence at trial, then AXP believes that Mr. Shiva's deposition will not be necessary. The impact of the documents in those circumstances can be addressed through Dr. Jackson's deposition. However, if EchoMail seeks to admit the three documents into evidence, then AXP requests the deposition of Mr. Shiva.

## **CONCLUSION**

For the foregoing reasons, AXP respectfully requests that the Court grant its request to depose Mr. Shiva for two hours in connection with the three documents that EchoMail produced after the close of discovery on a date mutually agreeable the parties but, in any event, no later than January 4, 2007.

Respectfully submitted,

AMERICAN EXPRESS CO.
By its counsel,


/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO # 568194)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000

    -and-

Louis Smith
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 360-7900

Dated: December 20, 2007

## CERTIFICATE OF SERVICE

      I certify that on the 20th day of December, 2007, I caused to be electronically served a copy of the preceding document upon the following counsel of record:

| | |
|---|---|
| Alan D. Rose, Esq.<br>Alan D. Rose, Jr., Esq.<br>Rose, Chinitz & Rose<br>29 Commonwealth Avenue<br>Boston, MA 02116 | Stephen D. Poss, P.C.<br>Goodwin Proctor LLP<br>Exchange Place<br>Boston, MA 02109 |

      /s/ John F. Farraher, Jr.